District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 1/20)

FILED 24 MAY '23 10:16 USDC-ORP

Page 2 of 10

# UNITED STATES DISTRICT COURT
## District of Oregon

_David Roble_

Petitioner

v.

Case No. ___6:23-cv-00762-MC___
(to be assigned by the Clerk of Court)

_Oregon State Hospital_

Respondent

(name of warden or authorized person having custody of petitioner)

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

#### Personal Information

1.  (a) Your full name: _David Robles_
    (b) Other names you have used: _David Martinez Robles_
2.  Place of confinement:
    (a) Name of institution: _USH Junction City_
    (b) Address: _29398 Recovery Way
    Junction City OR 97448_
    (c) Your identification ("SID") number: _USH # 82231   SS. 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_
3.  Are you currently being held on orders by:

    ☐ Federal authorities    ☒ State authorities    ☐ Other - explain:

4.  Indicate that you are currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:
    (a) Name and location of the court that sentenced you: _Yamhill Co. McMinnville
    OR 97128_
    (b) Docket number of criminal case: _CR11 0171 DV  PSRB No 86-0_
    (c) Date of sentencing: _Feb. 23, 2002_

    ☐ Being held on an immigration charge

    ☐ Other (explain): _____

District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 1/20)

Page 3 of 10

**Decision or Action You Are Challenging**

5.   Indicate what you are challenging in this petition:

❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

☑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

☑ Other (explain): _Civil Rights Violation_

6.   Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: _PSRB # 86-0860_
_Yamhill County Court No. CR110171OV_

(b) Docket number, case number, or opinion number:

(c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):
_Validity of Sentence & Civil Rights_
_Violation; Article I Sections 9&10 of Oregon_
_Bill of Rights & Amenmet IV & V & VI of the US B of R._

(d) Date of the decision or action: _Feb. 23, 2022_

**Your Earlier Challenges of the Decision or Action**

7.   **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes          ❏ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _OSH Junction City_

(2) Date of filing: _5/16/23_          _( 48656 - Givences -_
(3) Docket number, case number, or opinion number: _48654 & 48655 )_
(4) Result: _Proceeding in delay_
(5) Date of result: _N/A_
(6) Issues raised: _Violation of Bill of Rights_
_Artical I Sections 9 & 10_

District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 1/20)

Page 4 of 10

(b) If you answered "No," explain why you did not appeal: _____

8.  **Second appeal**

    After the first appeal, did you file a second appeal to a higher authority, agency, or court?

    ☒ Yes        ☐ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court: _United States_ _District Court PSRB_

        (2) Date of filing: _In progress_

        (3) Docket number, case number, or opinion number: _PSRB # 86-0860_

        (4) Result: _N/A_ _Revocation_

        (5) Date of result: _N/A_ _Feb 23, 2022 / Jun 202_

        (6) Issues raised: _Same as 7. above_

    (b) If you answered "No," explain why you did not file a second appeal: _____

9.  **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?

    ☐ Yes        ☐ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court: _____

        (2) Date of filing: _____

        (3) Docket number, case number, or opinion number: _____

        (4) Result: _____

        (5) Date of result: _____

        (6) Issues raised: _____

District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 1/20)

Page 5 of 10

_____

(b) If you answered "No," explain why you did not file a third appeal:

10.   **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☒ Yes                    ☐ No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☒ Yes              ☐ No

If "Yes," provide:

(1)  Name of court:  Yam hill County Court
(2)  Case number:  not assignal SB-819
(3)  Date of filing:  around May 5, 2023
(4)  Result:  In Progress
(5)  Date of result:  N/A
(6)  Issues raised:  exsive sentance SB-819

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A),

seeking permission to file a second or successive Section 2255 motion to challenge this conviction or

sentence?

☐ Yes           ☒ No

If "Yes," provide:

(1)  Name of court:  _____
(2)  Case number:  _____
(3)  Date of filing:  _____
(4)  Result:  _____
(5)  Date of result:  _____
(6)  Issues raised:  _____

District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 1/20)                                                                                                                Page 6 of 10

_____

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
        conviction or sentence:     _____

_____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☒ No

If "Yes," provide:

(a)     Date you were taken into immigration custody: _____

(b)     Date of the removal or reinstatement order: _____

(c)     Did you file an appeal with the Board of Immigration Appeals?

        ☐ Yes                    ☐ No

        If "Yes," provide:

        (1) Date of filing: _____

        (2) Case number: _____

        (3) Result: _____

        (4) Date of result: _____

        (5) Issues raised: _____

_____

(d)     Did you appeal the decision to the United States Court of Appeals?

        ☐ Yes                    ☐ No

        If "Yes," provide:

        (1) Name of court: _____

        (2) Date of filing: _____

        (3) Case number: _____

District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 1/20)                                                                                              Page 7 of 10

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues

raised in this petition?

❏ Yes          ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

_____

**Grounds for Your Challenge in This Petition**

13.    State every ground that supports your claim that you are being held in violation of the Constitution, laws, or

treaties of the United States. Attach additional pages if you have more than four grounds. State the facts

supporting each ground.

GROUND ONE: _exsive sentence & viloution of Artiles I & sections 4 c 10 of the oregon Bill of Rights_

District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 1/20)

Page 8 of 10

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

Sec Attcha

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes          ☐ No

GROUND TWO: Amement IV & V & VI of The U.S. Bill of Rights violations

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

No Due proccess of Crimes and illegal search & seiche

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes          ☐ No

GROUND THREE: _____

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☐ No

District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 1/20)

Page 9 of 10

**GROUND FOUR:** _____

_____
_____
_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____
_____
_____
_____
_____
_____
_____

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes            ☐ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did
      not: _____

_____
_____

### Request for Relief

15.   State what you want the Court to do: Move on 55-849
und remove uny defamatoraand
sue for said defamation

District of Oregon
Corresponds to AO 242
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
(Rev. 1/20)                                                                                                    Page 10 of 10

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:*

5-17-23

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  5-17-23

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

* As noted in the instructions to this form (at #6), if you are incarcerated at Snake River Correctional Institution (SRCI) or Two Rivers Correctional Institution (TRCI), you must comply with the requirements of the E-Filing Program posted at the institution and set forth in Standing Order 2019-7 (for SRCI) or 2019-12 (for TRCI). Accordingly, you must submit your filings in this case to prison staff for scanning and electronic submission, instead of mailing the filing using the U.S. Postal Service. Please indicate the date you submitted this petition to prison staff for scanning and electronic submission.

OSH Policy 7.006: Attachment A

 **Patient Grievance** 

## Place completed form in the grievance box
Use one form for each grievance.
To help staff investigate, include as much detail as possible about your concern.

Patient Name: David Robles

| For Staff use only | |
| --- | --- |
| Date Received: | 5/16/23 |
| Grievance #: | 48656 |

Unit: MN3

Describe your grievance:

I have conntacted a lawe in requrds to my Civil Rights violativy in uccusutions nlade BY Forrest Une TX-Team & then turning over Propaf

What have you done so far to address your grievance?

to Oregon State Police this is my Grievunce as this ie impeding my Progress thbrouy OSH

What is your desired outcome?

I would like to discuss my grievance with a Grievance Committee member ☐Yes  ☐No

Patient Signature: David Robles  Date: 5/15/23

Printed name of staff or representative who
helped fill out this form: _____

In addition to the OSH grievance process, complaints can be filed with the state agency that
has licensure survey responsibility over OSH. See Patient Rights Board for information.

# Patient Grievance: Grievance Committee Response

Staff must complete all sections. Patients must be given a written response within 7 calendar days, even if they decline to meet. Exceptions to this timeline are only approved by the OSH Ombuds.

| Patient name: David Robles | | |
|---|---|---|
| Unit: MN 3 | Date Unit Received: 5/16/23 | Avatar #: |
| Grievance #(s): 48656 | | |

| Screenings | Date Sent | Date of Grievance Review: |
|---|---|---|
| **Civil Rights:** OSH Ombuds and Family Services | | |
| **Allegation of Abuse:** Office of Training, Investigations and Safety (OTIS) | | Patient met ☐ Patient declined to meet ☐ |

**The following staff contributed to this response:**

**Information and unit response (attach additional pages, if needed)**
☐   This issue is ineligible for the grievance process. See attached letter for more information.

| Patient Signature: _____ ☐ Declined to sign | Completion Date: _____ Grievance Committee Member 1 (Print): _____ Grievance Committee Member 2 (Print): _____ |
|---|---|

**Distribute a completed two-sided copy to:**
Patient; Ombuds and Family Services; Representative (if applicable); Program Director

OSH Policy 7.006: Attachment A



**Patient Grievance**



## Place completed form in the grievance box
Use one form for each grievance.
To help staff investigate, include as much detail as possible about your concern.

Patient Name: David Robles

Unit: MN3

Describe your grievance:

| For Staff use only | |
|---|---|
| Date Received: | 5/16/23 |
| Grievance #: | 48654 |

According to response to grievance, a crime was committed. Legally, no such proof came to light in any court of law. According to Article 1 section 10 of the ~~Ore~~ Oregon Bill of Rights.

What have you done so far to address your grievance?


What is your desired outcome?



I would like to discuss my grievance with a Grievance Committee member ☐Yes  ☐No

Patient Signature: David Robles     Date: 5/15/23

Printed name of staff or representative who
helped fill out this form:     Kendra D. RN

In addition to the OSH grievance process, complaints can be filed with the state agency that has licensure survey responsibility over OSH. See Patient Rights Board for information.

# Patient Grievance: Grievance Committee Response

Staff must complete all sections. Patients must be given a written response within 7 calendar days, even if they decline to meet. Exceptions to this timeline are only approved by the OSH Ombuds.

| | | |
|---|---|---|
| **Patient name:** David Robles | | |
| **Unit:** MN3 | **Date Unit Received:** 5/16/23 | **Avatar #:** |
| **Grievance #(s):** 48654 | | |

| Screenings | Date Sent | Date of Grievance Review: |
|---|---|---|
| **Civil Rights:** OSH Ombuds and Family Services | | |
| **Allegation of Abuse:** Office of Training, Investigations and Safety (OTIS) | | Patient met ☐ <br> Patient declined to meet ☐ |
| **The following staff contributed to this response:** | | |
| **Information and unit response (attach additional pages, if needed)** <br> ☐ This issue is ineligible for the grievance process. See attached letter for more information. | | |

| Patient Signature: | Completion Date: _____ |
|---|---|
| _____ <br> ☐ Declined to sign | Grievance Committee Member 1 (Print): _____ <br> Grievance Committee Member 2 (Print): _____ |

**Distribute a completed <u>two-sided</u> copy to:**
Patient; Ombuds and Family Services; Representative (if applicable); Program Director

**Patient Grievance: Grievance Committee Response**
5/15/2023

While your IDT and OSH value your religious and free expression rights listed in Article, I Bill of Rights in the Constitution of Oregon we do not believe the restriction of computer privileges violates Freedom of Worship (section 2) and/or Freedom of Religious Opinion (section 3).  The IDT would like to be supportive of our desire to serve peers via a non-profit and would consider working with you to develop a Supported Education goal to further your understanding and skills to deliver peer supported services in a religious context without the use of internet access and using manuals or textbooks. Presently you have options available to support and interact with peers at AA/NA meetings and/or DDA. Your computer access will continue to remain on hold based on history of utilizing the internet to engage in criminal behavior related to a non-profit organization as well as an independent investigation with authorities outside of OSH (the actions were a violation of your OSH Internet and Computer Use / Access Contract). Anything you need for your religious practice can be requested from Spiritual Care or your IDT and provided via means other than the internet. At this time the risk of reinstating computer access exceeds the potential benefit of this privilege.

Per OSH Policy 6.030 IE2 failure to follow the provisions in the "OSH Internet and Computer Use/Access Contract" or "Cell Phone Contract" (attached), or possession of devices not allowed under this policy may result in search and possible restriction from using the device or data.

Attached please find a copy of the above referenced policy and your signed Internet Contract.

If you disagree with this response you are encouraged to complete the attached grievance review within 7 days and be sure to include your original grievance and response.

Your IDT will discuss this with you at your next scheduled Treatment Care Plan Meeting.

*ORS. 426.385*
*(e) Religious Freedom*

**CONSTITUTION OF OREGON**

*Kaseth Bosm*
*Caralis*

Art. I §11

# ARTICLE I
## BILL OF RIGHTS

Sec. 1. Natural rights inherent in people
2. Freedom of worship
3. Freedom of religious opinion
4. No religious qualification for office
5. No money to be appropriated for religion
6. No religious test for witnesses or jurors
7. Manner of administering oath or affirmation
8. Freedom of speech and press
9. Unreasonable searches or seizures
10. Administration of justice
11. Rights of Accused in Criminal Prosecution
12. Double jeopardy; compulsory self-incrimination
13. Treatment of arrested or confined persons
14. Bailable offenses
15. Foundation principles of criminal law
16. Excessive bail and fines; cruel and unusual punishments; power of jury in criminal case
17. Jury trial in civil cases
18. Private property or services taken for public use
19. Imprisonment for debt
20. Equality of privileges and immunities of citizens
21. Ex-post facto laws; laws impairing contracts; laws depending on authorization in order to take effect; laws submitted to electors
22. Suspension of operation of laws
23. Habeas corpus
24. Treason
25. Corruption of blood or forfeiture of estate
26. Assemblages of people; instruction of representatives; application to legislature
27. Right to bear arms; military subordinate to civil power
28. Quartering soldiers
29. Titles of nobility; hereditary distinctions
30. Emigration
32. Taxes and duties; uniformity of taxation
33. Enumeration of rights not exclusive
34. Slavery or involuntary servitude
39. Sale of liquor by individual glass
40. Penalty for aggravated murder
41. Work and training for corrections institution inmates; work programs; limitations; duties of corrections director
42. Rights of victim in criminal prosecutions and juvenile court delinquency proceedings
43. Rights of victim and public to protection from accused person during criminal proceedings; denial of pretrial release
44. Term of imprisonment imposed by court to be fully served; exceptions
45. Person convicted of certain crimes not eligible to serve as juror on grand jury or trial jury in criminal case
46. Prohibition on denial or abridgment of rights on account of sex

**Section 1. Natural rights inherent in people.** We declare that all men, when they form a social compact are equal in right: that all power is inherent in the people, and all free governments are founded on their authority, and instituted for their peace, safety, and happiness; and they have at all times a right to alter, reform, or abolish the government in such manner as they may think proper. —

**Section 2. Freedom of worship.** All men shall be secure in the Natural right, to worship Almighty God according to the dictates of their own consciences. —

**Section 3. Freedom of religious opinion.** No law shall in any case whatever control the free exercise, and enjoyment of religeous [sic] opinions, or interfere with the rights of conscience. —

**Section 4. No religious qualification for office.** No religious test shall be required as a qualification for any office of trust or profit. —

**Section 5. No money to be appropriated for religion.** No money shall be drawn from the Treasury for the benefit of any religeous [sic], or theological institution, nor shall any money be appropriated for the payment of any religeous [sic] services in either house of the Legislative Assembly. —

**Section 6. No religious test for witnesses or jurors.** No person shall be rendered incompetent as a witness, or juror in consequence of his opinions on matters of religeon [sic]; nor be questioned in any Court of Justice touching his religeous [sic] belief to affect the weight of his testimony. —

**Section 7. Manner of administering oath or affirmation.** The mode of administering an oath, or affirmation shall be such as may be most consistent with, and binding upon the conscience of the person to whom such oath or affirmation may be administered. —

**Section 8. Freedom of speech and press.** No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right. —

**Section 9. Unreasonable searches or seizures.** No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized. —

**Section 10. Administration of justice.** No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation. —

**Section 11. Rights of Accused in Criminal Prosecution.** In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the

## RELIGION AND FREE EXPRESSION

FIRST AMENDMENT

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

## RELIGION

### An Overview

Madison's original proposal for a bill of rights provision concerning religion read: "The civil rights of none shall be abridged on account of religious belief or worship, nor shall any national religion be established, nor shall the full and equal rights of conscience be in any manner, or on any pretence, infringed." [1] The language was altered in the House to read: "Congress shall make no law establishing religion, or to prevent the free exercise thereof, or to infringe the rights of conscience." [2] In the Senate, the section adopted read: "Congress shall make no law establishing articles of faith, or a mode of worship, or prohibiting the free exercise of religion, . . ." [3] It was in the conference committee of the two bodies, chaired by Madison, that the present language was written with its some-

---

[1] 1 ANNALS OF CONGRESS 434 (June 8, 1789).

[2] The committee appointed to consider Madison's proposals, and on which Madison served, with Vining as chairman, had rewritten the religion section to read: "No religion shall be established by law, nor shall the equal rights of conscience be infringed." After some debate during which Madison suggested that the word "national" might be inserted before the word "religion" as "point[ing] the amendment directly to the object it was intended to prevent," the House adopted a substitute reading: "Congress shall make no laws touching religion, or infringing the rights of conscience." 1 ANNALS OF CONGRESS 729–31 (August 15, 1789). On August 20, on motion of Fisher Ames, the language of the clause as quoted in the text was adopted. Id. at 766. According to Madison's biographer, "[t]here can be little doubt that this was written by Madison." I. BRANT, JAMES MADISON—FATHER OF THE CONSTITUTION 1787–1800 at 271 (1950).

[3] This text, taken from the Senate JOURNAL of September 9, 1789, appears in 2 B. SCHWARTZ (ED.), THE BILL OF RIGHTS: A DOCUMENTARY HISTORY 1153 (1971). It was at this point that the religion clauses were joined with the freedom of expression clauses.

OSH Policy 7.006: Attachment A



**Patient Grievance**



### Place completed form in the grievance box
Use one form for each grievance.
To help staff investigate, include as much detail as possible about your concern.

Patient Name: David Robles

Unit: MN3

Describe your grievance:

| For Staff use only | |
| --- | --- |
| Date Received: | 5/16/23 |
| Grievance #: | 48655 |

My room was illegally searched acording to Article I section #9 of the Oregon Bill of Rights.

What have you done so far to address your grievance?

What is your desired outcome?

I would like to discuss my grievance with a Grievance Committee member ☐Yes  ☐No

Patient Signature: _David Robles_                    Date: 5/15/23

Printed name of staff or representative who
helped fill out this form:        Kendra D. RN

In addition to the OSH grievance process, complaints can be filed with the state agency that has licensure survey responsibility over OSH. See Patient Rights Board for information.

# Patient Grievance: Grievance Committee Response

Staff must complete all sections. Patients must be given a written response within 7 calendar days, even if they decline to meet. Exceptions to this timeline are only approved by the OSH Ombuds.

| Patient name: David Robles | | |
|---|---|---|
| Unit: MN 3 | Date Unit Received: 5/16/23 | Avatar #: |
| Grievance #(s): 48655 | | |

| Screenings | Date Sent | Date of Grievance Review: |
|---|---|---|
| **Civil Rights:** OSH Ombuds and Family Services | | |
| **Allegation of Abuse:** Office of Training, Investigations and Safety (OTIS) | | Patient met ☐<br>Patient declined to meet ☐ |
| **The following staff contributed to this response:** | | |

**Information and unit response (attach additional pages, if needed)**
☐   This issue is ineligible for the grievance process. See attached letter for more information.

| Patient Signature: | Completion Date: _____ |
|---|---|
| _____<br>☐ Declined to sign | Grievance Committee Member 1 (Print): _____<br><br>Grievance Committee Member 2 (Print): _____ |

**Distribute a completed <u>two-sided</u> copy to:**
Patient; Ombuds and Family Services; Representative (if applicable); Program Director

**Patient Grievance: Grievance Committee Response**
5/15/2023

While your IDT and OSH value your religious and free expression rights listed in Article, I Bill of Rights in the Constitution of Oregon we do not believe the restriction of computer privileges violates Freedom of Worship (section 2) and/or Freedom of Religious Opinion (section 3).  The IDT would like to be supportive of our desire to serve peers via a non-profit and would consider working with you to develop a Supported Education goal to further your understanding and skills to deliver peer supported services in a religious context without the use of internet access and using manuals or textbooks. Presently you have options available to support and interact with peers at AA/NA meetings and/or DDA. Your computer access will continue to remain on hold based on history of utilizing the internet to engage in criminal behavior related to a non-profit organization as well as an independent investigation with authorities outside of OSH (the actions were a violation of your OSH Internet and Computer Use / Access Contract). Anything you need for your religious practice can be requested from Spiritual Care or your IDT and provided via means other than the internet. At this time the risk of reinstating computer access exceeds the potential benefit of this privilege.

Per OSH Policy 6.030 IE2 failure to follow the provisions in the "OSH Internet and Computer Use/Access Contract" or "Cell Phone Contract" (attached), or possession of devices not allowed under this policy may result in search and possible restriction from using the device or data.

Attached please find a copy of the above referenced policy and your signed Internet Contract.

If you disagree with this response you are encouraged to complete the attached grievance review within 7 days and be sure to include your original grievance and response.

Your IDT will discuss this with you at your next scheduled Treatment Care Plan Meeting.

*OB. 426.385*

*(E) Religious Freedom*

*Kaseth Bosme*

*Carabais*

CONSTITUTION OF OREGON

Art. I§11

## ARTICLE I
## BILL OF RIGHTS

Sec. 1. Natural rights inherent in people
2. Freedom of worship
3. Freedom of religious opinion
4. No religious qualification for office
5. No money to be appropriated for religion
6. No religious test for witnesses or jurors
7. Manner of administering oath or affirmation
8. Freedom of speech and press
9. Unreasonable searches or seizures
10. Administration of justice
11. Rights of Accused in Criminal Prosecution
12. Double jeopardy; compulsory self-incrimination
13. Treatment of arrested or confined persons
14. Bailable offenses
15. Foundation principles of criminal law
16. Excessive bail and fines; cruel and unusual punishments; power of jury in criminal case
17. Jury trial in civil cases
18. Private property or services taken for public use
19. Imprisonment for debt
20. Equality of privileges and immunities of citizens
21. Ex-post facto laws; laws impairing contracts; laws depending on authorization in order to take effect; laws submitted to electors
22. Suspension of operation of laws
23. Habeas corpus
24. Treason
25. Corruption of blood or forfeiture of estate
26. Assemblages of people; instruction of representatives; application to legislature
27. Right to bear arms; military subordinate to civil power
28. Quartering soldiers
29. Titles of nobility; hereditary distinctions
30. Emigration
32. Taxes and duties; uniformity of taxation
33. Enumeration of rights not exclusive
34. Slavery or involuntary servitude
39. Sale of liquor by individual glass
40. Penalty for aggravated murder
41. Work and training for corrections institution inmates; work programs; limitations; duties of corrections director
42. Rights of victim in criminal prosecutions and juvenile court delinquency proceedings
43. Rights of victim and public to protection from accused person during criminal proceedings; denial of pretrial release
44. Term of imprisonment imposed by court to be fully served; exceptions
45. Person convicted of certain crimes not eligible to serve as juror on grand jury or trial jury in criminal case
46. Prohibition on denial or abridgment of rights on account of sex

**Section 1. Natural rights inherent in people.** We declare that all men, when they form a social compact are equal in right: that all power is inherent in the people, and all free governments are founded on their authority, and instituted for their peace, safety, and happiness; and they have at all times a right to alter, reform, or abolish the government in such manner as they may think proper. —

**Section 2. Freedom of worship.** All men shall be secure in the Natural right, to worship Almighty God according to the dictates of their own consciences. —

**Section 3. Freedom of religious opinion.** No law shall in any case whatever control the free exercise, and enjoyment of religeous [sic] opinions, or interfere with the rights of conscience. —

**Section 4. No religious qualification for office.** No religious test shall be required as a qualification for any office of trust or profit. —

**Section 5. No money to be appropriated for religion.** No money shall be drawn from the Treasury for the benefit of any religeous [sic], or theological institution, nor shall any money be appropriated for the payment of any religeous [sic] services in either house of the Legislative Assembly. —

**Section 6. No religious test for witnesses or jurors.** No person shall be rendered incompetent as a witness, or juror in consequence of his opinions on matters of religeon [sic]; nor be questioned in any Court of Justice touching his religeous [sic] belief to affect the weight of his testimony. —

**Section 7. Manner of administering oath or affirmation.** The mode of administering an oath, or affirmation shall be such as may be most consistent with, and binding upon the conscience of the person to whom such oath or affirmation may be administered. —

**Section 8. Freedom of speech and press.** No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right. —

**Section 9. Unreasonable searches or seizures.** No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized. —

**Section 10. Administration of justice.** No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation. —

**Section 11. Rights of Accused in Criminal Prosecution.** In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the

## RELIGION AND FREE EXPRESSION



### FIRST AMENDMENT

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

### RELIGION

**An Overview**

Madison's original proposal for a bill of rights provision concerning religion read: "The civil rights of none shall be abridged on account of religious belief or worship, nor shall any national religion be established, nor shall the full and equal rights of conscience be in any manner, or on any pretence, infringed."[1] The language was altered in the House to read: "Congress shall make no law establishing religion, or to prevent the free exercise thereof, or to infringe the rights of conscience."[2] In the Senate, the section adopted read: "Congress shall make no law establishing articles of faith, or a mode of worship, or prohibiting the free exercise of religion, . . ."[3] It was in the conference committee of the two bodies, chaired by Madison, that the present language was written with its some-

---

[1] 1 ANNALS OF CONGRESS 434 (June 8, 1789).

[2] The committee appointed to consider Madison's proposals, and on which Madison served, with Vining as chairman, had rewritten the religion section to read: "No religion shall be established by law, nor shall the equal rights of conscience be infringed." After some debate during which Madison suggested that the word "national" might be inserted before the word "religion" as "point[ing] the amendment directly to the object it was intended to prevent," the House adopted a substitute reading: "Congress shall make no laws touching religion, or infringing the rights of conscience." 1 ANNALS OF CONGRESS 729–31 (August 15, 1789). On August 20, on motion of Fisher Ames, the language of the clause as quoted in the text was adopted. Id. at 766. According to Madison's biographer, "[t]here can be little doubt that this was written by Madison." I. BRANT, JAMES MADISON—FATHER OF THE CONSTITUTION 1787–1800 at 271 (1950).

[3] This text, taken from the Senate JOURNAL of September 9, 1789, appears in 2 B. SCHWARTZ (ED.), THE BILL OF RIGHTS: A DOCUMENTARY HISTORY 1153 (1971). It was at this point that the religion clauses were joined with the freedom of expression clauses.

# THE AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AS RATIFIED BY THE STATES

## *Preamble to the Bill of Rights*

Congress of the United States
begun and held at the City of New-York, on
Wednesday the fourth of March,

THE Conventions of a number of the States, having at the time of their adopting the Constitution, expressed a desire, in order to prevent misconstruction or abuse of its powers, that further declaratory and restrictive clauses should be added: And as extending the ground of public confidence in the Government, will best ensure the beneficent ends of its institution

RESOLVED by the Senate and House of Representatives of the United States of America, in Congress assembled, two thirds of both Houses concurring, that the following Articles be proposed to the Legislatures of the several States, as amendments to the Constitution of the United States, all, or any of which Articles, when ratified by three fourths of the said Legislatures, to be valid to all intents and purposes, as part of the said Constitution; viz.

ARTICLES in addition to, and Amendment of the Constitution of the United States of America, proposed by Congress, and ratified by the Legislatures of the several States, pursuant to the fifth Article of the original Constitution.

*(Note: The first 10 amendments to the Constitution were ratified December 15, 1791, and form what is known as the "Bill of Rights.")*

## *Amendment I.*

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

## *Amendment II.*

A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

## *Amendment III.*

No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law.

## *Amendment IV.*

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

## *Amendment V.*

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

DELAWARE

    Geo: Read
    Gunning Bedford jun
    John Dickinson
    Richard Bassett
    Jaco: Broom

MARYLAND

    James McHenry
    Dan of St. Thos. Jenifer
    Danl Carroll

VIRGINIA

    John Blair-
    James Madison Jr.

NORTH CAROLINA

    Wm. Blount
    Richd. Dobbs Spaight
    Hu Williamson

SOUTH CAROLINA

    J. Rutledge
    Charles Cotesworth Pinckney
    Charles Pinckney
    Pierce Butler

GEORGIA

    William Few
    Abr Baldwin


Attest William Jackson Secretary

In Convention Monday
September 17th, 1787.
Present
The States of
New Hampshire, Massachusetts, Connecticut, Mr. Hamilton from New York, New Jersey, Pennsylvania, Delaware, Maryland, Virginia, North Carolina, South Carolina and Georgia.

Resolved,
That the preceeding Constitution be laid before the United States in Congress assembled, and that it is the Opinion of this Convention, that it should afterwards be submitted to a Convention of Delegates, chosen in each State by the People thereof, under the Recommendation of its Legislature, for their Assent and Ratification; and that each Convention assenting to, and ratifying the Same, should give Notice thereof to the United States in Congress assembled. Resolved, That it is the Opinion of this Convention, that as soon as the Conventions of nine States shall have ratified this Constitution, the United States in Congress assembled should fix a Day on which Electors should be appointed by the States which shall have ratified the same, and a Day on which the Electors should assemble to vote for the President, and the Time and Place for commencing Proceedings under this Constitution

That after such Publication the Electors should be appointed, and the Senators and Representatives elected: That the Electors should meet on the Day fixed for the Election of the President, and should transmit their Votes certified, signed, sealed and directed, as the Constitution requires, to the Secretary of the United States in Congress assembled, that the Senators and Representatives should convene at the Time and Place assigned; that the Senators should appoint a President of the Senate, for the sole Purpose of receiving, opening and counting the Votes for President; and, that after he shall be chosen, the Congress, together with the President, should, without Delay, proceed to execute this Constitution

By the unanimous Order of the Convention

Go. Washington-Presidt.
W. JACKSON Secretary.


* Language in brackets has been changed by amendment.

# Amendment VI.

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

# Amendment VII.

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

# Amendment VIII.

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

# Amendment IX.

The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

# Amendment X.

The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

## AMENDMENTS 11-27

# Amendment XI.

Passed by Congress March 4, 1794. Ratified February 7, 1795.

*(Note: A portion of Article III, Section 2 of the Constitution was modified by the 11th Amendment.)*

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

# Amendment XII.

Passed by Congress December 9, 1803. Ratified June 15, 1804.

*(Note: A portion of Article II, Section 1 of the Constitution was changed by the 12th Amendment.)*

The Electors shall meet in their respective states, and vote by ballot for President and Vice-President, one of whom, at least, shall not be an inhabitant of the same state with themselves; they shall name in their ballots the person voted for as President, and in distinct ballots the person voted for as Vice-President, and they shall make distinct lists of all persons voted for as President, and of all persons voted for as Vice-President, and of the number of votes for each, which lists they shall sign and certify, and transmit sealed to the seat of the government of the United States, directed to the President of the Senate;-the President of the Senate shall, in the presence of the Senate and House of Representatives, open all the certificates and the votes shall then be counted;-The person having the greatest number of votes for President, shall be the President, if such number be a majority of the whole number of Electors appointed; and if no person have such majority, then from the persons having the highest numbers not exceeding three on the list of those voted for as President, the House of Representatives shall choose immediately, by ballot, the President. But in choosing the President, the votes shall be taken by states, the representation from each state having one vote; a quorum for this purpose shall consist of a member or members from two-thirds of the states, and a majority of all the states shall be necessary to a choice. [And if the House of Representatives shall not choose a President whenever the right of choice shall devolve upon them, before the fourth day of March next following, then the Vice-President shall act as President, as in case of the death or other constitutional disability of the President.-]* The person having the greatest number of votes as Vice-President, shall be the Vice-President, if such number be a majority of the whole number of Electors appointed, and if no person have a majority, then from the two highest numbers on the list, the Senate shall choose the Vice-President; a quorum for the purpose shall consist of two-thirds of the whole number of Senators, and a majority of the whole number shall be necessary to a choice. But no person constitutionally ineligible to the office of President shall be eligible to that of Vice-President of the United States.

*Superseded by Section 3 of the 20th Amendment.

# Amendment XIII.

Passed by Congress January 31, 1865. Ratified December 6, 1865.

*(Note: A portion of Article IV, Section 2 of the Constitution was changed by the 13th Amendment.)*

## SECTION 1

Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

## SECTION 2

Congress shall have power to enforce this article by appropriate legislation.

# Amendment XIV.

Passed by Congress June 13, 1866. Ratified July 9, 1868.

*(Note: Article I, Section 2 of the Constitution was modified by Section 2 of the 14th Amendment.)*

## SECTION 1

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## SECTION 2

Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice President of the United States, Representatives in Congress, the Executive and Judicial officers of a State, or the members of the Legislature thereof, is denied to any of the male inhabitants of such State, [being twenty-one years of age,]* and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such State.

## SECTION 3

No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

## SECTION 4

The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

## SECTION 5

The Congress shall have the power to enforce, by appropriate legislation, the provisions of this article.

*Changed by Section 1 of the 26th Amendment.

# Amendment XV.

Passed by Congress February 26, 1869. Ratified February 3, 1870.

## SECTION 1

The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude.

## SECTION 2

The Congress shall have the power to enforce this article by appropriate legislation.

# Amendment XVI.

Passed by Congress July 2, 1909. Ratified February 3, 1913.

*(Note: Article I, Section 9 of the Constitution was modified by the 16 ᵗʰ Amendment.)*

The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

# Amendment XVII.

Passed by Congress May 13, 1912. Ratified April 8, 1913.

*(Note: Article I, Section 3 of the Constitution was modified by the 17th Amendment.)*

The Senate of the United States shall be composed of two Senators from each State, elected by the people thereof, for six years; and each Senator shall have one vote. The electors in each State shall have the qualifications requisite for electors of the most numerous branch of the State legislatures.

When vacancies happen in the representation of any State in the Senate, the executive authority of such State shall issue writs of election to fill such vacancies: Provided, That the legislature of any State may empower the executive thereof to make temporary appointments until the people fill the vacancies by election as the legislature may direct.

This amendment shall not be so construed as to affect the election or term of any Senator chosen before it becomes valid as part of the Constitution.

# Amendment XVIII.

Passed by Congress December 18, 1917. Ratified January 16, 1919. Repealed by the 21 Amendment, December 5, 1933.

## SECTION 1

After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

## SECTION 2

The Congress and the several States shall have concurrent power to enforce this article by appropriate legislation.

## SECTION 3

This article shall be inoperative unless it shall have been ratified as an amendment to the Constitution by the legislatures of the several States, as provided in the Constitution, within seven years from the date of the submission hereof to the States by the Congress.

# Amendment XIX.

Passed by Congress June 4, 1919. Ratified August 18, 1920.

The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of sex.

Congress shall have power to enforce this article by appropriate legislation.

# Amendment XX.

Passed by Congress March 2, 1932. Ratified January 23, 1933.

*(Note: Article I, Section 4 of the Constitution was modified by Section 2 of this Amendment. In addition, a portion of the 12th Amendment was superseded by Section 3.)*

## SECTION 1

The terms of the President and the Vice President shall end at noon on the 20th day of January, and the terms of Senators and Representatives at noon on the 3d day of January, of the years in which such terms would have ended if this article had not been ratified; and the terms of their successors shall then begin.

## SECTION 2

The Congress shall assemble at least once in every year, and such meeting shall begin at noon on the 3d day of January, unless they shall by law appoint a different day.

## SECTION 3

If, at the time fixed for the beginning of the term of the President, the President elect shall have died, the Vice President elect shall become President. If a President shall not have been chosen before the time fixed for the beginning of his term, or if the President elect shall have failed to qualify, then the Vice President elect shall act as President until a President shall have qualified; and the Congress may by law provide for the case wherein neither a President elect nor a Vice President shall have qualified, declaring who shall then act as President, or the manner in which one who is to act shall be selected, and such person shall act accordingly until a President or Vice President shall have qualified.

## SECTION 4

The Congress may by law provide for the case of the death of any of the persons from whom the House of Representatives may choose a President whenever the right of choice shall have devolved upon them, and for the case of the death of any of the persons from whom the Senate may choose a Vice President whenever the right of choice shall have devolved upon them.

## SECTION 5

Sections 1 and 2 shall take effect on the 15th day of October following the ratification of this article.

## SECTION 6

This article shall be inoperative unless it shall have been ratified as an amendment to the Constitution by the legislatures of three-fourths of the several States within seven years from the date of its submission.

# Amendment XXI.

Passed by Congress February 20, 1933. Ratified December 5, 933.

## SECTION 1

The eighteenth article of amendment to the Constitution of the United States is hereby repealed.

## SECTION 2

The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited.

## SECTION 3

This article shall be inoperative unless it shall have been ratified as an amendment to the Constitution by conventions in the several States, as provided in the Constitution, within seven years from the date of the submission hereof to the States by the Congress.

# Amendment XXII.

Passed by Congress March 21, 1947. Ratified February 27, 951.

## SECTION 1

No person shall be elected to the office of the President more than twice, and no person who has held the office of President, or acted as President, for more than two years of a term to which some other person was elected President shall be elected to the office of President more than once. But this Article shall not apply to any person holding the office of President when this Article was proposed by Congress, and shall not prevent any person who may be holding the office of President, or acting as President, during the term within which this Article becomes operative from holding the office of President or acting as President during the remainder of such term.

## SECTION 2

This article shall be inoperative unless it shall have been ratified as an amendment to the Constitution by the legislatures of three-fourths of the several States within seven years from the date of its submission to the States by the Congress.

# Amendment XXIII.

Passed by Congress June 16, 1960. Ratified March 29, 1961.

## SECTION 1

The District constituting the seat of Government of the United States shall appoint in such manner as Congress may direct:

A number of electors of President and Vice President equal to the whole number of Senators and Representatives in Congress to which the District would be entitled if it were a State, but in no event more than the least populous State; they shall be in addition to those appointed by the States, but they shall be considered, for the purposes of the election of President and Vice President, to be electors appointed by a State; and they shall meet in the District and perform such duties as provided by the twelfth article of amendment.

## SECTION 2

The Congress shall have power to enforce this article by appropriate legislation.

# Amendment XXIV.

Passed by Congress August 27, 1962. Ratified January 23, 1964.

## SECTION 1

The right of citizens of the United States to vote in any primary or other election for President or Vice President, for electors for President or Vice President, or for Senator or Representative in Congress, shall not be denied or abridged by the United States or any State by reason of failure to pay poll tax or other tax.

## SECTION 2

The Congress shall have power to enforce this article by appropriate legislation.

# Amendment XXV.

Passed by Congress July 6, 1965. Ratified February 10, 1967.

*(Note: Article II, Section 1 of the Constitution was modified by the 25th Amendment.)*

## SECTION 1

In case of the removal of the President from office or of his death or resignation, the Vice President shall become President.

## SECTION 2

Whenever there is a vacancy in the office of the Vice President, the President shall nominate a Vice President who shall take office upon confirmation by a majority vote of both Houses of Congress.

## SECTION 3

Whenever the President transmits to the President pro tempore of the Senate and the Speaker of the House of Representatives his written declaration that he is unable to discharge the powers and duties of his office, and until he transmits to them a written declaration to the contrary, such powers and duties shall be discharged by the Vice President as Acting President.

## SECTION 4

Whenever the Vice President and a majority of either the principal officers of the executive departments or of such other body as Congress may by law provide, transmit to the President pro tempore of the Senate and the Speaker of the House of Representatives their written declaration that the President is unable to discharge the powers and duties of his office, the Vice President shall immediately assume the powers and duties of the office as Acting President.

Thereafter, when the President transmits to the President pro tempore of the Senate and the Speaker of the House of Representatives his written declaration that no inability exists, he shall resume the powers and duties of his office unless the Vice President and a majority of either the principal officers of the executive department or of such other body as Congress may by law provide, transmit within four days to the President pro tempore of the Senate and the Speaker of the House of Representatives their written declaration that the President is unable to discharge the powers and duties of his office. Thereupon Congress shall decide the issue, assembling within forty-eight hours for that purpose if not in session. If the Congress, within twenty-one days after receipt of the latter written declaration, or, if Congress is not in session, within twenty-one days after Congress is required to assemble, determines by two-thirds vote of both Houses that the President is unable to discharge the powers and duties of his office, the Vice President shall continue to discharge the same as Acting President; otherwise, the President shall resume the powers and duties of his office.

# Amendment XXVI.

Passed by Congress March 23, 1971. Ratified July 1, 1971.

*(Note: Amendment 14, Section 2 of the Constitution was modified by Section 1 of the 26th Amendment.)*

## SECTION 1

The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age.

## SECTION 2

The Congress shall have power to enforce this article by appropriate legislation.

# Amendment XXVII.

Originally proposed Sept. 25, 1789. Ratified May 7, 1992.

No law, varying the compensation for the services of the Senators and Representatives, shall take effect, until an election of representatives shall have intervened.

# OREGON STATE HOSPITAL

## POLICIES AND PROCEDURES

| | | |
|---|---|---|
| SECTION 8: | **Safety, Security, Emergency Management** | POLICY: **8.014** |
| SUBJECT: | **Room, Unit, Treatment Mall Searches** | |
| POINT PERSON: | SAFETY & SECURITY DIRECTOR | |
| APPROVED: | DOLORES MATTEUCCI | DATE: **March 20, 2019** |
| | SUPERINTENDENT | |

I. POLICY

    A. Oregon State Hospital (OSH) will maintain a safe and secure treatment environment by implementing guidelines for unannounced and scheduled searches of patient rooms, units, and treatment malls. All searches will be a collaborative effort between Security, other health care personnel (HCP), and patients. This policy does not apply to environmental checks or other related processes directed by Nursing Services protocols.

    B. A search may only be conducted if authorized by the appropriate program director or treatment mall manager. If the program director is unable to be reached to authorize the search, the Safety and Security Director may authorize the search.

    C. An unannounced search may be conducted as needed in response to reasonable cause to suspect presence of contraband, prohibited item(s), missing item(s), or for other identified safety, security, or treatment risks.

    D. An unannounced search of each unit and treatment mall will be conducted at least annually by the Safety and Security Department to locate potential contraband, prohibited items, and safety hazards.

    E. Security must notify the relevant program director and treatment mall manager prior to a search being conducted.

    F. Before a patient's room is searched, the patient must be informed of the search. The patient must be given opportunity to monitor the room search process.

    G. Common areas may be searched without patients being present.

    H. HCP must follow Procedures A, "Room Search Process," to conduct a room search. At least two HCP must be present during any room search.

    I. HCP must follow Procedures B, "Unit Search Process," to conduct a unit search.

J.   HCP must follow Procedures C, "Treatment Mall Search Process," to conduct a treatment mall search.

K.   If a personal search of a patient is considered to be necessary during a room, unit, or treatment mall search, HCP must follow OSH Policy and Procedures 8.041, "Personal Searches".

L.   Found contraband or prohibited items must be handled in accordance with the procedures in OSH Policies and Procedures 8.019, "Staff Response to Alleged Criminal Acts and Contraband"; 8.037, "Patient Property and Valuables: Handling and Storage"; 8.044, "Contraband and Prohibited Items"; and Oregon Administrative Rule (OAR) 309-108-0015.

M.   Upon authorization from the Superintendent, the Safety and Security Director may enlist assistance from the Department of Corrections Search Team.

N.   A HCP who fails to comply with this policy or related procedures may be subject to disciplinary action, up to and including dismissal.

## II.   DEFINITIONS

A.   "Chain of custody" means an unbroken, documented trail of accountability that proves the physical security, including movement and location, of an item.

B.   "Contraband" has the same definition as that in OSH Policy and Procedure 8.044, "Contraband and Prohibited Items."

C.   "Health care personnel (HCP)" for the purposes of this policy means the population of health care workers working in the OSH healthcare setting. HCP might include, but is not limited to: physicians, nurses, nursing assistants, therapists, technicians, dental personnel, pharmacists, laboratory personnel, students and volunteers, trainees, contractual staff not employed by the facility, and persons not directly involved in patient care (*e.g.,* clerical, dietary, housekeeping, maintenance).

D.   "Prohibited items" has the same meaning as that in OSH Policy and Procedure 8.044, "Contraband and Prohibited Items".

E.   "Reasonable cause" means a person has knowledge, notice of facts or circumstances which would lead a person of ordinary care and prudence to have strong suspicion.

## III.   PROCEDURES

Procedures A    Room Search

Procedures B    Unit Search

Procedures C    Treatment Mall Search

| SUBJECT: | Room, Unit, Treatment Mall Searches | POLICY NUMBER 8.014 |
|---|---|---|
| DATE: | March 20, 2019 | PAGE 3 OF 3 |

## IV. FORMS

Search Report Form S020-T3

Search Supplement Form S020-T4

## V. REFERENCES

42 CFR §482.13(c).

Oregon Administrative Rules §§ 309-108-000 — 309-108-0020.

Oregon Revised Statute § 162.135.

Oregon Revised Statute § 162.185.

Oregon State Hospital Policy and Procedure Manual. *Contraband and prohibited items*, 8.044. Author.

Oregon State Hospital Policy and Procedure Manual. *Incident reporting*, 1.003. Author.

Oregon State Hospital Policy and Procedure Manual. *Patient property and valuables*, 8.037. Author.

Oregon State Hospital Policy and Procedure Manual. *Patient rights*, 7.005. Author.

Oregon State Hospital Policy and Procedure Manual. *Personal searches*, 8.041. Author.

Oregon State Hospital Policy and Procedure Manual. *Staff response to alleged criminal acts and contraband*, 8.019. Author.

1-800 -452-7636

James Franis

503-585-2458

| PROCEDURES A | Room Search | POLICY NUMBER 8.014 |
| DATE | March 20, 2019 | PAGE 1 of 2 |

| Responsible Person/Group | Procedures |
|---|---|
| Nurse manager (or designee) | When a room search is deemed necessary in accordance with OSH Policy 8.014:<br><br>1. Request authorization from the program director for patient room search: Provide the following information to the program director:<br>  a. reasonable cause to suspect the presence of contraband, prohibited items, or drugs; or<br>  b. the security or safety risk that poses a danger to patients or others.<br>2. Determine if additional staff will be necessary for the search.<br>3. Contact Security manager or designee to coordinate the search, if necessary.<br>4. Designate a HCP to lock the patient's room until the search is conducted.<br>5. Establish a chain of custody for contraband or prohibited items located during room search.<br>6. Communicate results to the program director. |
| Program director | 1. Review search request.<br>2. Authorize the search if deemed necessary.<br>3. Review search results. |
| Security Director or manager | 1. Coordinate Security assistance.<br>2. Develop plan with HCP about scope of search, search plan, and possible risks.<br>3. Assign or lead a Security team to assist with room search.<br>4. Review and assist with documentation of chain of custody, evidence handling, and incident reports from Security staff.<br>5. If contraband or prohibited items are found, follow OSH Policies and Procedures 8.019, "Staff Response to Alleged Criminal Acts and Contraband"; 8.037, "Patient Property and Valuables: Handling and Storage"; 8.044, "Contraband and Prohibited Items"; and Oregon Administrative Rule (OAR) 309-108-0015. |
| Security staff | 1. Complete search according to established plan.<br>2. Complete incident reports as necessary per OSH Policy and Procedure 1.003, "Incident Reporting". |

| PROCEDURES A | Room Search | POLICY NUMBER 8.014 |
| DATE | March 20, 2019 | PAGE 2 of 2 |

| MHT, nurse, or MHST | 1. Coordinate resources to assist with the unannounced search with the on-shift Security manager. |
| | 2. Inform the patient of the search and offer the patient opportunity to observe the search. |
| | 3. Conduct a security check of the patient as outlined in OSH Policy and Procedure, 8.041, "Personal Searches." |
| | 4. Allow the patient to be present for the room search by: |
| |    a. Placing a chair about two feet from the patient's room door to sit on or stand by. The patient may not enter the room until the search is complete. |
| |    b. Search the patient's property inside of the room. |
| |    c. Return the patient's property to original state or location. |
| | 5. Remove any prohibited items, contraband, or missing equipment from patient's room. |
| | 6. Document the reason for the search and any outcome of concern in the patient's medical record. If the patient chooses not to be present for the search, document the choice in the medical record. |
| | 7. Return found items to unit HCP. Follow OSH Policy and Procedure 8.044, "Contraband and Prohibited Items" when handling prohibited items. |

| Responsible Person/Group | Procedures |
|---|---|
| Nurse manager (or designee) | When a unit search is deemed necessary in accordance with OSH Policy 8.014:<br><br>1. Request authorization from the program director for the unit search. Provide the following information to the program director:<br>  a. reasonable cause to suspect the presence of contraband, prohibited items, or drugs; or<br>  b. the security or safety risk that poses a danger to patients or others.<br>2. Determine if additional staff will be necessary for the search.<br>3. Contact Security manager or designee to coordinate the search, if necessary.<br>4. Designate a HCP to lock patient rooms until the search is conducted.<br>5. Assist with the common area and patient rooms search. Follow Procedures A, "Room Search".<br>6. Establish a chain of custody for contraband or prohibited items located during the search.<br>7. Communicate results to the program director. |
| Program director | 1. Review search request.<br>2. Authorize search if deemed necessary.<br>3. Review search results. |
| Security Director or manager | 1. Arrange scheduled searches by:<br>  a. developing a search schedule,<br>  b. coordinating Security staff, and<br>  c. notifying the program director prior to the search.<br>2. Coordinate Security assistance with unit HCP.<br>3. Develop plan with HCP and program director about scope of search, search plan, and possible risks.<br>4. Assign or lead a Security team to assist with search.<br>5. If contraband or prohibited items are found, follow OSH Policies and Procedures 8.019, "Staff Response to Alleged Criminal Acts and Contraband"; 8.037, "Patient Property and Valuables: Handling and Storage"; 8.044, "Contraband and Prohibited Items"; and Oregon Administrative Rule (OAR) 309-108-0015.<br>6. Document the search.<br>7. Review and assist with documentation of chain of custody, evidence handling, and incident reports from Security staff. |

| **PROCEDURES B** | **Unit Search** | **POLICY NUMBER 8.014** |
| **DATE** | **March 20, 2019** | **PAGE 2 of 2** |

| | |
|---|---|
| | 8. Provide a written report and risk assessment to the program director. |
| Security staff | 1. Complete search according to established plan. |
| | 2. Complete incident reports as necessary per OSH Policy and Procedure 1.003, "Incident Reporting". |
| MHT, nurse, or MHST | 1. Verify no patients are inside of rooms and lock rooms. |
| | 2. Search common areas and tub room before starting unit search. |
| | 3. Conduct a security check of each patient as outlined in OSH Policy and Procedure, 8.041, "Personal Searches." |
| | 4. Allow patients to be in common areas, activity rooms, or air court. |
| | 5. Follow Procedures A, "Room Search" to conduct each patient room search. |
| | 6. If there are any findings of concern, document the findings in the patient's medical record. |
| | 7. Return found items to unit HCP. Follow OSH Policy and Procedure 8.044, "Contraband and Prohibited Items" when handling prohibited items. |

| PROCEDURES C | Treatment Mall Search | |
|---|---|---|
| **DATE** | **March 20, 2019** | |

| Responsible Person/Group | Procedures |
|---|---|
| HCP | When a treatment mall search is deemed necessary in accordance with OSH Policy 8.014:<br><br>1. Request authorization from the treatment mall manager for a treatment mall search. Provide the following information to the treatment mall manager:<br><br>  a. reasonable cause to suspect the presence of contraband, prohibited items,<br><br>  b. missing items that pose risk, or<br><br>  c. the security or safety risk that poses a danger to patients or others.<br><br>2. If there is reason to believe a patient may have a missing item, consider requesting a security check for each patient who could have accessed the item. Follow OSH Policy and Procedures 8.041, "Personal Searches." |
| Treatment mall HCP | 1. After receiving authorization for an unannounced search, notify the Safety and Security Department.<br><br>2. Coordinate a search plan with the on-shift Security manager to determine:<br><br>  a. area requiring search,<br><br>  b. the missing items or equipment, and<br><br>  c. identify patients who may have accessed a missing item.<br><br>3. Begin the search when patients are not present on the treatment mall unless there is reasonable cause to believe an item missed during the staff's inventory check was accounted for before the treatment mall was started.<br><br>4. Be present to assist with Security during the search.<br><br>5. Designate a HCP to lock rooms.<br><br>6. If deemed necessary, conduct a security check of each patient who may have been involved in the incident as outlined in OSH Policy & Procedure, 8.041, "Personal Searches".<br><br>7. Document the outcome of the search and any findings of concern in the relevant patient's medical record.<br><br>8. Return found items to treatment mall HCP. Follow OSH Policy and Procedure 8.044, "Contraband and Prohibited Items" when handling prohibited items. |

| PROCEDURES C | Treatment Mall Search | POLICY NUMBER 8.014 |
|---|---|---|
| DATE | March 20, 2019 | PAGE 2 of 2 |

| | |
|---|---|
| Treatment mall manager | 1. Review search request.<br>2. Authorize search if deemed necessary.<br>3. Review search results. |
| Security Director or Manager | 1. Arrange scheduled searches by:<br>   a. developing a search schedule,<br>   b. coordinating Security staff, and<br>   c. notifying the treatment mall manager prior to the search.<br>2. Develop plan with HCP and the treatment mall manager about scope of search, search plan, and possible risks.<br>3. Assign or lead a Security team to assist with the search.<br>4. Document search results.<br>5. Provide a written report and risk assessment to the treatment mall manager.<br>6. Review and assist with documentation of chain of custody, evidence handling, and incident reports from Security staff.<br>7. If contraband or prohibited items are found, follow OSH Policies and Procedures 8.019, "Staff Response to Alleged Criminal Acts and Contraband"; 8.037, "Patient Property and Valuables: Handling and Storage"; 8.044, "Contraband and Prohibited Items"; and Oregon Administrative Rule (OAR) 309-108-0015. |
| Security staff | 1. Complete search according to established plan.<br>2. Complete incident reports as necessary. |
| MHST or HCP | 1. If needed, conduct a security check of the patient as outlined in OSH Policy & Procedure, 8.041, "Personal Searches."<br>2. Return patients back to the unit.<br>3. If needed, assist treatment mall HCP with search.<br>4. Document the treatment mall search in an incident report. |

BEFORE THE PSYCHIATRIC SECURITY REVIEW BOARD

OF THE STATE OF OREGON

| | |
|---|---|
| In the Matter | ) PSRB No. 86-0860 |
| | ) OSH PatID No. 82231 |
| of | ) Yamhill County No. CR110171DV (DA# |
| | ) 103006) |
| DAVID MARTINEZ ROBLES | ) |
| | ) COMMIT ORDER |

This matter came before the Psychiatric Security Review Board on February 23, 2022, for a hearing pursuant to ORS 161.341(3). Board members present by video were Trisha Elmer, P.P.O., Julie Duke and Scott Reichlin, M.D., Chair. David Robles was present by video from the hearings room at the Oregon State Hospital in Junction City and his attorney, Harris Matarazzo, was present by video from the Hearings Room at the Oregon State Hospital in Salem. Assistant Attorney General Dan Toulson was present by video representing the State. The burden of proof as well as the burden of going forward was on Mr. Robles.

Prior to taking opening statements, Chair Reichlin reminded the parties that any protected information contained in the record or submitted to the Board is subject to the Protective Order which is contained in the Board's Exhibit 472. In addition, Chair Reichlin noted that an exhibit had been submitted by Mr. Robles prior to the hearing, which will be admitted as Exhibit 486. No objections were heard.

At the outset of the hearing, the parties stipulated that David Robles suffers from a qualifying mental disorder. In his opening statement, Attorney Matarazzo stated that he is seeking a discharge on behalf of his client or, in the alternative, that an evaluation for conditional release be ordered. Later, Attorney Matarazzo argued that he believes that Mr. Robles is no longer a danger to others, citing his insight into his mental illness, the need to remain sober, and medication compliance. Attorney Matarazzo stated that it is his contention that the reason Mr. Robles was dangerous in the past was due to substance abuse, and that a nexus between the qualifying mental disorder and dangerousness has not been established. Acknowledging that Mr.

Page 1 - COMMIT ORDER - DAVID MARTINEZ ROBLES

Robles engages in rule violations and unwelcomed behaviors, Attorney Matarazzo indicate that those are a result of a personality disorder only. Finally, Attorney Matarazzo indicated that any existing relational disfunction has been resolved since his parents, the victims of the instant offense, are now deceased.

In his opening statement, AAG Larsen urged the Board to accept the stipulation to a qualifying mental disorder. AAG Larsen stated that the State objects to a jurisdictional discharge, as well as an evaluation for conditional release, citing the State's belief that when Mr. Robles' qualifying mental disorder is active, he is a substantial danger to others. AAG Larsen did reserve the right to change his position, based on testimony that may be presented at the hearing. Later, AAG Toulson stated that the State continues to object to discharge as well as an evaluation for conditional release. AAG Toulson added that, based on the testimony at the hearing today, as well as the documentary evidence, an evaluation for conditional release is premature at this time, particularly in light of the numerous revocations that Mr. Robles has experienced.

The Board, having received four hundred eighty-six exhibits without objection, excluding any designated victim impact statements, and after considering all the evidence admitted on the record, FINDS AS FACT that:

1.    David Robles was found guilty except for insanity of the crime of Burglary I and was placed under the jurisdiction of the Psychiatric Security Review Board for a maximum period of time not to exceed 20 years by Yamhill County Circuit Court Judge Carroll J. Tichenor on January 25, 2012.

2.    David Robles is affected by a qualifying mental disorder as demonstrated by the stipulation of the parties at the outset of the hearing.

3.    David Robles, without adequate supervision and treatment, would continue to present a substantial danger to others as demonstrated by the underlying facts shown by the evidence. In making this finding, the Board recognizes and finds that Mr. Robles does also suffer from a non-qualifying condition, to wit, Narcissistic Personality Disorder (Exhibits 471, 476, 478, 480, 482, and 483). The Board considered the testimony of Simrat Sethi, M.D., who testified at the hearing that the symptoms of Mr. Robles's qualifying mental disorder are presently well controlled with his medication regimen, that he is taking his

medications voluntarily, that he has developed insight into his need to take medications, and that it is Mr. Robles's personality factors that are currently the barrier to his conditional release. However, the Board rejects the argument that this fact pattern supports that Mr. Robles must be discharged from the Board's jurisdiction. Rather, the Board considers the ameliorating impact that medications and 24-7 supports and services provided at the Oregon State Hospital have on Mr. Robles's psychiatric stability and risk of dangerousness. In that context, the Board finds that a preponderance of the evidence supports that if the symptoms of Mr. Robles's qualifying mental disorder were to become active, that they would combine with his non-qualifying conditions to cause him to be more dangerous than he would be with only the non-qualifying condition. This finding is supported by Dr. Sethi's unequivocal testimony that if the symptoms related to Mr. Robles's qualifying mental disorder, including mania expressed as pressured speech, grandiose ideation, labile effect, poor insight and social intrusiveness, were to become active in the future, Mr. Robles would become a substantial danger to others. Notwithstanding Mr. Robles's purported insight into his qualifying mental disorder and need for medications, Dr. Sethi also testified that if Mr. Robles was discharged from the Board's jurisdiction, he would be concerned that Mr. Robles would stop seeking care or that his medication compliance would wane. The most recent START, dated February 17, 2022, as found in Exhibit 457, describes Mr. Robles's dangerousness when he is not properly medicated:

> Mr. Robles has a reported history of violence or threat-making when he is not stable psychiatrically. He has a history of manic episodes and psychosis when not medicated properly. This includes an episode of arson. Mr. Robles has a history of community and inpatient supervision problems, which appear primarily due to narcissistic features that lead him to break rules, argue against authority, and attempts to minimize or rationalize his behaviors. Furthermore, he has demonstrated some antisocial attitudes by arguing he should not be held to system or other rules.

Further supporting this finding are the circumstances surrounding the crime of Arson I, for which he was previously placed under the jurisdiction Psychiatric Security Review Board for a period of 20 years, as described in the police reports contained in Exhibit 3. In addition are the circumstances surrounding the crime of Burglary I, for which he is currently placed under the jurisdiction of the Psychiatric Security Review Board, as described in the police reports contained in Exhibit 68. Further supporting this finding is Mr. Robles' extensive criminal history as shown in Exhibit 4. This finding is further supported by the documentation of dangerous behavior as well as opinions regarding Mr. Robles' dangerousness contained in Exhibits 2, 6, 73, 76, 81, 82, 86-87, 93-94, 100, 103, 109, 117-118, 148, 153, 160-161, 186, 194, 199, 206, 209, 215, 220, 225, 231, 233, 239-240, 251, 253, 256, 263, 265, 268, 271, 302, 309, 339, 345-346, 354-355, 368, 372, 374, 374-376, 380-382, 389, 408, 418, 420, 425, 430, 440, 444, 456, and 467.

4.    David Robles did not prove by a preponderance of the evidence his fitness for discharge as required by the standards contained in ORS 161.351.

5.    David Robles could not be adequately controlled and treated in the community if he were conditionally released at this time. This finding is based upon the evidence in the record, including the expert testimony of Simrat Sethi, M.D., at the hearing, including unequivocal testimony that Mr. Robles was properly placed at the Oregon State Hospital at this time. Dr. Sethi further testified about hospital protocols associated with their recommending to the Board that an individual is ready for conditional release and further testified that Mr. Robles has not yet proceeded through the usual channels to be considered for conditional release, opining that an evaluation would, therefore, be premature at this time. When questioned by the Board as to whether or not there would be any reason for Mr. Robles to gain a conditional release without going through the normal channels, Dr. Sethi replied in the negative, stating that the usual channels would be the most appropriate, given the number of revocations that Mr. Robles has had, clarifying that there have been four revocations since 2012.

In support of his opinion, Dr. Sethi referenced Exhibit 457, a Risk Review Report dated July 27, 2021, in which the Risk Review Team stated that

...off-grounds privileges were denied as Mr. Robles is not presently engaging in treatment to address factors that have resulted in his previous revocations. Risk Review asked Mr. Robles to focus upon developing insight regarding rule-breaking behavior and problems with authority figures and to discuss how he is actively addressing these concerns at future Risk Reviews.

Dr. Sethi also opined through his testimony that the elements to include in a future conditional release plan include medication adherence, on-going sobriety, and desisting from the personality related issues, including rule breaking behaviors. Dr. Sethi testified that past examples of Mr. Robles's rule breaking behaviors include inappropriate internet use, setting up businesses without permission, and getting into conflicts with authority figures.

The Board CONCLUDES AS A MATTER OF LAW that:

1.    David Robles, being affected by a qualifying mental disorder which, when active, renders him a substantial danger to others, is under the jurisdiction of the Psychiatric Security Review Board.

2.    David Robles is not a proper subject for conditional release because he could not be adequately controlled and treated in the community, and therefore, it would not be in the best interest of justice and the protection of society to release him at this

Page 4 - COMMIT ORDER – DAVID MARTINEZ ROBLES

1    time.

2

3    IT IS HEREBY ORDERED, pursuant to ORS 161.346(1)(c) and 161.351(2) that David

     Robles be continued in commitment at a state hospital designated by the Oregon Health
4
     Authority for care, custody and treatment.  The Board denied the request for a community
5
     evaluation at this time.
6
         This order may be appealed pursuant to ORS 161.348.
7
         DATED this ___31st day of _____March_____, 2022.
8

9

10

11                                          _____
                                            Psychiatric Security Review Board Member
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 5 - COMMIT ORDER - DAVID MARTINEZ ROBLES

Skip to Main Content Logout My Account Search Menu Search Criminal, Traffic and Parking Case Records Refine Search Back · Location : All Locations · Images Help

# REGISTER OF ACTIONS
## CASE NO. CR110171DV

| | | |
|---|---|---|
| State of Oregon VS. DAVID ROBLES | § §<br>§<br>§<br>§<br>§<br>§ | Case Type: **Offense Felony**<br>Date Filed: **03/25/2011**<br>Location: **Yamhill**<br>District Attorney Number: **103006** |

### RELATED CASE INFORMATION

**Related Cases**
 RO110054 (Family)

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| Defendant | **ROBLES, DAVID** *Also Known As* **DAVID, MARTINEZ ROBLES**<br>547 SW CYPRESS ST<br>MCMINNVILLE, OR 97128<br>SID: OR05099628 | Male White<br>DOB: 1957<br>5' 6", 180 lbs | **Attorneys**<br>~~Gregorio A Perez-Selsky~~<br>*~~Court Appointed~~*<br>~~503-857-6509(W)~~ |
| Plaintiff | State of Oregon | | **KATHRYN PETERSEN**<br>503 434-7539(W)<br><br>~~Yamhill County District Attorney~~ |

### CHARGE INFORMATION

| Charges: ROBLES, DAVID | Statute | Level | Date |
|---|---|---|---|
| 1. Burglary-1 | 164.225 | Felony Class A | 03/09/2010 |
| 2. Menacing | 163.190 | Misdemeanor Class A | 03/09/2010 |
| 3. Harassment | 166.065(3) | Misdemeanor Class B | 03/09/2010 |

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

| | |
|---|---|
| 01/25/2012 | **Disposition** (Judicial Officer: Unassigned, Judge)<br>1. Burglary-1<br>    Finding - Guilty Except For Insanity<br>Created: 01/30/2012 12:00 AM |
| 01/25/2012 | **Judgment By Court Trial** (Judicial Officer: Tichenor, Carroll J)<br>1. Burglary-1<br>    Converted Disposition:<br>        Psychiatric Review Board - Year(s): 20.00<br>        Comment (Defendant to report to Yamhill County Adult Mental Health for evaluation by the Oregon Health Author- ity and/or Psychiatric Security Review Board liason)<br>Created: 01/25/2012 12:00 AM |
| 01/25/2012 | **Amended Judgment Amended** (Judicial Officer: Tichenor, Carroll J) Reason: Supersedes Previous Judgment<br>1. Burglary-1<br>    Converted Disposition:<br>        Psychiatric Review Board - Year(s): 20.00<br>        Comment (Defendant is appropriate for conditional release pursuant to ORS 161.327(2)(b);it is also ordered that the def report immediately to Yamhill Co Adult Mental Health for evaluation by the Oregon Health Authority and/or Psychiatric Security Review Board liason)<br>Created: 01/25/2012 12:00 AM |
| 02/02/2012 | **Disposition** (Judicial Officer: Unassigned, Judge)<br>2. Menacing<br>    Dismissed<br>3. Harassment<br>    Dismissed<br>Created: 02/02/2012 12:00 AM |

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/25/2011 | **Secret Indictment**<br>Created: 03/25/2011 12:00 AM |
| 03/25/2011 | **Order - Arrest Warrant** (Judicial Officer: Tichenor, Carroll J )<br>*Court Action: Signed; Court Action Date: 03/28/2011;* |

| | |
|---|---|
| | Signed: 03/28/2011 |
| | Created: 03/25/2011 12:00 AM |
| 03/25/2011 | **Warrant - Arrest** (Judicial Officer: Tichenor, Carroll J ) |
| | *Court Action: Signed; Court Action Date: 03/28/2011;* |
| | Signed: 03/28/2011 |
| | Created: 03/25/2011 12:00 AM |
| 09/19/2011 | **Notice - Hearing** |
| | Created: 09/19/2011 12:00 AM |
| 09/19/2011 | **Application** |
| | Created: 09/19/2011 12:00 AM |
| 09/19/2011 | **Order - Appointing Counsel** (Judicial Officer: Tichenor, Carroll J ) |
| | *Court Action: Signed; Court Action Date: 09/19/2011;* |
| | Signed: 09/19/2011 |
| | Created: 09/19/2011 12:00 AM |
| 09/19/2011 | **Hearing** (Judicial Officer: Tichenor, Carroll J ) |
| | *Comment: Taken into custody to be booked on warrant & released Set status/trc; Room: D236;* |
| | Created: 09/19/2011 12:00 AM |
| 09/19/2011 | **Arraignment - Count** |
| | Created: 09/19/2011 12:00 AM |
| 09/19/2011 | **Remove - Inactive Status** |
| | Created: 09/19/2011 12:00 AM |
| 09/19/2011 | **Arraignment** (1:45 PM) () |
| | *Comment: surrender on wt;* |
| | Created: 09/19/2011 1:45 PM |
| 09/21/2011 | **Order** (Judicial Officer: Tichenor, Carroll J ) |
| | *Comment: Status of Release hrg set Def taken into custody; Court Action: Signed; Court Action Date: 09/19/2011;* |
| | Signed: 09/19/2011 |
| | Created: 09/21/2011 12:00 AM |
| 09/21/2011 | **Release** |
| | *Comment: Judge s Release no contact w/ victim; comply w/ mental health treatment;* |
| | Created: 09/21/2011 12:00 AM |
| 09/21/2011 | **Return - Service Arrest Warrant** |
| | *Comment: Served by YCSO 9/19/11;* |
| | Created: 09/21/2011 12:00 AM |
| 09/22/2011 | **Hearing** (Judicial Officer: Tichenor, Carroll J ) |
| | *Comment: Reset/ need atty and Patricia Brown to be present Set TRC; Room: D236;* |
| | Created: 09/22/2011 12:00 AM |
| 09/22/2011 | **Notice - Hearing** |
| | Created: 09/22/2011 12:00 AM |
| 09/22/2011 | **Hearing** (1:45 PM) () |
| | *Comment: RE: STATUS OF RELEASE;* |
| | Created: 09/22/2011 1:45 PM |
| 09/23/2011 | **Order** (Judicial Officer: Tichenor, Carroll J ) |
| | *Comment: trc hrg set sign new rel agreement; Court Action: Signed; Court Action Date: 09/22/2011;* |
| | Signed: 09/22/2011 |
| | Created: 09/23/2011 12:00 AM |
| 09/26/2011 | **Agreement - Conditional Release** |
| | *Comment: modified;* |
| | Created: 09/26/2011 12:00 AM |
| 09/26/2011 | **Certificate - Victim Notification** |
| | *Comment: Melchor Mendez Robles;* |
| | Created: 09/26/2011 12:00 AM |
| 10/17/2011 | **Hearing - Pre Trial Conference** (Judicial Officer: Tichenor, Carroll J ) |
| | *Comment: Continue TRC; Room: D236;* |
| | Created: 10/17/2011 12:00 AM |
| 10/17/2011 | **Notice - Hearing** |
| | Created: 10/17/2011 12:00 AM |
| 10/17/2011 | **Hearing - Pre-Trial Conference** (4:00 PM) () |
| | *Comment: 1ST PTC SETTING;* |
| | Created: 10/17/2011 4:00 PM |
| 10/18/2011 | **Order** (Judicial Officer: Tichenor, Carroll J ) |
| | *Comment: Set TRC/MI101013 to track w/this case; Court Action: Signed; Court Action Date: 10/17/2011;* |
| | Signed: 10/18/2011 |
| | Created: 10/18/2011 12:00 AM |
| 10/31/2011 | **Hearing - Pre Trial Conference** (Judicial Officer: Stone, Ronald W ) |
| | *Comment: Cont TRC; Room: C218;* |
| | Created: 10/31/2011 12:00 AM |
| 10/31/2011 | **Hearing - Pre-Trial Conference** (4:00 PM) () |
| | *Comment: 2ND PTC SETTING;* |
| | Created: 10/31/2011 4:00 PM |
| 11/01/2011 | **Notice - Hearing** |
| | Created: 11/01/2011 12:00 AM |
| 11/01/2011 | **Order** (Judicial Officer: Stone, Ronald W ) |
| | *Comment: trc hrg set; Court Action: Signed; Court Action Date: 10/31/2011;* |
| | Signed: 10/31/2011 |
| | Created: 11/01/2011 12:00 AM |
| 11/21/2011 | **Hearing - Pre Trial Conference** (Judicial Officer: Stone, Ronald W ) |
| | *Comment: Set Stipulated Facts Trial; Room: C218;* |
| | Created: 11/21/2011 12:00 AM |
| 11/21/2011 | **Notice - Trial** |
| | Created: 11/21/2011 12:00 AM |
| 11/21/2011 | **Hearing - Pre-Trial Conference** (4:00 PM) () |
| | *Comment: 3RD PTC SETTING;* |
| | Created: 11/21/2011 4:00 PM |

1

2          IN THE CIRCUIT COURT OF THE STATE OF OREGON

3                    FOR THE COUNTY OF YAMHILL

FILED
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT

2012 JAN 25  PM 2: 09

TRIAL COURT ADMINISTRATOR

BY_____

4    THE STATE OF OREGON,            )

5              Plaintiff,            )    No. CR110171DV
                                     )
6         v.                         )    JUDGMENT AND
                                     )    ORDER UPON FINDING
7                                    )    OF GUILTY EXCEPT FOR
                                     )    INSANITY
8    DAVID ROBLES,                   )
                                     )
9              Defendant.            )

10

11         THIS MATTER came before the court on January 23, 2012 and January 25, 2012, for a

12    stipulated facts trial to the court. Defendant appeared in person with his attorney, Greg Perez-

13    Selsky, and the State of Oregon appeared by Kathryn Petersen, Deputy District Attorney for

14    Yamhill County, and;

15         IT APPEARING TO THE COURT that the defendant has given notice of intent to rely on

16    evidence of mental disease or defect as an affirmative defense; and

17         IT FURTHER APPEARING TO THE COURT that on January 23, 2012 and January 25,

18    2012, the matter came to trial before the court, the defendant having waived his right to trial by

19    jury in writing; and the court having heard the evidence of the State and the defendant, and being

20    fully advised in the premises

21         THE COURT HEREBY FINDS:

22         That the defendant, David Robles, committed the act alleged in Count 1 of the Indictment

23    constituting the crime of Burglary in the First Degree;

24         That, based on a letter from Joseph Arnold, M.D., dated January 19, 2012 and testimony

25    from Stewart Stout on January 23, 2012, that the defendant is affected by a mental disease or

26    defect;

JUDGMENT AND ORDER UPON FINDING OF GUILTY EXCEPT FOR INSANITY
Page 1

1      That as a result of mental disease or defect at the time of engaging in criminal conduct,

2   the defendant lacked substantial capacity either to appreciate the criminality of his actions or to

3   conform his conduct to the requirements of the law;

4      That the defendant would have been guilty of a felony charge during a criminal episode.

5      That the victim of the crime, Melchor Robles, residing at 5165 SE Booth Bend Road,

6   McMinnville OR 97128, does desire notification of any Psychiatric Security Review Board and/or

7   Oregon Health Authority hearings, conditional release, discharge or escape of the defendant.

8      IT IS HEREBY ORDERED AND ADJUDGED that the defendant, David Robles, is guilty

9   except for insanity of the crime of Burglary; and

10      IT IS FURTHER ORDERED AND ADJUDGED that the defendant be placed under the

11   jurisdiction of the Oregon Health Authority and/or Psychiatric Security Review Board for care,

12   custody, and treatment for a maximum period of time not to exceed :20 years (Count 1); and

13      IT IS FURTHER ORDERED AND ADJUDGED that the defendant report to Yamhill County

14   Adult Mental Health for evaluation by the Oregon Health Authority and/or Psychiatric Security

15   Review Board liaison.

16

17

18   DATED:   / - 2 5 - / 2   .

19

20                                    Judge Carroll Tichenor

21

22   CC:

23   Executive Director
     Psychiatric Security Review Board
     620 SW Fifth Avenue, Suite 907
24   Portland, OR 97204

25

26   Judgment and Order submitted by Kathryn Petersen, Deputy District Attorney, OSB #06464

JUDGMENT AND ORDER UPON FINDING OF GUILTY EXCEPT FOR INSANITY
Page 2

DISTRICT ATTORNEY
Yamhill County Courthouse
McMinnville, Oregon 97128  (503) 472-9371



FILED
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT

IN THE CIRCUIT COURT FOR THE STATE OF OREGON    12 JAN 26 PM 2: 21

FOR THE COUNTY OF YAMHILL

TRIAL COURT ADMINISTRATOR
BY_____

STATE OF OREGON,                    )          No. CR110171DV
                                    )
        Plaintiff,                  )
                                    )
    vs.                             )
                                    )
DAVID ROBLES,                       )
                                    )    STIPULATION OF FACTS REGARDING DEFENSE
        Aka: DAVID MARTINEZ ROBLES, )
                                    )         OF GUILTY EXCEPT FOR INSANITY
        Defendant.                  )
                                    )

COME NOW the parties to the above-entitled case, the state of Oregon by and through Assistant

District Attorney KATE PETERSEN, and the defendant by attorney, GREGORIO PEREZSELSKY, and

agree and stipulate as follows:

1.      That this stipulation is made for the purposes of a trial on stipulated facts with the agreed

result, contemplated by the parties, that the defendant will be found by the court to be Guilty Except for

Insanity as to the charge of: BURGLARY in the FIRST DEGREE. In reliance on such an agreement, the

defendant shall waive trial by jury and proceed to trial to the court alone and on the facts as stipulated by

the parties and the court will make findings as specified based upon said stipulation.

2.      That the court will find that the allegations specified above, are proven beyond a

reasonable doubt, such as to find the defendant herein, DAVID ROBLES, Guilty of BURGLARY in the

FIRST DEGREE; except that the court will, in addition, find the defendant has properly raised and

proven the defense of Guilty Except for Insanity pursuant to ORS 161.295, ORS 161.305, and ORS

161.309, to those charges.

3.      FURTHER, that the court will find the crime of BURGLARY in the FIRST DEGREE, a

class A FELONY, with a maximum sentence of 20 years in prison and/or a maximum fine of $375,000.

Page 1 – STIPULATION OF FACTS REGARDING DEFENSE OF
              GUILTY EXCEPT FOR INSANITY

GREGORIO A. PEREZSELSKY
512 N.E. Fourth Street
Post Office Box 1354
McMinnville, Oregon 97128
Email: gperezselsky@spessart.com
Phone & Fax: (503) 434-5286

4.    FURTHER, that the court will find that at the time of the crime alleged the defendant suffered from a mental disease which caused the defendant to lack substantial capacity to appreciate the criminality of the defendant's conduct and to lack substantial capacity to conform the defendant's conduct to the requirements of law.

5.    FURTHER, that the court will find that the defendant would have been guilty of a felony, and that the defendant is affected by mental disease or defect.

6.    FURTHER, that the court will find that, although the defendant is affected by mental disease or defect and presents a substantial danger to others, the defendant can be adequately controlled by supervision and treatment if conditionally released, and makes such further orders as are appropriate pursuant to ORS 161.327(2)(b) and ORS 161.327(6).

FURTHER, the defendant, DAVID ROBLES, understands that as a result of said agreement, the defendant may be within the jurisdiction of the Psychiatric Security Review Board for a maximum period of 20 years and may be committed to or retained in a state hospital designed by the Mental Health Division for custody, care, and treatment for that maximum period, subject to the provisions of ORS 161.327, 161.336, 161.341, 161.346, and 161.351.

DATE: January 10, 2012

KATE PETERSEN
OSB No. 06464
Attorney for Plaintiff

DATE: January 10, 2012

GREGORIO PEREZSELSKY
OSB No. 783358
Attorney for Defendant

DATE: January 10, 2012

DAVID ROBLES
Defendant

Page 2 – STIPULATION OF FACTS REGARDING DEFENSE OF
GUILTY EXCEPT FOR INSANITY

GREGORIO A. PEREZSELSKY
512 N.E. Fourth Street
Post Office Box 1354
McMinnville, Oregon 97128
Email: gperezselsky@spessart.com
Phone & Fax: (503) 434-5286

FILED
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT

IN THE CIRCUIT COURT OF THE STATE OF OREGON

12 FEB -2 PM 2:31

FOR THE COUNTY OF YAMHILL

TRIAL COURT ADMINISTRATOR
BY_____

THE STATE OF OREGON,           )
                               )
              Plaintiff,        )     No. CR110171DV
                               )
v.                             )     FIRST AMENDED JUDGMENT AND
                               )     ORDER UPON FINDING
                               )     OF GUILTY EXCEPT FOR
                               )     INSANITY
DAVID ROBLES,                  )
                               )
              Defendant.        )

THIS MATTER came before the court on January 23, 2012 and January 25, 2012, for a

stipulated facts trial to the court. Defendant appeared in person with his attorney, Gregorio Perez-

Selsky, and the State of Oregon appeared by Kathryn Petersen, Deputy District Attorney for

Yamhill County, and;

IT APPEARING TO THE COURT that the defendant has given notice of intent to rely on

evidence of mental disease or defect as an affirmative defense; and

IT FURTHER APPEARING TO THE COURT that on January 23, 2012 and January 25,

2012, the matter came to trial before the court, the defendant having waived his right to trial by

jury in writing; and the court having heard the evidence of the State and the defendant, and being

fully advised in the premises

THE COURT HEREBY FINDS:

That the defendant, David Robles, committed the act alleged in Count 1 of the Indictment

constituting the crime of Burglary in the First Degree;

That, based on a letter from Joseph Arnold, M.D., dated January 19, 2012 and testimony

from Stewart Stout on January 23, 2012, that the defendant is affected by a mental disease or

defect; to wit: Schizoaffective Disorder;

1       That as a result of Schizoaffective Disorder, a mental disease or defect, at the time of

2   engaging in criminal conduct, the defendant lacked substantial capacity either to appreciate the

3   criminality of his actions or to conform his conduct to the requirements of the law;

4       That the defendant would have been guilty of a felony charge during a criminal episode;

5       And that the victim of the crime, Melchor Robles, residing at 5165 SE Booth Bend Road,

6   McMinnville OR  97128, does desire notification of any Psychiatric Security Review Board and/or

7   Oregon Health Authority hearings, conditional release, discharge or escape of the defendant.

8       IT IS HEREBY ORDERED AND ADJUDGED that the defendant, David Robles, is guilty

9   except for insanity of the crime of Burglary; and

10      IT IS FURTHER ORDERED AND ADJUDGED that the defendant be placed under the

11  jurisdiction of the Oregon Health Authority and/or Psychiatric Security Review Board for care,

12  custody, and treatment for a maximum period of time not to exceed: 20 years (Count 1); and

13      IT IS FURTHER ORDERED AND ADJUDGED that the defendant is appropriate for

14  conditional release pursuant to ORS 161.327 (2)(b); it is also ordered that the defendant report

15  immediately to Yamhill County Adult Mental Health for evaluation by the Oregon Health Authority

16  and/or Psychiatric Security Review Board liaison.

17

18  DATED: _January 31, 2012_.

19

20                                              Judge Carroll Tichenor

21

22  CC;

23  Executive Director
    Psychiatric Security Review Board
24  620 SW Fifth Avenue, Suite 907
    Portland, OR 97204

25

26  First Amended Judgment and Order submitted by Kathryn Petersen, Deputy District Attorney, OSB #06464

JUDGMENT AND ORDER UPON FINDING OF GUILTY EXCEPT FOR INSANITY
Page 2
                            DISTRICT ATTORNEY
                        Yamhill County Courthouse
                McMinnville, Oregon 97128  (503) 472-9371

| | |
|---|---|
| 11/22/2011 | **Order** (Judicial Officer: Stone, Ronald W )<br>*Comment: hrg re: stip facts; Court Action: Signed; Court Action Date: 11/21/2011;*<br>Signed: 11/21/2011<br>Created: 11/22/2011 12:00 AM |
| 01/10/2012 | **Hearing** (Judicial Officer: Collins, John L )<br>*Comment: stip facts reset; Room: C241;*<br>Created: 01/10/2012 12:00 AM |
| 01/10/2012 | **Notice - Trial**<br>Created: 01/10/2012 12:00 AM |
| 01/10/2012 | **Order** (Judicial Officer: Stone, Ronald W )<br>*Comment: court trial set stip facts trial; Court Action: Signed; Court Action Date: 01/09/2012;*<br>Signed: 01/09/2012<br>Created: 01/10/2012 12:00 AM |
| 01/10/2012 | **Trial**  (9:30 AM) ()<br>*Comment: STIPULATED FACTS TRIAL 30 MIN;*<br>Created: 01/10/2012 9:30 AM |
| 01/23/2012 | **Exhibit - List**<br>*Comment: State s & def s;*<br>Created: 01/23/2012 12:00 AM |
| 01/23/2012 | **Receipt - Exhibit**<br>*Comment: to DDA K.Petersen & def aty G.Perez-Selsky;*<br>Created: 01/23/2012 12:00 AM |
| 01/23/2012 | **Trial - Court**  (10:00 AM) ()<br>Created: 01/23/2012 10:00 AM |
| 01/24/2012 | **Notice - Hearing**<br>Created: 01/24/2012 12:00 AM |
| 01/25/2012 | **Finding - Guilty Insane**<br>Created: 01/30/2012 12:00 AM |
| 01/25/2012 | **Judgment - Court Trial** (Judicial Officer: Tichenor, Carroll J )<br>*Court Action: Signed; Court Action Date: 01/25/2012;*<br>Signed: 01/25/2012<br>Created: 01/30/2012 12:00 AM |
| 01/25/2012 | **Hearing**  (1:45 PM) ()<br>*Comment: SIGNING OF WAIVER;*<br>Created: 01/25/2012 1:45 PM |
| 01/26/2012 | **Waiver - Jury Trial**<br>*Comment: npt 1/23/12;*<br>Created: 01/26/2012 12:00 AM |
| 01/26/2012 | **Order** (Judicial Officer: Tichenor, Carroll J )<br>*Comment: DA to prepare order; Court Action: Signed; Court Action Date: 01/23/2012;*<br>Signed: 01/23/2012<br>Created: 01/26/2012 12:00 AM |
| 01/26/2012 | **Order** (Judicial Officer: Tichenor, Carroll J )<br>*Comment: waiver signed /DA to submit order; Court Action: Signed; Court Action Date: 01/25/2012;*<br>Signed: 01/25/2012<br>Created: 01/26/2012 12:00 AM |
| 02/02/2012 | **Order - Dismissal** (Judicial Officer: Tichenor, Carroll J )<br>*Comment: w/mo CT#2 & CT#3/def found guilty but insane on CT#1; Court Action: Signed; Court Action Date: 02/01/2012;*<br>Signed: 02/01/2012<br>Created: 02/02/2012 12:00 AM |
| 02/02/2012 | **Dismissed**<br>Created: 02/02/2012 12:00 AM |
| 02/02/2012 | **Closed**<br>Created: 02/02/2012 12:00 AM |
| 02/02/2012 | **Judgment - Amended** (Judicial Officer: Tichenor, Carroll J )<br>*Court Action: Signed; Court Action Date: 01/31/2012;*<br>Signed: 01/31/2012<br>Created: 02/02/2012 12:00 AM |
| 02/03/2012 | **Disposition - Reported**<br>Created: 02/03/2012 12:00 AM |
| 02/14/2012 | **Order**<br>*Comment: of revocation before the PSRB;*<br>Created: 02/14/2012 12:00 AM |
| 02/14/2012 | **Letter**<br>*Comment: to court from Oregon Health Authority re:hrg sched 3/2/12;*<br>Created: 02/14/2012 12:00 AM |
| 03/20/2012 | **Order - Commitment**<br>*Comment: before the Oregon State Hosp Review Panel;*<br>Created: 03/20/2012 12:00 AM |
| 12/10/2013 | **Notice**<br>*PSRB*<br>Created: 12/10/2013 10:48 AM |
| 07/02/2014 | **Notice**<br>Created: 07/02/2014 10:33 AM |
| 07/15/2014 | **Notice**<br>Created: 07/15/2014 9:27 AM |
| 08/12/2014 | **Notice**<br>*PSRB*<br>Created: 08/12/2014 3:45 PM |
| 08/07/2015 | **Notice**<br>Created: 08/07/2015 10:53 AM |
| 01/24/2017 | **Notice**<br>Created: 01/24/2017 8:24 AM |
| 02/16/2017 | **Notice** |

|            |                                          |
|------------|------------------------------------------|
|            | *PSRB* <br> Created: 02/16/2017 11:05 AM |
| 04/19/2017 | **Notice** <br> Created: 04/19/2017 3:50 PM |
| 06/06/2017 | **Notice** <br> Created: 06/06/2017 2:15 PM |
| 06/13/2017 | **Notice** <br> *PSRB* <br> Created: 06/14/2017 8:24 AM |
| 06/19/2017 | **Notice** <br> Created: 06/19/2017 3:39 PM |
| 07/03/2017 | **Notice** <br> *PSRB* <br> Created: 07/03/2017 2:29 PM |
| 08/28/2017 | **Notice** <br> *PSRB* <br> Created: 08/28/2017 10:04 AM |
| 09/13/2017 | **Notice** <br> *PSRB* <br> Created: 09/13/2017 1:50 PM |

FILED
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT

11 MAR 25 PM 4:07

TRIAL COURT ADMINISTRATOR
BY_____

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF YAMHILL

STATE OF OREGON,
               Plaintiff,

vs.

*David Robles, aka RWS*
DAVID MARTINEZ ROBLES,
DOB: 02/24/1957
SID#: 5099628       FPN:

               Defendant.

INDICTMENT

Court#:  CR11 0191 DV
DA#:    103006

The above-named defendant is accused by the Grand Jury by this Indictment of the following offense:

**Count 1:**    Burglary in the First Degree
                 (FSG 9; A Felony ORS 164.225)

**Count 2:**    Menacing Constituting Domestic Violence*
                 (A Misdemeanor; ORS 163.190)

**Count 3:**    Harassment*
                 (B Misdemeanor; ORS 166.065)

Committed as follows:

**Count 1:  Burglary in the First Degree**
The defendant David Robles on or about March 9, 2010, in Yamhill County, Oregon, did unlawfully and knowingly enter and/or remain in a dwelling located at 5165 Booth Bend Road, McMinnville, with the intent to commit the crime of menacing and/or assault and/or harassment therein.

**Count 2:  Menacing Constituting Domestic Violence***
The defendant David Robles on or about March 9, 2010, in Yamhill County, Oregon, did unlawfully and intentionally attempt to place Melchor Mendez Robles, a member of defendant's family or household, in fear of imminent serious physical injury; the defendant's conduct thereby constituting domestic violence.

INDICTMENT
Page 1

**Count 3: Harassment***
The defendant David Robles on or about March 9, 2010, in Yamhill County, Oregon, did unlawfully and intentionally harass or annoy Melchor Mendez Robles by subjecting Melchor Mendez Robles to offensive physical contact.

These acts contrary to statute and against the peace and dignity of the State of Oregon.

DATED:  _03-24-11_

WITNESSES GIVING TESTIMONY:
(in person unless otherwise indicated)

✓ A TRUE BILL

M. Robles
Deputy J. Caughlin

Foreperson of the Grand Jury

_Kate Petersen for Brad Berry_
District Attorney

INDICTMENT
Page 2

1

2    ☐ The State does not request a warrant at this time.

3

4    X  The State moves the Court for an order directing that a warrant issue for the arrest of the defendant and that security be set in the amount of  $ 27,500

5    X  The District Attorney designates this Indictment as CONFIDENTIAL until such time as the Defendant has been arrested and held to answer the charges.

6

7                                                           by: _____
                                                           District Attorney or Deputy

8

9    CLERK'S CERTIFICATE
     I hereby certify this copy to be a true, full and correct copy of the original record in my office.

10   DATE:_____          _____

11                                                           Clerk of the Circuit Court

12   Based on the above motion, IT IS HEREBY ORDERED that a warrant issue for the arrest of the defendant named herein and that security in connection with said arrest(s) in the amount of

13   $    22,500

14

15   DATE:    3 - 28 - 11          _____
                                                           Judge

16

17   Arresting Agency Case #: 11000747    MNS / Yamhill Co Sheriff

18

19   Case assigned to:  Kathryn A Petersen
                         Deputy District Attorney
                         Oregon State Bar No. 06464

20

21

22

23

24

25

26

INDICTMENT
Page 3

**ENTERED**

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF YAMHILL
YAMHILL
TRIAL COURT

THE STATE OF OREGON,

Plaintiff,    11 NOV 22  PM 1: 17    Case Number    CR110171DV

vs.

David Robles

TRIAL COURT ADMINISTRATOR

BY

Defendant.

**ARRAIGNMENT / PLEADING ORDER**

Date:  11 / 21 / 11

**Parties Appearing:**

DA or DDA: Kimberly

Judge: ☐ John L. Collins  ☑ Ronald W. Stone

Defense Attorney: G. Perez Selsky

☐ Carroll J. Tichenor  ☐ Cynthia L. Easterday

Defendant: ☐ IC ☑ NIC ☐ Not Appearing

☐ Interpreter: _____

☐ The above-named defendant is before the court for arraignment. ☐ Info ☐ Indict ☐ S/C ☐ VRO. A copy of the accusatory instrument or show cause order was provided and the defendant was advised of rights, including the right to counsel and the defendant:

☐ Applied for court appointed attorney and the court ☐ granted ☐ denied the defendant's request
☐ Court appoints _____ ☐ Will interview for court appointed attorney
☐ Will retain own attorney_____ ☐ Waived his/her right to an attorney

☐ Defendant was given the DUII diversion packet.
☐ Defendant is eligible for DUII diversion and the court ☐ grants ☐ denies the motion/petition for diversion
☐ Defendant is eligible for Drug Court.
☑ Defendant is before the court for ☑ Trial Report Conference ☐ Release Hearing ☐ Drug Court ☐ CCS
☐ Surrender on Warrant ☐ VRA ☐ FTA for _____ ☐ Release Conditions
☐
☐ Defendant failed to appear ☐ warrant ordered, SRA $_____ ☐ security forfeited ☐ diversion revoked
☐ DA to submit motion/order for warrant
☐ Defendant ☐ admitted ☐ denied the allegations in the revocation show cause.
☐ Defendant entered a plea of ☐ NOT guilty ☐ guilty to count(s)_____
☐ The ☐ defendant ☐ state requested the matter be continued. Reason:_____

**ACCORDINGLY, IT IS HEREBY ORDERED that the matter be continued for:**

☐ Preliminary Hearing/Arraignment on Indictment_____ @ _____ am/pm
☐ Trial Report Conference ☐ Divr Eligibility_____ @ _____ am/pm
☐ Entry of Plea ☐ Sentencing_____ @ _____ am/pm
☐ 6 Person Jury ☐ 12 Person Jury ☐ Court Trial_____ @ _____ am/pm
☐ Probation ☐ Diversion Revocation Hearing_____ @ _____ am/pm
☐ Drug Court ☐ CCS Court_____ @ _____ am/pm
☐ VRO Contempt of Court Hearing_____ @ _____ am/pm
☑ hrg re WBI/stip 1/10/12 30min @ 9:30 am/pm
   /facts
☐ Discovery due 5:00 pm_____ ☐ File Motions by_____
☐ **THE COURT ORDERS THE WARRANT RECALLED** ☐ Order for warrant withdrawn by the court
☐ Defendant taken into custody ☐ Defendant to be released from custody
☐ Release Agreement Revoked. ☐ Security Release:$_____ ☐ Conditional Release ☐ Book & Release

Dated:  11/21/11                    _Ronald W. Stone_
                                    CIRCUIT COURT JUDGE

Revised 05/2010  White - Court, Yellow - Jail, Pink - DA, Gold - Defendant          **ARRAIGNMENT / PLEADING ORDER**

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF YAMHILL

FILED
STATE OF OREGON
COUNTY OF YAMHILL
TRIAL

11 NOV -1 AM 10: 39

TRIAL COURT ADMINIS

BY

THE STATE OF OREGON,

　　　　　　　　　　Plaintiff,

　　vs.

David Robles

　　　　　　　　　　Defendant.

Case Number    CR11O171DV

**ARRAIGNMENT / PLEADING ORDER**

Date:  10-31-11

**Parties Appearing:**

DA or DDA:  A.K. Eagan

Defense Attorney:  G. Perebsesky

Defendant: ☐ IC ☒ NIC ☐ Not Appearing

☐ Interpreter: _____

Judge: ☐ John L. Collins  ☒ Ronald W. Stone

☐ Carroll J. Tichenor ☐ Cynthia L. Easterday

☐ _____

☐ The above-named defendant is before the court for arraignment. ☐ Info ☐ Indict ☐ S/C ☐ VRO. A copy of the accusatory instrument or show cause order was provided and the defendant was advised of rights, including the right to counsel and the defendant:

　　☐ Applied for court appointed attorney and the court ☐ granted ☐ denied the defendant's request

　　☐ Court appoints _____ ☐ Will interview for court appointed attorney

　　☐ Will retain own attorney_____ ☐ Waived his/her right to an attorney

☐ Defendant was given the DUII diversion packet.

☐ Defendant is eligible for DUII diversion and the court ☐ grants ☐ denies the motion/petition for diversion

☐ Defendant is eligible for Drug Court.

☒ Defendant is before the court for ☒ Trial Report Conference ☐ Release Hearing ☐ Drug Court ☐ CCS

　　☐ Surrender on Warrant ☐ VRA ☐ FTA for _____ ☐ Release Conditions

☐ _____

☐ Defendant failed to appear ☐ warrant ordered, SRA $_____ ☐ security forfeited ☐ diversion revoked

☐ DA to submit motion/order for warrant

☐ Defendant ☐ admitted ☐ denied the allegations in the revocation show cause.

☐ Defendant entered a plea of ☐ NOT guilty ☐ guilty to count(s)_____

☒ The ☒ defendant ☐ state requested the matter be continued. Reason: Further investigation

**ACCORDINGLY, IT IS HEREBY ORDERED that the matter be continued for:**

| | | | |
|---|---|---|---|
| ☐ | Preliminary Hearing/Arraignment on Indictment_____ | @ ____ | am/pm |
| ☒ | Trial Report Conference ☐ Divr Eligibility_____ Nov 21, 2011 | @ 4:00 | am/pm |
| ☐ | Entry of Plea ☐ Sentencing_____ | @ ____ | am/pm |
| ☐ | 6 Person Jury ☐ 12 Person Jury ☐ Court Trial_____ | @ ____ | am/pm |
| ☐ | Probation ☐ Diversion Revocation Hearing_____ | @ ____ | am/pm |
| ☐ | Drug Court ☐ CCS Court _____ | @ ____ | am/pm |
| ☐ | VRO Contempt of Court Hearing _____ | @ ____ | am/pm |
| ☐ | _____ | @ ____ | am/pm |

☐ Discovery due 5:00 pm_____ ☐ File Motions by_____

☐ **THE COURT ORDERS THE WARRANT RECALLED** ☐ Order for warrant withdrawn by the court

☐ Defendant taken into custody ☐ Defendant to be released from custody

☐ Release Agreement Revoked. ☐ Security Release:$_____ ☐ Conditional Release ☐ Book & Release

Dated:  10-31-11

_____
CIRCUIT COURT JUDGE

Revised 05/2010   White - Court, Yellow - Jail, Pink - DA,  Gold - Defendant

**ARRAIGNMENT / PLEADING ORDER**

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF YAMHILL

STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT

THE STATE OF OREGON,

Plaintiff,    12 JAN 26 PM 2: 16

vs.    TRIAL COURT ADMINISTRATOR    Case Number _CR11 0171 DV_

_Tavia Robles_    BY

Defendant.    **ARRAIGNMENT / PLEADING ORDER**

**Parties Appearing:**    Date: _1-26-12_

1 DA or DDA: _Peterson_    Judge: ☒ John L. Collins ☐ Ronald W. Stone
2 Defense Attorney: _Terry Selsby_    ☐ Carroll J. Tichenor ☐ Cynthia L. Easterday
3 Defendant: ☐ IC ☐ NIC ☐ Not Appearing    ☐ _____
4 ☐ Interpreter: _____
5 ☐ The above-named defendant is before the court for arraignment. ☐ Info ☐ Indict ☐ S/C ☐ VRO.  A copy
6 of the accusatory instrument or show cause order was provided and the defendant was advised of rights,
7 including the right to counsel and the defendant:
8     ☐ Applied for court appointed attorney and the court ☐ granted ☐ denied the defendant's request
9     ☐ Court appoints _____ ☐ Will interview for court appointed attorney
10     ☐ Will retain own attorney _____ ☐ Waived his/her right to an attorney
11 ☐ Defendant was given the DUII diversion packet. ☐ Good cause found to extend Diversion eligibility.
12 ☐ Defendant is eligible for DUII diversion and the court ☐ grants ☐ denies the motion/petition for diversion
13 ☐ Defendant is before the court for ☐ Trial Report Conference ☐ Release Hearing ☐ Drug Court ☐ CCS
14     ☐ Surrender on Warrant ☐ VRA ☐ FTA for _____ ☐ Release Conditions
15     ☐ Status check ☒ Other: _Def to sign waiver of jury trial_
16 ☐ Defendant failed to appear ☐ warrant ordered, SRA $_____ ☐ security forfeited ☐ diversion revoked
17 ☐ Defendant ☐ admitted ☐ denied the allegations in the revocation show cause.
18 ☐ Defendant entered a plea of ☐ NOT guilty ☐ guilty to count(s) _____
19 ☐ The ☐ defendant ☐ state requested the matter be continued. Reason: _____
20 _(stip-facts trial was held 1/23/12)_
21     **ACCORDINGLY, IT IS HEREBY ORDERED** that the matter be continued for:
22 ☐ Preliminary Hearing/Arraignment on Indictment _____ @ _____ am/pm
23 ☐ Trial Report Conference ☐ Trial Readiness _____ @ _____ am/pm
24 ☐ Entry of Plea ☐ Sentencing ☐Div Eligibility/Entry _____ @ _____ am/pm
25 ☐ 6-Person Jury ☐ 12-Person Jury ☐ Court Trial _____ @ _____ am/pm
26 ☐ Probation ☐ Diversion Revocation Hearing _____ @ _____ am/pm
27 ☐ Drug Court ☐ CCS Court _____ @ _____ am/pm
28 ☐ VRO Contempt of Court Hearing _Waiver Signed_ @ _____ am/pm
29 ☐ Release Hearing ☐ Other: _DA to submit Order_ @ _____ am/pm
30 ☐ Discovery due 5:00 pm _____ ☐ File Motions by _____
31 ☐ **THE COURT ORDERS THE WARRANT RECALLED** ☐ Order for warrant withdrawn by the court
32 ☐ Defendant taken into custody ☐ Defendant to be released from custody
33 ☐ Release Agreement Revoked ☐ Security Release:$_____ ☐ Conditional Release ☐ Book & Release
34 ☐ No Offensive Contact with Victim/Co-def     ☐ Sign new Release Agreement
35     The defendant is prohibited from in any way contacting the victim, directly or through others, while defendant is in
36     custody and at all times while this matter is pending, unless specifically otherwise allowed by the court.
37 Dated: _1-26-12_

CIRCUIT COURT JUDGE

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF YAMHILL

FILED
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT

12 JAN 26  PM 2:16

TRIAL COURT ADMINISTRATOR

BY _____

THE STATE OF OREGON,
                          Plaintiff,

        vs.

*Laurel Robles*
                          Defendant.

Case Number _CR11 0171 DV_

**ARRAIGNMENT / PLEADING ORDER**

**Parties Appearing:**
DA or DDA: _Peterson_
Defense Attorney: _Dere Selsby_
Defendant: ☐ IC ☐ MC ☐ Not Appearing
☐ Interpreter: _____

Date: _1-23-11_
Judge: ☐ John L. Collins  ☐ Ronald W. Stone
☐ Carroll J. Tichenor  ☐ Cynthia L. Easterday
☐ _____

☐ The above-named defendant is before the court for arraignment. ☐ Info ☐ Indict ☐ S/C ☐ VRO.  A copy of the accusatory instrument or show cause order was provided and the defendant was advised of rights, including the right to counsel and the defendant:

     ☐ Applied for court appointed attorney and the court ☐ granted ☐ denied the defendant's request
        ☐ Court appoints _____  ☐ Will interview for court appointed attorney
        ☐ Will retain own attorney _____  ☐ Waived his/her right to an attorney

☐ Defendant was given the DUII diversion packet.    ☐ Good cause found to extend Diversion eligibility.
☐ Defendant is eligible for DUII diversion and the court ☐ grants ☐ denies the motion/petition for diversion
☐ Defendant is before the court for ☐ Trial Report Conference ☐ Release Hearing ☐ Drug Court ☐ CCS
     ☐ Surrender on Warrant ☐ VRA ☐ FTA for _____  ☐ Release Conditions
     ☐ Status check ☐ Other: _Trial - Step jackets_
☐ Defendant failed to appear ☐ warrant ordered, SRA $_____  ☐ security forfeited ☐ diversion revoked
☐ Defendant ☐ admitted  ☐ denied the allegations in the revocation show cause.
☐ Defendant entered a plea of ☐ NOT guilty ☐ guilty to count(s) _____ _DA to prepare order_
☐ The ☐ defendant ☐ state requested the matter be continued. Reason: _____

**ACCORDINGLY, IT IS HEREBY ORDERED** that the matter be continued for:
☐ Preliminary Hearing/Arraignment on Indictment _____ @_____ am/pm
☐ Trial Report Conference  ☐ Trial Readiness _____ @_____ am/pm
☐ Entry of Plea ☐ Sentencing  ☐Div Eligibility/Entry _____ @_____ am/pm
☐ 6-Person Jury ☐ 12-Person Jury ☐ Court Trial _____ @_____ am/pm
☐ Probation ☐ Diversion Revocation Hearing _____ @_____ am/pm
☐ Drug Court ☐ CCS Court _____ @_____ am/pm
☐ VRO Contempt of Court Hearing _____ @_____ am/pm
☐ Release Hearing ☐ Other: _____ @_____ am/pm
☐ Discovery due 5:00 pm _____ ☐ File Motions by _____
☐ **THE COURT ORDERS THE WARRANT RECALLED** ☐ Order for warrant withdrawn by the court
☐ Defendant taken into custody ☐ Defendant to be released from custody
☐ Release Agreement Revoked ☐ Security Release:$_____  ☐ Conditional Release ☐ Book & Release
☐ No Offensive Contact with Victim/Co-def    ☐ Sign new Release Agreement
     **The defendant is prohibited from in any way contacting the victim, directly or through others, while defendant is in custody and at all times while this matter is pending, unless specifically otherwise allowed by the court.**

Dated: _1-23-12_                    _Carroll J. Tichenor_
                                    CIRCUIT COURT JUDGE

ARRAIGNMENT / PLEADING ORDER     White - Court, Yellow - Jail, Pink - DA, Gold - Defendant
(Revised 06/2011)

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF YAMHILL

STATE OF OREGON

12 JAN 26 PM 2: 55

Petitioner,

TRIAL COURT ADMINISTRATOR

Case No.: _CR110171 DV_

BY

vs.

DAVID ROBLES

Defendant. )    **WAIVER OF JURY TRIAL**

I, the above-named defendant, hereby acknowledge that I have a Constitutional right to have a duly empaneled jury decide whether the state can prove my guilt beyond a reasonable doubt. I declare that I do NOT desire to have this case decided by a jury. I hereby knowingly, voluntarily and with advise of an attorney or after waiving my right to an attorney, WAIVE my right to a trial by jury. I hereby further consent that this case may be heard by a judge of the Court, sitting alone, without a jury, and judgments rendered thereon. I execute this waiver voluntarily with a full understanding of my rights and without any threat or promise.

Dated: _NUNC PRO TUNC 1/23/12_          _David Robles_
                                                          Defendant

The above-captioned case came before me this date. The defendant was fully advised of his or her statutory and Constitutional right to a trial by jury in the above-entitled case. After having been so advised, the defendant did then and there execute the above waiver in my presence and acknowledge to me that said waiver was executed voluntarily and with advise of counsel or after counsel was freely and voluntarily waived. The defendant did then agree to proceed with a trial before the court.

The Court finds that the defendant is acting knowingly, voluntarily, without threat or promise and with a full understanding of the right to a jury trial.

Dated: _1-25-12_          _C. Tichenor_
           NUNC PRO TUNC                    Circuit Court Judge
           1-23-12

Revised 11/2005          White - Court; Yellow - Defendant; Pink - DA          **WAIVER OF JURY TRIAL**

**EXHIBIT LIST**

Date: _1-23-11_

Judge: _Icheroe_

Clerk: _Rehm_

Case No: _CR11 01710V_

Name: _State / Robles_

Attys: _Petersen    Peru Selsky_

Cause of Action: _Stip Facts Trial_

### Plaintiff

| Number | Description | Offered | Rec'd |
|--------|-------------|---------|-------|
| 1 | Incident Report    3/23/11 - YCSO | ✓ | ✓ |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### Defendant

| Number | Description | Offered | Rec'd |
|--------|-------------|---------|-------|
| 101 | Dr. Arnold letter  1-19-12 | ✓ | ✓ |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF YAMHILL

FILED
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT

12 JAN 10 PM 2: 51

TRIAL COURT ADMINISTRATOR

BY _____

1
2  THE STATE OF OREGON,
3                                    Plaintiff,        )    Case Number    CR110171DV
4        vs.                                           )
5                                                      )    ARRAIGNMENT / PLEADING ORDER
6  David Robles                                        )
7                                    Defendant.        )

8  **Parties Appearing:**                             Date: 1-10-12
9  DA or DDA: Petersen                                 Judge: ☒ John L. Collins  ☐ Ronald W. Stone
10 Defense Attorney: Perez-Selsky                      ☐ Carroll J. Tichenor  ☐ Cynthia L. Easterday
11 Defendant: ☐ IC  ☒ NIC  ☐ Not Appearing            ☐ _____
12 ☐ Interpreter: _____
13 ☐ The above-named defendant is before the court for arraignment. ☐ Info ☐ Indict ☐ S/C ☐ VRO.  A copy
14    of the accusatory instrument or show cause order was provided and the defendant was advised of rights,
15    including the right to counsel and the defendant:
16         ☐ Applied for court appointed attorney and the court ☐ granted ☐ denied the defendant's request
17         ☐ Court appoints _____         ☐ Will interview for court appointed attorney
18         ☐ Will retain own attorney _____    ☐ Waived his/her right to an attorney
19 ☐ Defendant was given the DUII diversion packet.   ☐   Good cause found to extend Diversion eligibility.
20 ☐ Defendant is eligible for DUII diversion and the court ☐ grants ☐ denies the motion/petition for diversion
21 ☒ Defendant is before the court for ☐ Trial Report Conference ☐ Release Hearing ☐ Drug Court ☐ CCS
22    ☐ Surrender on Warrant ☐ VRA ☐ FTA for _____    ☐ Release Conditions
23    ☐ Status check ☒ Other: Stipulated facts trial- GEI defense
24 ☐ Defendant failed to appear ☐ warrant ordered, SRA $_____ ☐ security forfeited ☐ diversion revoked
25 ☐ Defendant ☐ admitted ☐ denied the allegations in the revocation show cause.
26 ☐ Defendant entered a plea of ☐ NOT guilty ☐ guilty to count(s) _____
27 ☒ The ☒ defendant ☐ state requested the matter be continued. Reason: obtain expert report
28                                    regarding defendant's GEI defense
29
30      **ACCORDINGLY, IT IS HEREBY ORDERED** that the matter be continued for:
31 ☐ Preliminary Hearing/Arraignment on Indictment _____    @ _____ am/pm
32 ☐ Trial Report Conference ☐ Trial Readiness _____    @ _____ am/pm
33 ☐ Entry of Plea ☐ Sentencing ☐Div Eligibility/Entry _____    @ 1000 am/pm
34 ☐ 6-Person Jury ☐ 12-Person Jury ☒ Court Trial 1-23-12 (stipulated    @ 830 am/pm
35 ☐ Probation ☐ Diversion Revocation Hearing _____ facts trial)    @ _____ am/pm
36 ☐ Drug Court ☐ CCS Court _____    @ _____ am/pm
37 ☐ VRO Contempt of Court Hearing _____    @ _____ am/pm
38 ☐ Release Hearing ☐ Other: _____    @ _____ am/pm
39 ☐ Discovery due 5:00 pm _____    ☐ File Motions by _____
40 ☐ **THE COURT ORDERS THE WARRANT RECALLED** ☐ Order for warrant withdrawn by the court
41 ☐ Defendant taken into custody ☐ Defendant to be released from custody
42 ☐ Release Agreement Revoked ☐ Security Release:$_____  ☐ Conditional Release ☐ Book & Release
43 ☐ No Offensive Contact with Victim/Co-def  ☐  Sign new Release Agreement
44    **The defendant is prohibited from in any way contacting the victim, directly or through others, while defendant is in**
45    **custody and at all times while this matter is pending, unless specifically otherwise allowed by the court.**
46
47 Dated: 1-10-12 _____         _____
48                                    CIRCUIT COURT JUDGE

ARRAIGNMENT / PLEADING ORDER        White - Court, Yellow - Jail, Pink - DA, Gold - Defendant
(Revised 06/2011)

CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF YAMHILL

## ACKNOWLEDGMENT OF RECEIPT OF EXHIBITS

### Custodian for Plaintiff(s)/Petitioner(s)

I acknowledge receipt of the exhibits submitted by the Plaintiff(s)/Petitioner(s) in the matter noted on this exhibit list, subject to the requirements of the Uniform Trial Court Rule 6.120.

_____        Date: 1-23-12
Signature of Custodian

KATE PETERSEN
Printed Name

### Custodian for the Defendant(s)/Respondent(s)

I acknowledge receipt of the exhibits submitted by the Defendant(s)/Respondent(s) in the matter noted on this exhibit list, subject to the requirements of the Uniform Trial Court Rule 6.120.

_____        Date: 1-23-12
Signature of Custodian

Greg PEREZ-Selsky
Printed Name

Exhibit List-Revised 3/05

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF YAMHILL

FILED
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT

THE STATE OF OREGON, ~~ENTERED~~          )
                          Plaintiff,       )
vs.                                        )
                                           )
_David Robles_                             )
                          Defendant.       )

2011 OCT 18  AM 8: 37

Case Number _CR11.017.DB_
TRIAL COURT ADMINISTRATOR

BY _____

ARRAIGNMENT / PLEADING ORDER

Date: _10-17-11_

**Parties Appearing:**
DA or DDA: _Kimberly_
Defense Attorney: _G. Perezselsky_
Defendant: ☐ IC ☒NIC ☐ Not Appearing
☐ Interpreter: _____

Judge: ☐ John L. Collins ☐ Ronald W. Stone
☐ Carroll J. Tichenor ☐ Cynthia L. Easterday
☐ _____

☐ The above-named defendant is before the court for arraignment. ☐ Info ☐ Indict ☐ S/C ☐ VRO. A copy
   of the accusatory instrument or show cause order was provided and the defendant was advised of rights,
   including the right to counsel and the right:
         ☐ Applied for court appointed attorney and the court ☐ granted ☐ denied the defendant's request
         ☐ Court appoints _____ ☐ Will interview for court appointed attorney
         ☐ Will retain own attorney _____ ☐ Waived his/her right to an attorney
☐ Defendant was given the DUII diversion packet.
☐ Defendant is eligible for DUII diversion and the court ☐ grants ☐ denies the motion/petition for diversion
☐ Defendant is eligible for Drug Court.
☒ Defendant is before the court for ☒ Trial Report Conference ☐ Release Hearing ☐ Drug Court ☐ CCS
   ☐ Surrender on Warrant ☐ VRA ☐ FTA for _____ ☐ Release Conditions
☐ _____
☐ Defendant failed to appear ☐ warrant ordered, SRA $_____ ☐ security forfeited ☐ diversion revoked
☐ DA to submit motion/order for warrant
☐ Defendant ☐ admitted ☐ denied the allegations in the revocation show cause.
☐ Defendant entered a plea of ☐ NOT guilty ☐ guilty to count(s) _____
☒ The ☒ defendant ☐ state requested the matter be continued. Reason: _to get (reL) ~~a set~~ negotial_

**ACCORDINGLY, IT IS HEREBY ORDERED that the matter be continued for:**

☐ Preliminary Hearing/Arraignment on Indictment _____ @ _____ am/pm
☒ Trial Report Conference ☐ Divr Eligibility _10/31/11_ @ _4:00_ am/pm
☒ Entry of Plea ☐ Sentencing _____ @ _____ am/pm
☐ 6 Person Jury ☐ 12 Person Jury ☐ Court Trial _____ @ _____ am/pm
☐ Probation ☐ Diversion Revocation Hearing _____ @ _____ am/pm
☐ Drug Court ☐ CCS Court _____ @ _____ am/pm
☐ VRO Contempt of Court Hearing _____ @ _____ am/pm
☒ _MI101013   to track w/ this case_ ✗ @ _____ am/pm
☐ Discovery due 5:00 pm _____ ☐ File Motions by _____
☐ **THE COURT ORDERS THE WARRANT RECALLED** ☐ Order for warrant withdrawn by the court
☐ Defendant taken into custody ☐ Defendant to be released from custody
☐ Release Agreement Revoked. ☐ Security Release:$_____ ☐ Conditional Release ☐ Book & Release

Dated: _10-17-11_                                    _Carroll J Tichenor_
                                                    CIRCUIT COURT JUDGE

**ARRAIGNMENT / PLEADING ORDER**

ENTERED

... The Circuit Court, Yamhill County, State Of Oregon

FILED
STATE OF OREGON
TRIAL COURT

Pretrial Release Agreement

State of Oregon

vs

RUBLES DAVID NMN
Defendant,

Case No.: CR 110171
Case No.:
Case No.:

11 SEP 26 AM 9: 17

TRIAL COURT ADMINISTRATOR

You are hereby released by the Court, Release Officer or Deputy in lieu of remaining in custody on the charge or charges against you listed below.

1. _____ Full Bail: _____ 10% Release Type: _____
2. MENDCONST _____ Full Bail: _____ 10% Release Type: _____
3. HARASSMENT _____ Full Bail: _____ 10% Release Type: _____

You are to appear in Circuit Court on: 10-17-11 at 4 AM PM
535 NE 5th Street (5th and Evans) McMinnville, Oregon
for:

You are to report: [ ] Weekly [ ] Daily [ ] By Telephone [ ] In Person [ ] Other:

To: [ ] Pretrial Release (503-434-7432 ext. 1) [ ] Probation Officer [ ] Attorney:

[X] No use of Alcohol [X] No illegal drug use [ ] Submit to random UAs at Release Officer's request. [ ] Monitored Antabuse (see below).

[ ] Participate in [ ] Alcohol [ ] Drug [ ] Mental Health [ ] Treatment Court program(s) as directed. [ ] Be on a SCRAM anklet.

[ ] Amend the 'NO CONTACT' provision with 'alleged' victim to: No Offensive Contact [ ] Participate in an approved Domestic Violence Intervention program as directed.

Special Conditions: Fully comply w/ Mental Health con-
D tions incl medications, Fully comply
w/ all pretrial rules/

General Conditions: I do hereby agree that I shall appear at all the times and places as ordered by the Court and as ordered by any Court where this charge may be prosecuted. Further, I shall appear for the trial; and, if convicted, appear for judgment and execution of judgment. I will obey all orders of the Court and comply with any conditions the Court may impose, including but not limited to, those listed above. I further agree that it is my duty to keep my attorney and the Court advised of my whereabouts at all times, and I shall not leave the State of Oregon without Court permission.

IF I AM FOUND OUTSIDE THIS STATE, I HEREBY WAIVE EXTRADITION.

No Contact With Victim or Codefendant: I understand that unless specifically authorized by the Court, I am to have no contact with the victim(s) or co-defendant(s) of my crime(s), directly or through others.

New Crimes: I will obey all laws. If I am charged with a new crime, this Release Agreement may be revoked by the Court and I may be subject to rearrest and detention awaiting trial on the charges presently pending against me.

Failure To Appear: I understand that if I fail to appear at any time ordered by the Court, a warrant may be issued for my arrest, my bail may be forfeited, I may be subject to prosecution; and if found guilty, sentenced to a term of imprisonment and/or fine. I understand that if I am charged with an infraction or a violation, and do not appear at the time, date and Court specified, the Court, without further hearing, may enter a monetary judgment against me, up to the maximum amount of fines, assessments, restitution and other costs allowed by law for the offense.

Violation Of Conditions: I understand that a warrant for my arrest will be issued immediately upon any violation of a condition of this release. Any violation of these conditions shall subject me to a revocation of this release, and order of detention and prosecution for Contempt of Court (a fine of not more than $500 or imprisonment for not more than 6 months, or both). I may forfeit any security posted.

Security: The Court regards the security deposit as defendant's and available to satisfy defendant's obligations (fines, attorney fees, victim restitution, court costs and child support obligations as provided by ORS 25.715 and 135.265). Upon disposition of this case, the Clerk, after payment toward any of the defendant's obligations in this or any other case, shall return to the depositor, 85% of the sum deposited, and retain 15% as security release costs. If I violate this agreement, the amount posted may be forfeited and a judgment entered against me for the full security amount. NOTICE: If any person, other than me, posts this security, I understand that such security may be taken by the Court to satisfy any of my financial obligations.

Defendant's Signature: David Rubles

Mail Address: 175 NE Irving City: McMinnville State: OR Zip: 97128

Physical Address: _____ City: _____ State: _____ Zip: _____

Telephone or Message Number: 503 753 5617

Subscribed and sworn to before me on 22 day of 2011 at _____ AM PM

AGRC ____
AGRG ____
AGSR ____

Release Assistance Officer or Sheriff's Deputy Signature

Updated: 02/10/2010   Original: Court   Green: Sheriff   Canary: Pretrial   Pink: District Attorney   Goldenrod: Defendant

## <u>Definition of Prohibited Contact</u>

**"Contact" includes but is not limited to:**

- Coming into the visual or physical presence of any 'victim'.

- Following the 'victim'.

- Waiting outside the home, property, place of work or school of any 'victim' or of a member of any 'victim's' family or household.

- Sending or making written communications in **any** form to any 'victim', including but not limited to: mail; e-mail; flowers; cards; etc.

- Speaking with the 'victim' by any means.

- Communicating with any 'victim' through a third person.

- Committing a crime against any 'victim'.

- Communicating with a third person who has some relationship to the 'victim' with the intent of affecting the third person's relationship with the 'victim'.

- Communicating with business entities with the intent of affecting some right or interest of any 'victim'.

- Damaging the home, property, place of work, or school of any 'victim'.

- Delivering directly or through a third person any object to the home, property, place of work or school of any 'victim'.

FILED OREGON
STATE OF COUNTY
IN THE CIRCUIT COURT OF THE STATE OF OREGON
TRIAL CIRCUIT FOR YAMHILL COUNTY
'11 SEP 26 PM 2:12
TRIAL COURT ADMINISTRATOR

STATE OF OREGON

Case No. CR110171DV

V.

DAVID MARTINEZ ROBLES BY

Defendant

)
)    PROSECUTING ATTORNEY'S CERTIFICATION
)    OF COMPLIANCE WITH CRIME VICTIMS'
)    RIGHTS NOTIFICATION AND CONSULTATION
)
)    LAWS IN SECTIONS 42(1)(a) to (g) AND 43,
)    ARTICLE 1 OF THE OREGON CONSTITUTION

I, ___Kathryn Petersen_____, the prosecuting attorney in this case, certify that my file indicates that I or a person known to me made a reasonable effort to give the following victim information about the rights granted to victims by sections 42(1)(a) to (f) and 43, Article I of the Oregon Constitution:

Victim's Name: Melchor Mendez Robles
    [X] Is   [ ] Is not named in the charging instrument.
    [X] Victims' rights information was: [ ] personally delivered; [X] sent to the victim's last known address 9/22/11;
        [ ] The letter was returned.
        [ ] The victim did not contact the prosecuting attorney's office by the date specified in the
        Victim's Rights information.
        [ ] The victim has waived all notices and victim rights.
[ ] Did not request to be informed in advance of any critical stage of the proceeding.
[ ] Did request to be informed in advance of the following critical stages of the proceeding:
        [ ] All
        [ ] Plea and Sentencing
        [ ] Sentencing Only
        [ ] Specific Hearing(s):
[ ] Did not request that the prosecuting attorney assert and enforce a right granted to the victim by sections
    42(1)(a) to (f) or 43, Article I of the Oregon Constitution or did make a request, but the prosecuting attorney
    did not agree to assert or enforce any rights.
[ ] Did request that the prosecuting attorney assert and enforce the following right(s) granted to the victim by
    sections 42(1)(a) to (f) or 43, Article I of the Oregon Constitution, and the prosecuting attorney has agreed to
    assert and enforce the following right(s):
[ ] The court suspended the victim's constitutional rights listed in sections 42(1)(a) to (g) and 43, Article I of the
    Oregon Constitution as the prosecuting attorney requested under section 42(5), Article I of the Oregon
    Constitution.
I further certify that the charging instrument
    [X] Does include the name or pseudonym of each victim known to the prosecuting attorney;
[ ] Does not include the name or pseudonym of each victim:
        [ ] The additional victim(s) name(s) or pseudonym(s) known to this prosecutor is listed on this form or on
        the attached "supplemental victim information page."
        [ ] Compliance would cause a substantial hardship to the prosecuting attorney.

Date: ___9/ 22___ /2011_____

OSB No: ___06464_____

Page 1 – Form 4.120.1 – PROSECUTING ATTORNEY'S CERTIFICATION OF COMPLIANCE WITH CRIME VICTIMS' RIGHTS NOTIFICATION AND
CONSULTATION LAWS – UTCR 4.120

OJIN Code: CEVN (Cert Victim Notification)                                                                      (6/19/08)

AKA "Martine"

In The Circuit Court, Yamhill County, State Of Oregon

**Pretrial Release Agreement**

State of Oregon

STATE FILED
YAMHILL COUNTY
TRIAL COURT
2011 SEP 21 PM 2: 48
TRIAL COURT ADMINISTRATOR
BY

Robles, David M

Case No.: MI-0171
Case No.:
Case No.:

Defendant.

You are hereby released by the Court, Release Officer or Deputy in lieu of remaining in custody on the charge or charges against you listed below:

1. Harres — Full Bail: _____ 10% _____ Release Type:
2. Menacing — Full Bail: _____ 10% _____ Release Type:
3. Harassment — Full Bail: _____ 10% _____ Release Type:

You are to appear in Circuit Court on: 9-22-11 at 1:20 AM **PM**
535 NE 5th Street (5th and Evans) McMinnville, Oregon
for:

You are to report: ☐ Weekly ☐ Daily ☐ By Telephone ☐ In Person ☐ Other: _____

To: ☐ Pretrial Release (503-434-7432 ext. 1). ☐ Probation Officer ☐ Attorney: _____

☐ No use of Alcohol ☐ No illegal drug use ☐ Submit to random UAs at Release Officer's request. ☐ Monitored Antabuse (see below).
☑ Participate in ☐ Alcohol ☐ Drug ☐ Mental Health ☐ Treatment Court program(s) as directed. ☐ Be on a SCRAM anklet.
☐ Amend the 'NO CONTACT' provision with 'alleged' victim to: No Offensive Contact ☐ Participate in an approved Domestic Violence
Intervention program as directed.

Special Conditions: Full comply w/ Mental
Health Treatment. No contact w/
Victim.

**General Conditions:** I do hereby agree that I shall appear at all the times and places as ordered by the Court and as ordered by any Court where this charge may be prosecuted. Further, I shall appear for the trial; and, if convicted, appear for judgment and execution of judgment. I will obey all orders of the Court and comply with any conditions the Court may impose, including but not limited to, those listed above. I further agree that it is my duty to keep my attorney and the Court advised of my whereabouts at all times, and I shall not leave the State of Oregon without Court permission.
**IF I AM FOUND OUTSIDE THIS STATE, I HEREBY WAIVE EXTRADITION.**
**No Contact With Victim or Codefendant:** I understand that unless specifically authorized by the Court, I am to have no contact with the victim(s) or co-defendant(s) of my crime(s), directly or through others.
**New Crimes:** I will obey all laws. If I am charged with a new crime, this Release Agreement may be revoked by the Court and I may be subject to rearrest and detention awaiting trial on the charges presently pending against me.
**Failure To Appear:** I understand that if I fail to appear at any time ordered by the Court, a warrant may be issued for my arrest, my bail may be forfeited, I may be subject to prosecution, and if found guilty, sentenced to a term of imprisonment and/or fine. I understand that if I am charged with an infraction or a violation, and do not appear at the time, date and Court specified, the Court, without further hearing, may enter a monetary judgment against me, up to the maximum amount of fines, assessments, restitution and other costs allowed by law for the offense.
**Violation Of Conditions:** I understand that a warrant for my arrest will be issued immediately upon any violation of a condition of this release. Any violation of these conditions shall subject me to a revocation of this release, and order of detention and prosecution for Contempt of Court (a fine of not more than $500 or imprisonment for not more than 6 months, or both). I may forfeit any security posted.
**Security:** The Court regards the security deposit as defendant's and available to satisfy defendant's obligations (fines, attorney fees, victim restitution, court costs and child support obligations as provided by ORS 25.715 and 135.265). Upon disposition of this case, the Clerk, after payment toward any of the defendant's obligations in this or any other case, shall return to the depositor, 85% of the sum deposited, and retain 15% as security release costs. If I violate this agreement, the amount posted may be forfeited and a judgment entered against me for the full security amount. **NOTICE:** If any person, other than me, posts this security, I understand that such security may be taken by the Court to satisfy any of my financial obligations.

Defendant's Signature: David Robles
Mail Address: SAME City: _____ State: _____ Zip: _____
Physical Address: 627 NE Evans St City: McMinnville State: OR Zip: 97128
Telephone or Message Number: (503) 537-5617
Subscribed and sworn to before me on 9/19/11 at 2.55 AM **PM**

AGRC _____
AGRG _____ #45965
AGSR _____ Release Assistance Officer or Sheriff's Deputy Signature

Updated: 02/10/2010    Original: Court    Green: Sheriff    Canary: Pretrial    Pink: District Attorney    Goldenrod: Defendant

## Definition of Prohibited Contact

**"Contact" includes but is not limited to:**

- Coming into the visual or physical presence of any 'victim'.

- Following the 'victim'.

- Waiting outside the home, property, place of work or school of any 'victim' or of a member of any 'victim's' family or household.

- Sending or making written communications in **any** form to any 'victim', including but not limited to: mail; e-mail; flowers; cards; etc.

- Speaking with the 'victim' by any means.

- Communicating with any 'victim' through a third person.

- Committing a crime against any 'victim'.

- Communicating with a third person who has some relationship to the 'victim' with the intent of affecting the third person's relationship with the 'victim'.

- Communicating with business entities with the intent of affecting some right or interest of any 'victim'.

- Damaging the home, property, place of work, or school of any 'victim'.

- Delivering directly or through a third person any object to the home, property, place of work or school of any 'victim'.

IN THE CIRCUIT COURT OF THE STATE OF OREGON
TWENTY FIFTH JUDICIAL DISTRICT FOR YAMHILL COUNTY
535 NE Fifth Street, McMinnville, Oregon 97128
(503) 434-7530 TDD (503) 434-9111

ORIGINATING AGENCY: Yamhill Co Sheriff          NUMBER: 110041

| | |
|---|---|
| STATE OF OREGON, | Case # CR110171DV/103006 |
| Plaintiff, | |
| vs. | ARREST WARRANT |
| DAVID MARTINEZ ROBLES | |
| DOB: 2/24/57     Defendant | |

| ADDRESS: | CHARGES | NUMBER OF COUNTS |
|---|---|---|
| 547 SW CYPRESS ST | Burglary-1 | x 1 |
| MCMINNVILLE OR 97128 | Menacing | x 1 |
| | Harassment | x 1 |

SEX:M RACE:Caucasian HAIR:Black ODL:_____ EYES:Brown HT:506 WT:180
State ID: _____          FBI Number: _____

An indictment or a charging instrument has been filed in the Circuit
Court for Yamhill County, Oregon, which charges the above named
dendandant with the offense(s) listed above.

YOU ARE COMMANDED to arrest the above named defendant forthwith and
bring said defendant before me, or, in case of my absence or inability
to act, before the nearest or most accessible magistrate in this
county, or if no magistrate is available, to deliver said defendant
into the custody of the Jailer of this county.

$   27,500.00 Security

Issued this date: 3/28/11

CARROLL J. TICHENOR

RETURN OF SERVICE

The undersigned peace officer hereby certifies that he/she has
executed the within Warrant by arresting the above-named defendant.

_____9/19/11_____          _____#45965_____
Service Date                                    Deputy

IN THE CIRCUIT COURT OF 1.  STATE OF OREGON
FOR THE COUNTY OF YAMHILL

FILED
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT

THE STATE OF OREGON,

1
2
3                                    Plaintiff,
4               vs.
5
6     David Robles
7                                    Defendant.

)
)
)  Case Number: 0P110171DV
)  TRIAL COURT ADMINISTRATOR
)  BY _____
)               ARRAIGNMENT / PLEADING ORDER
)
)

Date: 9 - 22 - 11

8   **Parties Appearing:** Kimberly
9   DA or DDA: _____
10  Defense Attorney: _____
11  Defendant: ☐ IC ☒ NIC ☐ Not Appearing
12  ☐ Interpreter: _____

Judge: ☐ John L. Collins  ☐ Ronald W. Stone
☒ Carroll J. Tichenor  ☐ Cynthia L. Easterday
☐

13  ☐ The above-named defendant is before the court for arraignment. ☐ Info ☐ Indict ☐ S/C ☐ VRO.  A copy
14      of the accusatory instrument or show cause order was provided and the defendant was advised of rights,
15      including the right to counsel and the defendant:
16          ☐ Applied for court appointed attorney and the court ☐ granted ☐ denied the defendant's request
17          ☐ Court appoints _____          ☐ Will interview for court appointed attorney
18          ☐ Will retain own attorney _____          ☐ Waived his/her right to an attorney
19  ☐ Defendant was given the DUII diversion packet.    ☐  Good cause found to extend Diversion eligibility.
20  ☐ Defendant is eligible for DUII diversion and the court ☐ grants ☐ denies the motion/petition for diversion
21  ☐ Defendant is before the court for ☐ Trial Report Conference ☐ Release Hearing ☐ Drug Court ☐ CCS
22      ☐ Surrender on Warrant ☐ VRA ☐ FTA for _____          ☐ Release Conditions
23      ☐ Status check ☒ Other: _Status B release_
24  ☐ Defendant failed to appear ☐ warrant ordered, SR/$_____ ☐ security forfeited ☐ diversion revoked
25  ☐ Defendant ☐ admitted ☐ denied the allegations in the revocation show cause.
26  ☐ Defendant entered a plea of ☐ NOT guilty ☐ guilty to count(s) _____
27  ☐ The ☐ defendant ☐ state requested the matter be continued. Reason: _____
28
29
30      **ACCORDINGLY, IT IS HEREBY ORDERED that the matter be continued for:**
31  ☐ Preliminary Hearing/Arraignment on Indictment _____ @ 4:00 am/pm
32  ☒ Trial Report Conference  ☐ Trial Readiness _10/17/11_ @ 4:00 am/pm
33  ☐ Entry of Plea ☐ Sentencing ☐Div Eligibility/Entry _____ @ _____ am/pm
34  ☐ 6-Person Jury ☐ 12-Person Jury ☐ Court Trial _____ @ _____ am/pm
35  ☐ Probation ☐ Diversion Revocation Hearing _____ @ _____ am/pm
36  ☐ Drug Court ☐ CCS Court _____ @ _____ am/pm
37  ☐ VRO Contempt of Court Hearing _____ @ _____ am/pm
38  ☐ Release Hearing ☐ Other: _____ @ _____ am/pm
39  ☐ Discovery due 5:00 pm _____ ☐ File Motions by _____
40  ☐ **THE COURT ORDERS THE WARRANT RECALLED** ☐ Order for warrant withdrawn by the court
41  ☐ Defendant taken into custody ☐ Defendant to be released from custody
42  ☐ Release Agreement Revoked ☐ Security Release:$_____ ☐ Conditional Release ☐ Book & Release
43  ☐ No Offensive Contact with Victim/Co-def ☒ Sign new Release Agreement
44      The defendant is prohibited from in any way contacting the victim, directly or through others, while defendant is in
45      custody and at all times while this matter is pending, unless specifically otherwise allowed by the court.
46
47  Dated: 9 - 22 - 11 _____          _____
48                                                      CIRCUIT COURT JUDGE

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF YAMHILL**

FILED
2011 SEP 21 AM 9:16

THE STATE OF OREGON,                    )    2011 SEP 21 AM 9:16  *CR11 0171 DV*
                                        )    Case Number 1
                        Plaintiff,      )    TRIAL COURT ADMINISTRATOR
            vs.                         )
                                        )    BY
*David Martinez Dobles*                 )    **ARRAIGNMENT / PLEADING ORDER**
            Defendant. *aka; David Dobles*   Date: *09/19/11*

**Parties Appearing:**
DA or DDA: *perry*                       Judge: ☐ John L. Collins  ☐ Ronald W. Stone
Defense Attorney: *Perry & Pelsby*       ☑ Carroll J. Tichenor  ☐ Cynthia L. Easterday
Defendant: ☐ IC ☑ NIC ☐ Not Appearing   ☐ _____
☐ Interpreter: _____

☑ The above-named defendant is before the court for arraignment. ☐ Info ☑ Indict ☐ S/C ☐ VRO. A copy
of the accusatory instrument or show cause order was provided and the defendant was advised of rights,
including the right to counsel and the defendant:
  ☑ Applied for court appointed attorney and the court ☑ granted ☐ denied the defendant's request
  ☑ Court appoints *Gregory Selke* ☐ Will interview for court appointed attorney
  ☐ Will retain own attorney ☐ Waived his/her right to an attorney
☐ Defendant was given the DUII diversion packet.
☐ Defendant is eligible for DUII diversion and the court ☐ grants ☐ denies the motion/petition for diversion
☐ Defendant is eligible for Drug Court.
☐ Defendant is before the court for ☐ Trial Report Conference ☐ Release Hearing ☐ Drug Court ☐ CCS
  ☐ Surrender on Warrant ☐ VRA ☐ FTA for _____ ☐ Release Conditions
☐
☐ Defendant failed to appear ☐ warrant ordered, SRA $_____ ☐ security forfeited ☐ diversion revoked
☐ DA to submit motion/order for warrant
☐ Defendant ☐ admitted ☐ denied the allegations in the revocation show cause.
☐ Defendant entered a plea of ☐ NOT guilty ☐ guilty to count(s) _____
☐ The ☐ defendant ☐ state requested the matter be continued. Reason: _____

**ACCORDINGLY, IT IS HEREBY ORDERED that the matter be continued for:**
☐ Preliminary Hearing/Arraignment on Indictment_____ @_____ am/pm
☑ Trial Report Conference ☐ Divr Eligibility_____ @_____ am/pm
☐ Entry of Plea ☐ Sentencing_____ @_____ am/pm
☐ 6 Person Jury ☐ 12 Person Jury ☐ Court Trial_____ @_____ am/pm
☐ Probation ☐ Diversion Revocation Hearing_____ @_____ am/pm
☐ Drug Court ☐ CCS Court_____ @_____ am/pm
☐ VRO Contempt of Court Hearing_____ @_____ am/pm
☐ *Status be release* *9/22/11* @ *1:20* am/pm
☐ Discovery due 5:00 pm ☐ File Motions by_____
☐ **THE COURT ORDERS THE WARRANT RECALLED** ☐ Order for warrant withdrawn by the court
☑ Defendant taken into custody ☑ Defendant to be released from custody *Sign release agmt.*
☐ Release Agreement Revoked. ☐ Security Release:$_____ ☐ Conditional Release ☐ Book & Release

Dated: *09/19/11*

_____
CIRCUIT COURT JUDGE

Revised 05/2010.  White - Court, Yellow - Jail, Pink - DA, Gold - Defendant        **ARRAIGNMENT / PLEADING ORDER**

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF YAMHILL

STATE OF OREGON,

)
)
Plaintiff,     )
)
VS.     )
)
*Daira Robles*     )
)
Defendant.     )

CASE NO: *CR110171 20*

FILED YAMHILL COUNTY TRIAL COURT
SEP 19 2011
Trial Court Clerk

RECOMMENDATION AND ORDER
☒ APPOINTING COUNSEL (ORAC)
☐ DENYING COUNSEL (ORDY)
AND
☒ LIMITED JUDGMENT (JGLN)
☐ SUPPLEMENTAL JUDGMENT (JGSK)

**Based on the Affidavit of Eligibility and Request for Court-Appointed Counsel, the applicant is found to be:**
☒ FINANCIALLY ELIGIBLE for court-appointed counsel
☐ NOT FINANCIALLY ELIGIBLE for court-appointed counsel

Verifiers Initials: _____
Date:

**Pursuant to ORS 137.071, the court finds the applicant was determined to be:**
☐ FINANCIALLY ELIGIBLE for court-appointed counsel
☐ NOT FINANCIALLY ELIGIBLE for court-appointed counsel

**The court ORDERS the applicant/defendant's request for appointed counsel is:**
☐ APPROVED
☐ DENIED

Attorney *Greg Perez Selsky*

**The court ORDERS the $20 APPLICATION FEE be:**
☒ WAIVED
☐ ORDERED in the amount shown.

**The court ORDERS the CONTRIBUTION AMOUNT: [**Maximum Contribution Amount: $_____ **]**
☐ DETERMINED at sentencing
☒ WAIVED
☐ ORDERED in the amount of: $ _____

This Judgment is entered solely to resolve the issues under ORS 151.487 regarding the payment of an application fee and a contribution amount in connection with the defendant's request for court-appointed counsel. It does not dispose of any charges or other issues in the case. This Judgment is subject to review by the trial-level court at any time as provided in ORS 151.487(5).

Civil collection efforts may be taken if you fail to make the payments as ordered. This may include referral to the Department of Revenue and a private collection agency.

Pursuant to ORS 151.487, the defendant is hereby ordered to pay the following monetary amounts.

**MONEY AWARD**

**Judgment Creditor:**    State of Oregon          **Judgment Debtor:**  __Defendant listed above__

   Application Fee (IDAA):                $ _____

   Contribution Amount (IDCC):            $ _____

   **Total Amount of Money Award:**       $ _____

**Payment Schedule:**    Payment of the amounts stated in this Money Award shall be made as follows:

☐ Amount ordered shall be paid in full immediately.

☐ Payment shall be made in monthly payments of $ _____ beginning on _____ and each month thereafter until paid in full.

Payable to: STATE OF OREGON, **Yamhill Trial Court Clerk, 535 NE Evans St., Room 135, McMinnville, Oregon 97128**

ORS 1.202 authorizes additional costs to be added to this Money Award without further notice or order of the court if your account is assigned for collection or requires payments to be scheduled.

__9/19/11__          _____
Date                                                 Circuit Court Judge

IDEF 211 – Recommendation and Order and Limited/Supplemental Judgment-Yamhill
Revised 08/2011                         Original-Court    Yellow-YCD    Pink-Defendant

FILED
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT

MAR 20 PH 2:34

TRIAL COURT ADMINISTR

BY _____

BEFORE THE OREGON STATE HOSPITAL REVIEW PANEL

OF THE STATE OF OREGON

In the Matter )    PSRB/OHA No. 86-0860
)    OSH No. 050411
of )    Yamhill County No. CR110171DV [DA# 103006}
)
DAVID MARTINEZ ROBLES )    COMMIT ORDER

   On March 2, 2012, the Oregon State Hospital Review Panel convened a hearing pursuant to ORS 161.336(4). Panel members present were Raymond W Myers, Dr. Gregory C Czar, Ph.D. and Diane Karpinski. David Robles was present with his attorney, Harris Matarazzo; Assistant Attorney General Sean Riddell was present representing the State. The burden of proof as well as the burden of going forward was on the State.

   At the outset of the hearing, the parties stipulated to the propriety of the Panel's jurisdiction; that is, that David Robles was found guilty except for insanity of the crime of Burglary I and was placed under the jurisdiction of the Oregon Health Authority for a maximum period of time not to exceed 20 years by Yamhill County Circuit Court Judge Carroll J. Tichenor on January 25, 2012; that David Robles is affected by a mental disease or defect and that when his illness is active he presents a substantial danger to others. The parties further stipulated to the propriety of the revocation of David Robles's conditional release on February 8, 2012.

   The Panel, having received Exhibits 1-83 exhibits without objection and after considering all of the evidence admitted on the record, accepts as FINDINGS OF FACT the stipulations of the parties as set forth above. In addition, the Panel FINDS AS FACT that David Robles could not be adequately controlled and treated in the community at this time. This finding is based upon the information contained in the record and Exhibit 83 and the representation of counsel at the outset of the hearing.

///

///

Page 1 - COMMIT ORDER - DAVID MARTINEZ ROBLES

The Panel CONCLUDES AS A MATTER OF LAW that:

1. There were reasonable grounds, based upon the record, specifically Exhibits 74, 76, 80, and 83, to revoke David Robles's conditional release on February 8, 2012.

2. Mr. Robles, being affected by a mental disease or defect which, when active, renders him a substantial danger to others, is under the jurisdiction of the Oregon Health Authority.

3. Robles is not a proper subject for conditional release because he could not be adequately controlled and treated in the community and therefore it would not be in the best interest of justice and the protection of society to release him at this time.

IT IS HEREBY ORDERED, pursuant to ORS 161.336(4) and 161.351(2) that David Robles be continued in commitment at a state hospital designated by the Oregon Health Authority for care, custody and treatment.

This order may be appealed pursuant to ORS 161.385(9) as amended by Or Laws 2011, chapter 708, Senate Bill 420, Section 9.

DATED this _16th_ day of _March_ , 2012.

_____
Oregon State Hospital Review Panel Member

Page 2 – COMMIT ORDER – DAVID MARTINEZ ROBLES

BEFORE THE PSYCHIATRIC SECURITY REVIEW BOARD

OF THE STATE OF OREGON

| | |
|---|---|
| In the Matter | ) PSRB No. 86-0860 |
| | ) OSH No. 50411 |
| of | ) Yamhill County No. CR110171DV |
| | ) |
| DAVID MARTINEZ ROBLES | ) ORDER OF REVOCATION |
| | ) |

FIL
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT
12 FEB 14  AM 10: 02
TRIAL COURT ADMINISTRATOR

David Robles was found guilty except for insanity of the crime of Burglary I and was placed on conditional release under the jurisdiction of the Psychiatric Security Review Board for a maximum period of time not to exceed 20 years by Yamhill County Circuit Court Judge Carroll Tichenor on January 25, 2012.

It appearing to the chairperson of the Psychiatric Security Review Board after considering all of the evidence in the record that Mr. Robles' mental health has deteriorated such that he requires hospitalization on an involuntary basis and he presents a substantial danger to others,

IT IS HEREBY ORDERED, pursuant to ORS 161.336(5), that David Robles be transported to Oregon State Hospital for evaluation and treatment and that his community release is revoked pending a full hearing to determine whether his conditional release should be continued or revoked, and

IT IS FURTHER ORDERED that any peace officer of the State of Oregon forthwith transport David Robles to Oregon State Hospital, 2600 Center St. NE, Salem, Oregon.

IT IS FURTHER ORDERED that jurisdiction of the above case is transferred to the Oregon Health Authority upon David Robles's admission to Oregon State Hospital.

Page 1 – ORDER OF REVOCATION – DAVID MARTINEZ ROBLES

1

DATED this ___8th___ day of ___February_____, 2012.

2

3

4

5

_Kate B. Lieber_

6

Kate Lieber, J.D.

7

Chairperson
Psychiatric Security Review Board

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

I, Matthew Berndt, being first duly sworn and on oath, depose and say:

I am a Paralegal for the Psychiatric Security Review Board for the State of Oregon.

David Robles is on conditional release under the jurisdiction of the Psychiatric Security Review Board (PSRB) pursuant to an order signed on January 25, 2012 by Yamhill County Circuit Court Judge Carol Tichenor.

On February 08, 2012, I spoke by telephone with Todd Sprague, MSW of Yamhill County Adult Mental Health. Yamhill County Adult Mental Health was designated by the PSRB as having primary reporting and supervising responsibilities in Mr. Robles' case. Yamhill County Adult Mental Health designated Todd Sprague as the liaison between itself and the PSRB. Mr. Sprague reported that in his opinion, Mr. Robles' conditional release should be revoked because his mental health has deteriorated such that he requires hospitalization on an involuntary basis and he presents a substantial danger to others.

Mr. Sprague states that he is very familiar with Mr. Robles. Mr. Sprague reports he gained this knowledge via his position as the Pre-Commitment Investigator for Yamhill County Adult Mental Health. In this capacity, he has investigated on numerous occasions whether Mr. Robles' mental health has deteriorated to the point that he requires civil commitment. He states that Mr. Robles has received services from Yamhill County Adult Mental Health for numerous years. He states that Mr. Robles has long-standing substance abuse problems.

On January 25, 2012, after his court hearing at which he was placed on conditional release, Mr. Robles' met with a Yamhill County Adult Mental Health employee, Stewart Stout. Mr. Stout imposed several conditions that Mr. Robles had to follow as part of his conditional release. Mr. Robles agreed to come to Yamhill County Adult Mental Health in the morning so the ingestion of his psychotropic medicines could be observed. For his evening psychotropic medications, Yamhill County Adult Mental Health arranged to have an employee go to Mr. Robles' house where the ingestion of his psychotropic medicines could be observed. From that date through February 02, 2012, Mr. Sprague reports that Mr. Robles repeatedly failed to make himself available for either his morning or his evening dose of psychotropic medication.

Mr. Sprague reports that on February 01, 2012, Mr. Robles came to the Yamhill County Adult Mental Health office. Mr. Robles was ordered to take a urinalysis test as a condition of his release. The result was positive for the use of PCP and marijuana. Mr. Robles had been repeatedly told in his January 25, 2012 meeting with the Yamhill County Adult Mental Health employee that he was to not consume any alcohol or non-prescribed drugs. Mr. Sprague reports that he observed Mr. Robles' mental health was rapidly declining.

On February 02, 2012, Mr. Robles came to the Yamhill County Adult Mental Health office. Mr. Sprague met with Mr. Robles, and determined that he needed immediate hospitalization and psychiatric stabilization. Mr. Sprague decided to attempt to deal with it in a community setting. He was not able to find in-patient psychiatric care in Yamhill County. He did find an open bed at the Cedar Hills Hospital, a psychiatric care facility in Beaverton. Mr. Robles was admitted to that

hospital on that date.

He states that he has visited Mr. Robles during this hospitalization and that Mr. Robles continues to refuse some of his anti-psychotic medications causing his mental health to deteriorate further. He states that due to Mr. Robles' current mental state, he will need a longer period of hospitalization than he can receive at Cedar Hills. Therefore, he can only be adequately cared for on an involuntary basis at the Oregon State Hospital.

Based on the above information, it is my recommendation to the Psychiatric Security Review Board that David Robles' conditional release be revoked and that he be ordered transported to Oregon State Hospital for care, custody and treatment.

DATED this 8th day of February, 2012.

_____
Matthew Berndt

SUBSCRIBED AND SWORN to before me, in Multnomah County, in the State of Oregon, this 8th day of February, 2012.

_____
Notary Public for Oregon
My commission expires: 9-25-12

OFFICIAL SEAL
E KING
NOTARY PUBLIC-OREGON
COMMISSION NO. 432896
MY COMMISSION EXPIRES SEPTEMBER 25, 2012



HEALTH CARE PROGRAMS
Addictions and Mental Health Division
John A. Kitzhaber, MD, Governor

FILED
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT

12 FEB 14  AM 10: 02

TRIAL COURT ADMINISTRATOR

BY _____



Oregon
**Health**
Authority

February 10, 2012

This is to advise you that an Oregon State Hospital Review Panel hearing has been scheduled in the following matter:

| | |
|---|---|
| Individual: | DAVID MARTINEZ ROBLES |
| Date and Time: | **March 2, 2012; the hearing docket will begin at 8:30** |
| Place: | Oregon State Hospital, Kirkbride Building |
| | 2600 Center Street NE, Salem, OR 97301 |
| Type of Hearing: | Revocation |
| Issue/Purpose: | Whether the individual is still affected by a mental disease, and presents a substantial danger to others, and is or is not a proper subject for conditional release. |
| Authority/Jurisdiction: | ORS 161.295 – ORS 161.400 |
| | OAR 309-092-0000 – OAR 309-092-0240 |
| Instant Offenses: | Arson I, Burglary I |
| Court Case No: | Yamhill County Case No. CR110171DV [DA# 103006] |

The individual has the right to appear at all proceedings, except Oregon State Hospital Review Panel deliberations. He or she has the right to cross-examine all witnesses appearing to testify at the hearing, the right to subpoena witnesses and documents as provided in ORS 161.395. The individual has the right to legal counsel, and if indigent as defined by the indigency standard set forth by the State Court Administrator's office, to have counsel provided without cost. The individual also has the right to examine all information, documents and reports under consideration.

Representation of the State, if any, is handled by Assistant Attorney General Lynn Larsen, who represents the Department of Justice of the State of Oregon at Panel Hearings. If you have any questions regarding this matter, please do not hesitate to contact me.

Very truly yours,

Micky Logan
Legal Affairs Director
OSH Forensics and Legal Affairs Department

ML:jm
cc:  David Robles; Harris Matarazzo; Lynn Larson;
     Ronelle Shankle; Brad Berry; Hon. Carroll J. Tichenor;
     State Hospital Unit; Psychiatric Security Review Board;
     Other per COS



2600 Center Street NE
Salem, OR 97301-2682
Voice: 503-945-2800
Fax: 503-945-2807
TTY: 800-735-2900

OREGON STATE
HOSPITAL
HOPE · SAFETY · RECOVERY

If you need this letter in an alternate format, please call 503-945-5763 or TTY: 800-735-2900.   An Equal Opportunity Employer

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF YAMHILL

THE STATE OF OREGON,                    )
                                        )
            Plaintiff,                  )
                                        )   No. CR110171DV
      v.                                )
                                        )   MOTION AND ORDER
David Robles                            )   OF DISMISSAL
                                        )
            Defendant.                  )

**FILED**
STATE OF OREGON
YAMHILL COUNTY
TRIAL COURT
12 FEB -2 PM 2:38
BY _____ TRIAL COURT ADMINISTRATOR

TO JUDGE: _Tichenor_____

      COMES NOW THE STATE OF OREGON, plaintiff in the above-captioned matter and moves the court for an order

dismissing the following charge(s) in this case _Ct 2, Ct 3_____

      THIS MOTION IS BASED ON the interest of justice and upon the following specific reason(s):

      The defendant has pleaded guilty to other charges.

      There is insufficient evidence to obtain a conviction.

      A necessary state's witness is not available for trial.

      The victim has requested that the matter be dismissed and public interest factors do not exist to warrant overriding that
      request.

      The defendant has been indicted on charges arising out of the same conduct, Case No._____

      The defendant has successfully completed diversion.

  X   Other reason: _defendant Found Guilty But Insane on_
                    _Ct 1_

DATED: _1-31-12_____        _Kate Petersen_____
                                       District Attorney or Deputy

**ORDER**

      BASED UPON THE ABOVE MOTION, IT IS HEREBY ORDERED that the above-listed charge(s) be and hereby are
dismissed.

      IT IS HEREBY FURTHER ORDERED THAT

      arrest warrant, if any, shall be withdrawn.

      security, if any, being held in this matter for this defendant be and hereby is exonerated if this order results in the
      dismissal of all counts, otherwise the said security or other release agreement shall remain in effect.

      security, if any, posted shall be transferred to _____

DATED: _2-1-12_____        _C D Tichenor_____
                                       Judge

Fingerprint Number: _82225168_____        Agency Case Number: _MNS/11000747_

MOTION AND ORDER FOR DISMISSAL                              Page 1 of 1



**Multnomah County**
**District Attorney's Office**

Justice Integrity Unit
Excessive Sentence Application

## Justice Integrity Unit, SB 819 Application

### APPLICATION DESCRIPTION

Please provide the required information and complete this application in its entirety to apply for review of your conviction(s). Be sure to include copies of any documents that support your application/claims. Do not send original documents or your only copy of any documents.

This form and supporting documents may be mailed to:

Multnomah County District Attorney
Attn: Justice Integrity Unit
1200 SW First Ave
Portland, OR 97204

You may also email the forms and supporting documents to:
justiceintegrityunit@MCDA.US

This document, and any information that you provide to the Multnomah County District Attorney's Office, is subject to release under the Oregon Public Records law, found at ORS Chapter 192

IMPORTANT: If you are currently represented by an attorney, the JIU will only communicate with your attorney. You should consult your attorney before submitting your application; your attorney may want to wait to submit the application or submit the application on your behalf.

THIS APPLICATION CONTAINS THE FOLLOWING
- Important notifications
- Applicant information
- Case information
- General SB 819 questionnaire
- Information about specific application type

### WHO MAY FILL OUT THIS APPLICATION

An SB 819 Application must be filled out by the convicted person who is seeking to have their conviction(s) reviewed by the Multnomah County District Attorney Justice Integrity Unit ("JIU"), or the application may be filled out by the convicted person's designee.

A convicted person's designee is any person that the applicant has expressly given permission to in order to fill out this application. A designee may be the convicted person's lawyer, a legal clinic or legal organization writing on the convicted person's behalf, or any other individual that has been given express permission by the convicted person.

The convicted person who is applying for review by the JIU must fill out the following sections regarding designees (if applicable), important notifications, and authorizations. All other sections may be completed either by a convicted person's designee. The term "applicant" is used throughout the application to refer to either a designee or a convicted person.

Multnomah County
District Attorney's Office

Justice Integrity Unit
Excessive Sentence Application

**1.1**   Which of the following options best describes the person filling out this form?
*Mark one circle.*

● I am filling out this application for myself as the convicted person.    *Proceed to question 3.1*

○ A designee is helping me fill out this application.    *Proceed to question 2.1*

**2.1**   Name of the convicted person

_____

**2.2**   Name of the designee assisting in the completion of this application
*Please provide their name and contact information. If you are being assisted by an attorney, law student, or other legal professional, please write their bar or CLS number (if applicable).*

_____

**2.3**   I, as the convicted person named above, who would like my case reviewed by the JIU, and I am providing express consent for the person named in this application as my designee, to assist me in filling out this application."
*Mark one circle.*

○ Yes, I provide consent.

○ No, I do not provide consent.



**Multnomah County**
**District Attorney's Office**

Justice Integrity Unit
**Excessive Sentence Application**

**IMPORTANT NOTIFICATIONS**

3.1     Please initial each statement below to show understanding and acceptance of the following
        terms. Don't initial any statement you don't understand or that you don't agree with
        *Mark only one circle*

| | I have read and understand this statement | I do not understand and/or agree with this statement |
|---|---|---|
| This document, and any information that you provide to the Multnomah County District Attorney's Office, is subject to release under the Oregon Public Records law, found at ORS Chapter 192. | ● | ○ |
| Requesting review by submitting this application to the JIU will not toll the time you have to pursue post-conviction remedies, such as filing an appeal or post-conviction motion. You need to pursue those remedies separately. Additionally, acknowledgement of receipt of my Application by the JIU does not mean the JIU will agree to jointly petition, and I understand that the JIU may ultimately determine that my cases not appropriate for anoint petition for reconsideration. | ● | ○ |
| The Justice Integrity Unit is a program of the Multnomah County District Attorney's Office. They are not defense lawyers. They do not provide legal advice. | ● | ○ |
| I understand I am providing information to a prosecutor's office and that any statements here are provided voluntarily. | ● | ○ |
| I understand my statements on this application might have to be disclosed based on mandatory reporting requirements and Brady obligations that apply to the Multnomah County District Attorney's Office. | ● | ○ |
| I understand that there could be negative consequences for me if have lied in this. | ● | ○ |
| No-one has promised me anything to fill out this application. | ● | ○ |
| I understand the Justice Integrity Unit reviews cases based on its own standards and my case may or may not be reviewed or investigated. | ● | ○ |
| I understand the JIU is under no legal obligation to review my case and may not be able to review my case or resolve my claims. | ● | ○ |
| I understand the Justice Integrity Unit may contact the people or witnesses I have listed in this application to talk with them about my conviction. | ● | ○ |

*Yamill County D.A.*

Multnomah County
District Attorney's Office

Justice Integrity Unit
Excessive Sentence Application

## IMPORTANT NOTIFICATIONS

3.2 | Select the statement that best represents your status at the time of submitting this application

*Mark only one circle*

○ I am not currently represented by an attorney.

○ I am currently represented by an attorney but wish to submit this application on my own after consulting with my lawyer.

○ My attorney is acting as my designee in helping me submit this application.

3.3 | If you agree to the following statements, please fill out the optional authorization sections that follow this page of the application.

*The following statements are OPTIONAL; you do not have to accept them for the JIU to begin reviewing your case. Mark only one oval per row.*

| | I agree with this statement | I do not agree with this statement |
|---|:---:|:---:|
| I want to give my attorneys and former attorneys permission to share information from their files with the JIU. | ● | ○ |
| I want to give any innocence organization that I have contacted permission to share information from their files with the JIU. This includes and is not limited to the Oregon Innocence Project, the Lewis & Clark School of Law Criminal Justice Reform Clinic, the National Innocence Project, the Oregon Justice Resource Center. | ● | ○ |
| I want to give the JIU permission to share information from their review of my case with any local innocence project or any other innocence organization or law clinic related to innocence work. | ● | ○ |



**Multnomah County**
**District Attorney's Office**

Justice Integrity Unit
**Excessive Sentence Application**

## APPLICANT INFORMATION

4.1 Are you currently serving your sentence from this conviction?
*Mark only one circle*

● Yes, I am in prison. ( OSH Junction City)

○ Yes, I am on probation.

○ Yes, I am on parole.

○ No, I am not currently serving my sentence from this conviction.

○ I do not know.

4.2 Your name
David Martinez Robles

4.3 Your SID Number
92231

4.4 Your race/ethnicity

○ African American / Black

○ Asian American / Pacific Islander

○ Caucasian / White

● Latino/a

● Native American

○ Other

○ Prefer to not answer

4.5 Your native language
Spanish / English

4.6 Your current mailing address
29391 Recovery Way, Junction City, OR, 97448

4.7 Your date of birth
02-24-1957

## CASE INFORMATION | General

| 4.8 | Court case number(s) on convicted case(s) |
| --- | --- |

CRIIGIIOV

| 4.9 | County in which you were convicted |
| --- | --- |

Yamhill County

| 4.10 | Charge(s) on conviction(s) |
| --- | --- |

Burglary in the 1st Degree

| 4.11 | Date(s) of conviction(s) |
| --- | --- |

Jan 23, 2012 & Jan 25, 2012

| 4.12 | Incident date(s) of crime(s) |
| --- | --- |

March 03, 2010

| 4.13 | Did your case end in a plea or trial?<br>*Mark only one circle* |
| --- | --- |

◉ My case ended in a plea.

○ My case ended in a trial.

○ I do not know.

| 4.14 | Name of Judge who sentenced you |
| --- | --- |

Carroll Tichenor

| 4.15 | Your home address when the crime was committed<br>*if you do not remember the exact address, please provide cross streets or neighborhood and city* |
| --- | --- |

957 SE First St. Mcminnville OR 97128

| 4.16 | Your age when the crime was committed |
| --- | --- |

54



**Multnomah County**
**District Attorney's Office**

Justice Integrity Unit
**Excessive Sentence Application**

### CASE INFORMATION | DETAILED

5.1  List all the Attorney(s) who have represented you in the conviction related to your application

*Greg Perez-Seisky,   Harris Matarazzo*

5.2  Select Yes for each statement that is true
*Mark only one circle per row.*

|  | Yes | No | I don't know |
|---|:---:|:---:|:---:|
| My conviction(s) was/were from a plea | ● | ○ | ○ |
| My conviction(s) was/were from a bench trial | ● | ✗ | ○ |
| My conviction(s) was/were from a jury trial | ○ | ● | ○ |
| My conviction(s) was from a jury trial and the verdict(s) was/were not unanimous (10-2, 11-1). | ○ | ○ | ○ |

## PRIOR APPEALS AND LEGAL PROCEEDINGS

5.3  Do you have any active appeals or post-conviction motions?
*Mark only one circle*

○ Yes

● No

5.4  If you have any active appeals or post-conviction motions, provide the case number

_____

5.5  If you have any active appeals or post-conviction motions, what court is it in?
*Mark only one circle*

○ Trial Court

○ OR Court of Appeals

○ OR Supreme Court

○ Federal District Court

○ 9th Circuit Court of Appeals

○ US Supreme Court

○ I don't know

● Not applicable

**5.6** Have you filed any post-conviction motions before in this case?

*Mark only one circle*

○ Yes

● No

**5.7** If you have filed any post-conviction motions before in this case provide case information.

_____

## PRIOR DNA TESTING

**5.8** Was DNA evidence used in your case?

*Mark only one circle*

○ Yes

● No

**5.9** Was DNA evidence used in a trial on your case, was it by:

*Mark only one circle*

○ State

○ Defense

○ I don't know

● I did not have a trial

○ DNA evidence was not used at my trial

**5.10** Have you filed a motion for DNA testing under OR law?

*Mark only one circle*

○ Yes

● No

**5.11** If you have filed a motion for DNA testing under OR law, was the motion granted?

*Mark only one circle*

○ Yes

○ No

○ I don't know

● Not applicable



**Multnomah County**
**District Attorney's Office**

**Justice Integrity Unit**
**Excessive Sentence Application**

5.12    If you have filed a motion for DNA testing under OR law, was testing done?
*Mark only one circle*

○ Yes

○ No

○ I don't know

◉ Not applicable

**CONTACT WITH INNOCENCE ORGANIZATIONS**

5.13    Have you contacted any local Innocence Organizations or law clinics about your case?
*Mark only one circle*

○ Yes

◉ No

○ I don't know

5.14    If you have contacted any local Innocence Organizations or law clinics about your case, which organization and when?
_____

5.15    If you have contacted any local Innocence Organizations or law clinics about your case, are they currently investigating?
*Mark only one circle*

○ Yes

○ No

○ I don't know

◉ Not applicable

**PREVIOUS CLEMENCY PETITIONS**

5.16    Have you applied for clemency, commutation, pardon, or reprieve before?
*Mark only one circle*

◉ Yes

○ No

○ I don't know

5.17    If you have applied for executive clemency before, what date did you submit your application?
    *Through Harris Matarazzo*

**5.18**   Did you receive an answer on your petition(s) from the Governor's office?

*Mark only one circle*

○ Yes

○ No

○ I don't know

◉ Not applicable

**5.19**   If you received an answer on your petition(s) from the Governor's office, what date(s) did you receive an answer(s)?

_____

## PREVIOUS EXPUNGEMENT APPLICATIONS

**5.20**   Have you applied to have the conviction from this application set aside or expunged?

*Mark only one circle*

○ Yes

◉ No

○ I don't know

**5.21**   If you have applied for set aside or expungement, what date(s) did you submit your application(s)?

N/A
_____

**5.22**   Did you have the help of any legal clinic or organization in applying for set aside or expungement? If so, which one?

N/A
_____

**5.23**   What was the outcome of your application for set aside or expungement?

N/A
_____



**Multnomah County**
District Attorney's Office

Justice Integrity Unit
Excessive Sentence Application

## SB 819 QUESTIONNAIRE

6.1     Check true for every statement that is true. You can check as many boxes as you need.

|  | True | Not True |
|---|---|---|
| My conviction(s) happened in Multnomah County, Oregon. ~~Yamhill~~ | ○ | ● |
| The conviction(s) I am applying for review of is/are not aggravated murder. | ● | ○ |
| The conviction(s) I am applying for review of was/were sentenced as felony convictions. | ● | ○ |

6.2     Check true for every statement that is true. You can check as many boxes as you need.

|  | True | Not True |
|---|---|---|
| A witness/informant who testified against me has recanted or changed their testimony. | ● | ○ |
| I was not at the crime scene and have an alibi. | ○ | ● |
| Police said I confessed to them, but I did not. | ● | ○ |
| Police said I confessed to them, but my statement was coerced. | ● | ○ |
| An eyewitness or victim didn't know me but identified me as the committing the crime, and got it wrong. | ○ | ● |
| There is new evidence that proves my innocence that wasn't available when I went to trial or entered my plea. | ● | ○ |
| There is new evidence that shows my trial was unfair that wasn't available when I went to trial or entered my plea. | ● | ○ |
| There was scientific testimony at my trial that was wrong or has been discredited. | ○ | ● |
| There is DNA in my case that was never tested. | ○ | ● |
| The officer who arrested me or presented testimony against me was arrested or has a sustained finding of dishonesty or bias, or there was news coverage of bad conduct on the part of the officer. | ○ | ● |
| The State used hair comparison evidence against me. | ○ | ● |
| Forensic evidence used in my case should not have been relied upon. | ○ | ● |
| I don't know the answer to some or all of these questions | ○ | ● |



6.3 Check true for every statement that is true. You can check as many boxes as you need.

| | True | Not True |
|---|---|---|
| An eyewitness or victim identified me from a show-up or confrontation. | ○ | ● |
| An eyewitness or victim identified me from a photo array or photo lineup. | ○ | ● |
| An eyewitness or victim identified me from a live lineup. | ○ | ● |
| An eyewitness or victim identified me for the first time in court. | ○ | ● |

6.4 Use the space below to provide explanations about any new evidence that proves your innocence that wasn't available when you went to trial or entered your plea.

*Answer only if you selected "true" to the statement "There is new evidence that proves my innocence that wasn't available when I went to trial or entered my plea."*

My Mother 3 days before he- death confesed to me my dad was drunk and they Both lied to officers about allegedal crime

6.5 Use the space below to provide explanations about any new evidence that shows your trial was unfair that wasn't available when you went to trial or entered your plea.

*Answer only if you selected "true" to the statement "There is new evidence that shows my trial was unfair that wasn't available when I went to trial or entered my plea."*

I was not given enough time to process my plea. I did not use any illegal or legal alcohol 5 days before court appearance and did not ue was not allowed to titrate off and drugs that were used before court

6.6 Use the space below to provide explanations about any scientific testimony at your trial that was wrong or has been discredited.

*Answer only if you selected "true" to the statement "There was scientific testimony at my trial that was wrong or has been discredited."*

NA!

6.7 Use the space below to provide the name and DPSST number of any officer that arrested you or presented testimony against you that has been arrested or has a sustained finding of dishonesty or bias.

*Answer only if you selected "true" to the statement "The officer who arrested me or presented testimony against me was arrested or has a sustained finding of dishonesty or bias, or there was news coverage of bad conduct on the part of the officer."*

**Multnomah County**
**District Attorney's Office**

Justice Integrity Unit
Excessive Sentence Application

### EXCESSIVE SENTENCE CLAIM

9.1    Please check all that apply

|  | True | Not True |
|---|---|---|
| I am currently incarcerated. | ◯ | ◯ |
| I have served at least 5 years of my sentence. | ◯ | ◯ |
| The conviction or convictions I'm applying about were not part of a global plea deal with multiple counties. | ◯ | ◯ |
| None of the above statements apply to me. | ◯ | ◯ |

9.2    Please check all that apply

|  | This applies to me | This does not apply to me |
|---|---|---|
| I was sentenced as a juvenile, and I have a term of incarceration remaining on my sentence that will involve me being transferred to adult prison. | ◯ | ◯ |
| I committed the crime(s) when I was younger than 18 years old. | ◯ | ◯ |
| I am over the age of 60. | ◯ | ◯ |
| I have a terminal or debilitating illness (suffering from an incurable condition that is likely to lead to death within two years or suffering from an illness that requires chronic assistance with a necessary daily function, such as eating, breathing, toileting, walking, or bathing). | ◯ | ◯ |
| I am currently on hospice care. | ◯ | ◯ |
| My conviction(s) are for non-person crimes and my total sentence is longer than 10 years. | ◯ | ◯ |
| My conviction(s) are for person crimes and my total sentence is longer than 16 years. | ◯ | ◯ |
| None of the above statements apply to me. | ◯ | ◯ |

9.3    Please Briefly and accurately explain the events surrounding your offense. If your version differs from the official version of events, you must give the official version before explaining the way in which your view differs.

_____

_____

_____

_____

_____

_____

_____

_____

_____

Multnomah County
District Attorney's Office

Justice Integrity Unit
Excessive Sentence Application

**6.8** Use the space below to provide brief explanations about the forensic evidence used in your case that should not have been relied upon.

*Answer only if you selected "True" to the statement "Forensic evidence used in my case should not have been relied upon."*

N/A/ does levels

**6.9** Please check every statement that applies to you

| | Yes | No |
|---|---|---|
| I did something illegal, but I had a condition that affects my ability to act or understand right from wrong. | | ● |
| I did something illegal, but I was under 18 at the time of the crime. | ● | |
| I did something illegal, but I was under 25 at the time of the crime. | ● | |
| I did something illegal because I was forced to do it by someone else. | | ● |
| I was not the main perpetrator of the crimes I was convicted of, and was charged under an aid and abet theory for helping the main perpetrator (for example, you were the get-away driver). | ● | |
| I am currently over the age of 60. | ● | |
| I currently have a terminal or debilitating illness. | | ● |
| I am currently in hospice. | | ● |

## APPLICATION TYPE

**7.1** Please identify which claim you are seeking.
*Mark only one circle*

○ Innocence claim

● Excessive sentencing claim

○ Collateral consequences claim



**Multnomah County**
**District Attorney's Office**

Justice Integrity Unit
Excessive Sentence Application

9.4  Explain any challenging circumstances you dealt with leading to your conviction.
*For example, substance use, domestic violence, mental health challenges, etc.*

Out of money and was trying
to get it from my Dad who
was given and Dans G-mc for
$1000, which he near
paid.

9.5  Describe your family situation and responsibilities, indicating whether you are single, married, or divorced, and whether you have dependent children or other people for whom you are financially responsible. Please also tell us about non-traditional family members or relationships.

Single

9.6  Describe your employment before your incarceration. Give the name and addresses of past employers. Describe what kind of work you did and tell why you left.

SSDI

9.7  If you have been working while in custody, describe your work.

Um it drew, Dishwashing, hund-
scapeing

9.8 Describe your plans for future employment, and any activities you've engaged in while in custody to help you in your future plans.

Plan to and have applied for a kitchen job at USH Junction City OR

9.9 Tell about your involvement with any public service or community activities. List any special accomplishments.

Have while in the community worked and and active member of 12 step groups

9.10 Describe your past criminal record.

DUII, Criminal trespass, one Arson I charge 6E) in 1984

9.11 Describe your record of discipline while in custody.

Attend treatment 12 step

Multnomah County
District Attorney's Office

Justice Integrity Unit
Excessive Sentence Application

9.12    List any debts you owe and how you plan to pay them.

_T-mobile & Merrick work_
_at USA to pay bills_

9.13    Release plan: Please describe your plans for where you will live, how you will find transportation, and what community supports you might use if you were to be released from custody.

_I would go to Gresham &_
_rent till I married Julie_
_Donaldson or move in_
_with her. I would use_
_US & Vear Support and_
_SSDI_

9.14    Character References. Do not list relatives. If possible, these individuals should be aware of your crime. Whether they know about the crime or not, they must be familiar with your present circumstances and activities. (You may email letters of recommendation from these references, or from other individuals, if you would like to, however, you are not required to do so. Email under subject line "FULL NAME_SB 819 Application")

Randy Downing

259 S 3rd St

St Helens OR 97051

(503) 473-2589

randy.downing@gmail.com

10/28/2022

RE: David Robles

To whom it may concern,

My name is Randy Downing. On November 29th I will have 28 years of sobriety. I was David Robles AA sponsor while he lived in St Helens and I've been in communication with him regularly since he was returned to the state hospital providing support as best I can as his sponsor.

While David was part of our community, he was actively participating in a sobriety program, and regularly attending meetings. He regularly volunteered at the Alano club. He was also the cofounder and instrumental in creating the Wellbriety Native American recovery meeting in our community. David spent quite a bit of his free time at the Alano club helping others. David was also quite generous to a fault sometimes as I would warn him. And I believe people took advantage of his generosity.

David was a valued member of our community. People always speak well about him.  No one in our community that I know of deemed him as any type of threat at all. I know he would be welcomed back in our sobriety community and have many support members that already know him here.

Thank you for taking the time to read this,



OUR LADY OF GUADALUPE

9200 NE Abbey Road, Carlton, OR 97111

March 1, 2023

To Whom it may concern;

I am Fr. Richard Layton, a monk of the Trappist Abbey of Our Lady of Guadalupe, near Carlton Oregon, 97111. I am a Catholic priest and the spiritual director to David Robles.

Since 1969 I have been a member of the Abbey community, which is an enclosed community of contemplative monks dedicated to prayer and meditation.

I have known David Robles for many years and he has known the Abbey for many years (since he was 13 years old). I have visited David at OSH many times and on Zoom during the pandemic.P

I know that David has had mental health issues since he was very young. It seems to be mainly Bi-Polar. He has had periods of instability, mostly manic (I believe); but, also, many periods in which he has functioned well and proved himself a good "survivor" in society.

I understand that his case may be reviewed and there may be a possibility for his release after serving 11 years of his 20-year term. Since I know that, with some monitoring, he can survive when he is on his own, I am happy that his release may be reviewed and considered.

Please use my remarks in any way that might help David be given a fair hearing.

Sincerely,    Fr. Richard Layton

Fr. Richard Layton, Trappist Abbey, 503 852-0103 (direct line) and email: dicklayton@trappistabbey.org and 503 550-3745 (cell)

Randy Downing

259 S 3rd St

St Helens OR 97051

(503) 473-2589

randy.downing@gmail.com


10/28/2022


RE: David Robles


To whom it may concern,

My name is Randy Downing. On November 29th I will have 28 years of sobriety. I was David Robles AA sponsor while he lived in St Helens and I've been in communication with him regularly since he was returned to the state hospital providing support as best I can as his sponsor.

While David was part of our community, he was actively participating in a sobriety program, and regularly attending meetings. He regularly volunteered at the Alano club. He was also the cofounder and instrumental in creating the Wellbriety Native American recovery meeting in our community. David spent quite a bit of his free time at the Alano club helping others. David was also quite generous to a fault sometimes as I would warn him. And I believe people took advantage of his generosity.

David was a valued member of our community. People always speak well about him. No one in our community that I know of deemed him as any type of threat at all. I know he would be welcomed back in our sobriety community and have many support members that already know him here.


Thank you for taking the time to read this,

March 10, 2023

Re: David Robles Time Served SB819

To Whom it May Concern:

Mr. Robles has been sentenced under the PSRB as a GEI and was given a 20-year sentence for Burglary I. He has already served 11 years at the Oregon State Hospital.

Mr. Robles has progressed and successfully improved his mental health and well-being. He has proven his ability to function well within the community and get along with others.

I have personally known David Robles for the past 12 years. I have seen tremendous growth and promise in him. I hope he will be given the opportunity to flourish in the community and be able to be a productive member of society. He truly deserves this chance sooner than later.

Respectfully, we ask for your consideration that his case be reviewed under Senate Bill SB819 and his 11 years count as time served.

Please do not hesitate to reach out to me with any questions. My email is juliead72@gmail.com and telephone number is 503-348-6590.

Sincerely,

Julie Donaldson

Julie Donaldson

TO WHOM IT MAY CONCERN:

I am writing this letter of reference for Mr. David Robles. I have known David and worked with him closely over the past 5 years. In that time, I have had the opportunity to interact with and observe David in two different settings. I have had some direct supervision withing David's life in a living setting. I was able to observe Dave as a member of a household community and a roommate. During this time David should be commended on his ability to live with unpredictable and occasionally violent humans without being involved in any altercations. In the living areas David consistently conducted himself without violence or aggression in his speech or in his actions. He maintained civility and positive regard for other residents regardless of their abilities or mental status. At one point he was very helpful as a roommate with an exceptionally dysregulated client who looked to Dave for leadership. This Client even assaulted Dave over not having popcorn and Dave again exampled "turning the other cheek and Grace" for this man. Additionally in this time has Dave has been an exemplary roommate without reports of issues from roommates. Overall David had been a positive contributor to the milieus and clients wherever he has lived during this time

David has had periods of what could be called "bitterness" where he felt unsupported by his Inter disciplinary Treatment Teams. These periods can be observed as times when Dave wasn't focused on his recovery but focused on his story that wasn't congruent with his ideal self. At times this has appeared focused on staff and others as the barrier to his success. I spent numerous hours coaching and supporting David thought these times as well. In these times even when expressing institutional trauma David did not make threats or display any unsafe or unpredictable behavior during these challenging times.

The other place where I have observed David is on the Treatment Mall, which is a setting where clients voluntarily go to gain coping and relational skills. In this area Dave has been commendable. He offers insight and experience in class. He attends with enthusiasm and approaches each class with preparation and dedication. He has much to offer through the lessons he has learned. David has some great wisdom about history, culture, and institutional trauma. He has insights that are quite often helpful and beneficial for others.

I can't speak to where David belongs or placements, but I can attest that David has never expressed violent thoughts about others to me in hundreds of hours of engagement. He works diligently to understand and be who he believes he is at his core. David has consistently been willing to take feedback and work on himself when on the mall. David has certainly had personality conflicts but has been safe and predictable in all his actions since I have known him. I personally would have no concerns that David could be successful in a less restrictive environment. I would strongly attest to the consistency of David's character in the time I have known him.

J.P. Salisbury

MHRN JUNCTION CITY HOSPITAL

## Patient Grievance: Grievance Committee Response

Staff must complete all sections. Patients must be given a written response within 7 calendar days, even if they decline to meet. Exceptions to this timeline are only approved by the OSH Ombuds.

| Patient name: David Robles | | |
|---|---|---|
| Unit: MN.3 | Date Unit Received: 5/8/23 | Avatar #: 82231 |
| Grievance #(s): 48485 | | |

| Screenings | Date Sent | Date of Grievance Review |
|---|---|---|
| **Civil Rights:** OSH Ombuds and Family Services | N/A | 5/15/2023 |
| **Allegation of Abuse:** Office of Training, Investigations and Safety (OTIS) | N/A | Patient met ☒ <br> Patient declined to meet ☐ |

The following staff contributed to this response:
Codi Eicher (TCPS) JD Maynard (TIA), Jeremy Kazemier

**Information and unit response (attach additional pages, if needed)**
☐ This issue is ineligible for the grievance process. See attached letter for more information.

Please see attached response.

| Patient Signature: [signature] <br> ☐ Declined to sign | Completion Date: 5/15/2023 <br> Grievance Committee Member 1 (Print): Codi Eicher <br> Grievance Committee Member 2 (Print): JD Maynard |
|---|---|

**Distribute a completed two-sided copy to:**
Patient; Ombuds and Family Services; Representative (if applicable); Program Director

OSH Policy 7.006: Attachment A



## Patient Grievance



### Place completed form in the grievance box
Use one form for each grievance.
To help staff investigate, include as much detail as possible about your concern.

Patient Name: David Robles

Unit: MN3

| For Staff use only |
|---|
| Date Received: 5/8/23 |
| Grievance #: 48485 |

Describe your grievance:

I have been denied computer access due to my right as a given to me in federal & state constitution. To pursve my religious right to serve my peers through a non-profit. i.e. mental health & drug & alcohol addiction, as per By laws.

What have you done so far to address your grievance?

This is my first step in resolution.

What is your desired outcome?

To gain computer access to advocate, indirectly.

I would like to discuss my grievance with a Grievance Committee member ☐Yes  ☐No

Patient Signature: David Robles          Date: 05/07/23

Printed name of staff or representative who
helped fill out this form: ⟶ written by unknown
staff per David's own words.

In addition to the OSH grievance process, complaints can be filed with the state agency that has licensure-survey responsibility over OSH. See Patient Rights Board for information.

**Grievance Committee Response**

Grievance # 48654

Thank you for sharing your concern regarding the response provided to previous grievance (# 48485). The provided response does **not** state a crime was committed. The 5/15/2023 response states "Your computer access will continue to remain on hold based on a history of utilizing the internet to engage in criminal behavior related to a non-profit organization as well as an independent investigation with authorities outside of OSH." Stating a history of criminal behavior refers to conduct that could lead to the commission of an unlawful act and is not the same as stating that someone has been convicted in a court of law.

The Constitution of Oregon, Article I, Section 10. Administration of justice is not applicable to the response provided by the Grievance Committee for Grievance # 48485.

# Patient Grievance: Grievance Committee Response

Staff must complete all sections. Patients must be given a written response within 7 calendar days, even if they decline to meet. Exceptions to this timeline are only approved by the OSH Ombuds.

| Patient name: David Robles | | |
|---|---|---|
| Unit: MN 3 | Date Unit Received: 5/16/23 | Avatar #: 02231 |
| Grievance #(s): 48654 | | |

| Screenings | Date Sent | Date of Grievance Review: |
|---|---|---|
| **Civil Rights:** OSH Ombuds and Family Services | N/A | 5/18/2023 |
| **Allegation of Abuse:** Office of Training, Investigations and Safety (OTIS) | N/A | Patient met ☑ Patient declined to meet ☐ |
| The following staff contributed to this response: | | |

| Information and unit response (attach additional pages, if needed) |
|---|
| ☐  This issue is ineligible for the grievance process. See attached letter for more information. |
| see attached |

| Patient Signature: [signature] ☐ Declined to sign | Completion Date: 5/18/2023 |
|---|---|
| | Grievance Committee Member 1 (Print): Jodi Eicher |
| | Grievance Committee Member 2 (Print): Jo Maynard |

**Distribute a completed <u>two-sided</u> copy to:**
Patient; Ombuds and Family Services; Representative (if applicable); Program Director

OSH Policy 7.006: Attachment A



**Patient Grievance**



## Place completed form in the grievance box
Use one form for each grievance.
To help staff investigate, include as much detail as possible about your concern.

Patient Name: David Robles

Unit: MN 3

Describe your grievance:

| For Staff use only |
| --- |
| Date Received: 5/16/23 |
| Grievance # 4865A |

According to response to grievance, a crime was
committed. Legally, no such proof came to light in any
court of law. According to Article 1 section 10 of
the ~~org~~ Oregon Bill of Rights.

What have you done so far to address your grievance?

What is your desired outcome?

I would like to discuss my grievance with a Grievance Committee member ☐Yes ☐No

Patient Signature: _David Robles_    Date: 5/15/23

Printed name of staff or representative who
helped fill out this form:    Kendra D. RN

In addition to the OSH grievance process, complaints can be filed with the state agency that
has licensure survey responsibility over OSH. See Patient Rights Board for information.

**Patient Grievance: Grievance Committee Response**
5/15/2023

While your IDT and OSH value your religious and free expression rights listed in Article,
I Bill of Rights in the Constitution of Oregon we do not believe the restriction of
computer privileges violates Freedom of Worship (section 2) and/or Freedom of
Religious Opinion (section 3). The IDT would like to be supportive of our desire to serve
peers via a non-profit and would consider working with you to develop a Supported
Education goal to further your understanding and skills to deliver peer supported
services in a religious context without the use of internet access and using manuals or
textbooks. Presently you have options available to support and interact with peers at
AA/NA meetings and/or DDA. Your computer access will continue to remain on hold
based on history of utilizing the internet to engage in criminal behavior related to a non-
profit organization as well as an independent investigation with authorities outside of
OSH (the actions were a violation of your OSH Internet and Computer Use / Access
Contract). Anything you need for your religious practice can be requested from Spiritual
Care or your IDT and provided via means other than the internet. At this time the risk of
reinstating computer access exceeds the potential benefit of this privilege.

Per OSH Policy 6.030 IE2 failure to follow the provisions in the "OSH Internet and
Computer Use/Access Contract" or "Cell Phone Contract" (attached), or possession of
devices not allowed under this policy may result in search and possible restriction from
using the device or data.

Attached please find a copy of the above referenced policy and your signed Internet
Contract.

If you disagree with this response you are encouraged to complete the attached
grievance review within 7 days and be sure to include your original grievance and
response.

Your IDT will discuss this with you at your next scheduled Treatment Care Plan
Meeting.

## RELIGION AND FREE EXPRESSION



### FIRST AMENDMENT

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

### RELIGION

#### An Overview

Madison's original proposal for a bill of rights provision concerning religion read: "The civil rights of none shall be abridged on account of religious belief or worship, nor shall any national religion be established, nor shall the full and equal rights of conscience be in any manner, or on any pretence, infringed."[1] The language was altered in the House to read: "Congress shall make no law establishing religion, or to prevent the free exercise thereof, or to infringe the rights of conscience."[2] In the Senate, the section adopted read: "Congress shall make no law establishing articles of faith, or a mode of worship, or prohibiting the free exercise of religion, . . ."[3] It was in the conference committee of the two bodies, chaired by Madison, that the present language was written with its some-

---

[1] 1 ANNALS OF CONGRESS 434 (June 8, 1789).

[2] The committee appointed to consider Madison's proposals, and on which Madison served, with Vining as chairman, had rewritten the religion section to read: "No religion shall be established by law, nor shall the equal rights of conscience be infringed." After some debate during which Madison suggested that the word "national" might be inserted before the word "religion" as "point[ing] the amendment directly to the object it was intended to prevent," the House adopted a substitute reading: "Congress shall make no laws touching religion, or infringing the rights of conscience." 1 ANNALS OF CONGRESS 729-31 (August 15, 1789). On August 20, on motion of Fisher Ames, the language of the clause as quoted in the text was adopted. Id. at 766. According to Madison's biographer, "[t]here can be little doubt that this was written by Madison." I. BRANT, JAMES MADISON—FATHER OF THE CONSTITUTION 1787–1800 at 271 (1950).

[3] This text, taken from the Senate JOURNAL of September 9, 1789, appears in 2 B. SCHWARTZ (ED.), THE BILL OF RIGHTS: A DOCUMENTARY HISTORY 1153 (1971). It was at this point that the religion clauses were joined with the freedom of expression clauses.

Case 6:23-cv-00762-MC    Document 1    Filed 05/24/23    Page 112 of 131

*03. 426,385*
*(e) Religious Freedom*

*Karen Bosm*
*Carabis*

## CONSTITUTION OF OREGON

Art. I §11

### ARTICLE I
### BILL OF RIGHTS

Sec. 1. Natural rights inherent in people
2. Freedom of worship
3. Freedom of religious opinion
4. No religious qualification for office
5. No money to be appropriated for religion
6. No religious test for witnesses or jurors
7. Manner of administering oath or affirmation
8. Freedom of speech and press
9. Unreasonable searches or seizures
10. Administration of justice
11. Rights of Accused in Criminal Prosecution
12. Double jeopardy; compulsory self-incrimination
13. Treatment of arrested or confined persons
14. Bailable offenses
15. Foundation principles of criminal law
16. Excessive bail and fines; cruel and unusual punishments; power of jury in criminal case
17. Jury trial in civil case
18. Private property or services taken for public use
19. Imprisonment for debt
20. Equality of privileges and immunities of citizens
21. Ex-post facto laws; laws impairing contracts; laws depending on authorization in order to take effect; laws submitted to electors
22. Suspension of operation of laws
23. Habeas corpus
24. Treason
25. Corruption of blood or forfeiture of estate
26. Assemblages of people; instruction of representatives; application to legislature
27. Right to bear arms; military subordinate to civil power
28. Quartering soldiers
29. Titles of nobility; hereditary distinctions
30. Emigration
32. Taxes and duties; uniformity of taxation
33. Enumeration of rights not exclusive
34. Slavery or involuntary servitude
39. Sale of liquor by individual glass
40. Penalty for aggravated murder
41. Work and training for corrections institution inmates; work programs; limitations; duties of corrections director
42. Rights of victim in criminal prosecutions and juvenile court delinquency proceedings
43. Rights of victim and public to protection from accused person during criminal proceedings; denial of pretrial release
44. Term of imprisonment imposed by court to be fully served; exceptions
45. Person convicted of certain crimes not eligible to serve as juror on grand jury or trial jury in criminal case
46. Prohibition on denial or abridgment of rights on account of sex

**Section 1. Natural rights inherent in people.** We declare that all men, when they form a social compact are equal in right; that all power is inherent in the people, and all free governments are founded on their authority, and instituted for their peace, safety, and happiness; and they have at all times a right to alter, reform, or abolish the government in such manner as they may think proper.⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**Section 2. Freedom of worship.** All men shall be secure in the Natural right, to worship Almighty God according to the dictates of their own consciences. ⎯

**Section 3. Freedom of religious opinion.** No law shall in any case whatever control the free exercise, and enjoyment of religeous [sic] opinions, or interfere with the rights of conscience. ⎯

**Section 4. No religious qualification for office.** No religious test shall be required as a qualification for any office of trust or profit. ⎯

**Section 5. No money to be appropriated for religion.** No money shall be drawn from the Treasury for the benefit of any religeous [sic], or theological institution, nor shall any money be appropriated for the payment of any religeous [sic] services in either house of the Legislative Assembly. ⎯

**Section 6. No religious test for witnesses or jurors.** No person shall be rendered incompetent as a witness, or juror in consequence of his opinions on matters of religeon [sic]; nor be questioned in any Court of Justice touching his religeous [sic] belief to affect the weight of his testimony. ⎯

**Section 7. Manner of administering oath or affirmation.** The mode of administering an oath, or affirmation shall be such as may be most consistent with, and binding upon the conscience of the person to whom such oath or affirmation may be administered. ⎯

**Section 8. Freedom of speech and press.** No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right. ⎯

**Section 9. Unreasonable searches or seizures.** No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized. ⎯

**Section 10. Administration of justice.** No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation. ⎯

**Section 11. Rights of Accused in Criminal Prosecution.** In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the

OSH Policy 7.006: Attachment A



**Patient Grievance**



## Place completed form in the grievance box
Use one form for each grievance.
To help staff investigate, include as much detail as possible about your concern.

Patient Name: David Robles

Unit: M N 3

Describe your grievance:

For Staff use only

Date Received: 5/16/23

Grievance # 48056

I have conntacted a lawer in regauds to my Civil Rights violation in accusations mado by Forest one TX-team & them turning over report

What have you done so far to address your grievance?

to Oregon State Police this is my Grievance as this is impeding my Progress through OSH

What is your desired outcome?

I would like to discuss my grievance with a Grievance Committee member ☐Yes  ☐No

Patient Signature: David Robles          Date: 5/15/23

Printed name of staff or representative who
helped fill out this form: _____

In addition to the OSH grievance process, complaints can be filed with the state agency that
has licensure survey responsibility over OSH. See Patient Rights Board for information.

INTERNAL USE ONLY
OSH Grievance Form                    Page 1                    Rev (9/20/22)

## Patient Grievance: Grievance Committee Response

Staff must complete all sections. Patients must be given a written response within 7 calendar days, even if they decline to meet. Exceptions to this timeline are only approved by the OSH Ombuds.

| Patient name: David Robles | | |
|---|---|---|
| Unit: MN 3 | Date Unit Received: 5/16/23 | Avatar #: 02271 |
| Grievance #(s): 48656 | | |

| Screenings | Date Sent | Date of Grievance Review |
|---|---|---|
| **Civil Rights:** OSH Ombuds and Family Services | N/A | 5/10/2023 |
| **Allegation of Abuse:** Office of Training, Investigations and Safety (OTIS) | N/A | Patient met ☒ Patient declined to meet ☐ |

The following staff contributed to this response:
Codi Eicher (CCRS) & Jo Maynard (UA)

Information and unit response (attach additional pages, if needed)

☐ This issue is ineligible for the grievance process. See attached letter for more information.

see attached

| Patient Signature: David Robles ☐ Declined to sign | Completion Date: 7/18/2023 Grievance Committee Member 1 (Print): Codi Eicher Grievance Committee Member 2 (Print): Jo Maynard |
|---|---|

**Distribute a completed <u>two-sided</u> copy to:**
Patient; Ombuds and Family Services; Representative (if applicable); Program Director

**Grievance Committee Response**

Grievance # 48656

The Grievance Committee empathizes with the frustration you are experiencing related to alleged accusations made by your previous treatment team on FT1. Currently there is an outside investigation that OSH and staff, FT1 or otherwise have no control and/or current information. Unfortunately, until such time as this is resolved the IDT is unable to request additional privileges on your behalf from Risk Review. You mentioned in your grievance that you have contacted a lawyer to discuss your civil rights and your current treatment team encourages you to continue to do what you think is best for you in this situation.

The MN3 IDT appreciates your treatment engagement and will be happy to discuss with you at your next scheduled Treatment Care Plan Meeting (5/31/203), ways you can become and stay Risk Review ready so when this outside investigation is resolved steps for Conditional Release and placement options can be explored.

OSH Policy 7.006: Attachment A



## Patient Grievance



### Place completed form in the grievance box
Use one form for each grievance.
To help staff investigate, include as much detail as possible about your concern.

Patient Name: _David Robles_

Unit: _MN3_

| For Staff use only |
| --- |
| Date Received: 5/16/23 |
| Grievance #: 48655 |

Describe your grievance:

My room was illegally searched according to Article I section #9 of the Oregon Bill of Rights.

What have you done so far to address your grievance?

What is your desired outcome?

I would like to discuss my grievance with a Grievance Committee member ☐Yes  ☐No

Patient Signature: _David Robles_        Date: _5/15/23_

Printed name of staff or representative who
helped fill out this form: _Kendra D. RN_

In addition to the OSH grievance process, complaints can be filed with the state agency that has licensure survey responsibility over OSH. See Patient Rights Board for information.

INTERNAL USE ONLY
OSH Grievance Form                    Page 1                    Rev (9/20/22)

# Patient Grievance: Grievance Committee Response

Staff must complete all sections. Patients must be given a written response within 7 calendar days, even if they decline to meet. Exceptions to this timeline are only approved by the OSH Ombuds.

| Patient name: David Robles | | |
|---|---|---|
| Unit: MN 3 | Date Unit Received: 5/16/23 | Avatar #: 00 2031 |
| Grievance #(s): 48655 | | |

| Screenings | Date Sent | Date of Grievance Review: |
|---|---|---|
| **Civil Rights:** OSH Ombuds and Family Services | N/A | 5/18/2023 |
| **Allegation of Abuse:** Office of Training, Investigations and Safety (OTIS) | N/A | Patient met ☒ <br> Patient declined to meet ☐ |

The following staff contributed to this response:
Codi Eicher (TCPS) & JD Maynard (UA)

**Information and unit response** (attach additional pages, if needed)

☐  This issue is ineligible for the grievance process. See attached letter for more information.

| Patient Signature: David Robles <br> ☐ Declined to sign | Completion Date: 5/18/2003 <br> Grievance Committee Member 1 (Print): Codi Eicher <br> Grievance Committee Member 2 (Print): JD Maynard |
|---|---|

**Distribute a completed _two-sided_ copy to:**
Patient; Ombuds and Family Services; Representative (if applicable); Program Director

*ORS 426.385*
*(E) Religious Freedom*

*Nasett Bosm Canabis*

## CONSTITUTION OF OREGON
Art. I§11

### ARTICLE I
### BILL OF RIGHTS

Sec. 1. Natural rights inherent in people
2. Freedom of worship
3. Freedom of religious opinion
4. No religious qualification for office
5. No money to be appropriated for religion
6. No religious test for witnesses or jurors
7. Manner of administering oath or affirmation
8. Freedom of speech and press
9. Unreasonable searches or seizures
10. Administration of justice
11. Rights of Accused in Criminal Prosecution
12. Double jeopardy; compulsory self-incrimination
13. Treatment of arrested or confined persons
14. Bailable offenses
15. Foundation principles of criminal law
16. Excessive bail and fines; cruel and unusual punishments; power of jury in criminal case
17. Jury trial in civil cases
18. Private property or services taken for public use
19. Imprisonment for debt
20. Equality of privileges and immunities of citizens
21. Ex-post facto laws; laws impairing contracts; laws depending on authorization in order to take effect; laws submitted to electors
22. Suspension of operation of laws
23. Habeas corpus
24. Treason
25. Corruption of blood or forfeiture of estate
26. Assemblages of people; instruction of representatives; application to legislature
27. Right to bear arms; military subordinate to civil power
28. Quartering soldiers
29. Titles of nobility; hereditary distinctions
30. Emigration
31. Taxes and duties; uniformity of taxation
33. Enumeration of rights not exclusive
34. Slavery or involuntary servitude
35. Sale of liquor by individual glass
40. Penalty for aggravated murder
41. Work and training for corrections institution inmates; work programs; limitations; duties of corrections director
42. Rights of victim in criminal prosecutions and juvenile court delinquency proceedings
43. Rights of victim and public to protection from accused person during criminal proceedings; denial of pretrial release
44. Term of imprisonment imposed by court to be fully served; exceptions
45. Person convicted of certain crimes not eligible to serve as juror on grand jury or trial jury in criminal case
46. Prohibition on denial or abridgment of rights on account of sex

**Section 1. Natural rights inherent in people.** We declare that all men, when they form a social compact are equal in right; that all power is inherent in the people, and all free governments are founded on their authority, and instituted for their peace, safety, and happiness; and they have at all times a right to alter, reform, or abolish the government in such manner as they may think proper. —

**Section 2. Freedom of worship.** All men shall be secure in the Natural right, to worship Almighty God according to the dictates of their own consciences. —

**Section 3. Freedom of religious opinion.** No law shall in any case whatever control the free exercise, and enjoyment of religious [sic] opinions, or interfere with the rights of conscience. —

**Section 4. No religious qualification for office.** No religious test shall be required as a qualification for any office of trust or profit. —

**Section 5. No money to be appropriated for religion.** No money shall be drawn from the Treasury for the benefit of any religeous [sic], or theological institution, nor shall any money be appropriated for the payment of any religeous [sic] services in either house of the Legislative Assembly. —

**Section 6. No religious test for witnesses or jurors.** No person shall be rendered incompetent as a witness, or juror in consequence of his opinions on matters of religeon [sic]; nor be questioned in any Court of Justice touching his religeous [sic] belief to affect the weight of his testimony. —

**Section 7. Manner of administering oath or affirmation.** The mode of administering an oath, or affirmation shall be such as may be most consistent with, and binding upon the conscience of the person to whom such oath or affirmation may be administered. —

**Section 8. Freedom of speech and press.** No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right. —

**Section 9. Unreasonable searches or seizures.** No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized. —

**Section 10. Administration of justice.** No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation. —

**Section 11. Rights of Accused in Criminal Prosecution.** In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the

## RELIGION AND FREE EXPRESSION

 FIRST AMENDMENT

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

## RELIGION

### An Overview

Madison's original proposal for a bill of rights provision concerning religion read: "The civil rights of none shall be abridged on account of religious belief or worship, nor shall any national religion be established, nor shall the full and equal rights of conscience be in any manner, or on any pretence, infringed." [1] The language was altered in the House to read: "Congress shall make no law establishing religion, or to prevent the free exercise thereof, or to infringe the rights of conscience." [2] In the Senate, the section adopted read: "Congress shall make no law establishing articles of faith, or a mode of worship, or prohibiting the free exercise of religion, . . ." [3] It was in the conference committee of the two bodies, chaired by Madison, that the present language was written with its some-

---

[1] 1 ANNALS OF CONGRESS 434 (June 8, 1789).

[2] The committee appointed to consider Madison's proposals, and on which Madison served, with Vining as chairman, had rewritten the religion section to read: "No religion shall be established by law, nor shall the equal rights of conscience be infringed." After some debate during which Madison suggested that the word "national" might be inserted before the word "religion" as "point[ing] the amendment directly to the object it was intended to prevent," the House adopted a substitute reading: "Congress shall make no laws touching religion, or infringing the rights of conscience." 1 ANNALS OF CONGRESS 729–31 (August 15, 1789). On August 20, on motion of Fisher Ames, the language of the clause as quoted in the text was adopted, Id. at 766. According to Madison's biographer, "[t]here can be little doubt that this was written by Madison." I. BRANT, JAMES MADISON—FATHER OF THE CONSTITUTION 1787–1800 at 271 (1950).

[3] This text, taken from the Senate JOURNAL of September 9, 1789, appears in 2 B. SCHWARTZ (ED.), THE BILL OF RIGHTS: A DOCUMENTARY HISTORY 1153 (1971). It was at this point that the religion clauses were joined with the freedom of expression clauses.

**Grievance Committee Response**

Grievance # 48655

Thank you for bringing your concern regarding room searches to this committee and providing a copy of Article I (Bill of Rights) of the Constitution of Oregon. Section 9. Unreasonable searches or seizures.

Here at OSH, our duty to maintain safety and security and one of the ways this is accomplished is via unannounced and announced searches and environmental checks.

Authorized by Program Director or Safety and Security. Per Policy 8.014, "Unannounced searches may be conducted as needed in response to reasonable cause to suspect presence of contraband, prohibited item(s), missing item(s), or for other identified safety, security, or treatment risks."

On 2/3/2023 an announced search authorized by Program Director, Heidi Scott was conducted of your room on FT1 due to concerns there may be personal/private information of another peer(s). Records indicate you were informed of and present for this search. All property taken during this room search was impounded as evidence in regard to an open investigation, picked up by OSP, and is now stored with them until which time the case is resolved. This is still an open investigation with OSP. Case number: SP23-033326.

See attached Policy 8.014

OSH was within the legal parameter and hospital policy to perform the search of your room.

# OREGON STATE HOSPITAL

### POLICIES AND PROCEDURES

| | | |
|---|---|---|
| **SECTION 8:** | **Safety, Security, Emergency Management** | **POLICY: 8.014** |
| **SUBJECT:** | **Room, Unit, Treatment Mall Searches** | |
| **POINT PERSON:** | **SAFETY & SECURITY DIRECTOR** | |
| **APPROVED:** | **DOLORES MATTEUCCI** | **DATE: March 20, 2019** |
| | **SUPERINTENDENT** | |

## I. POLICY

A. Oregon State Hospital (OSH) will maintain a safe and secure treatment environment by implementing guidelines for unannounced and scheduled searches of patient rooms, units, and treatment malls. All searches will be a collaborative effort between Security, other health care personnel (HCP), and patients. This policy does not apply to environmental checks or other related processes directed by Nursing Services protocols.

B. A search may only be conducted if authorized by the appropriate program director or treatment mall manager. If the program director is unable to be reached to authorize the search, the Safety and Security Director may authorize the search.

C. An unannounced search may be conducted as needed in response to reasonable cause to suspect presence of contraband, prohibited item(s), missing item(s), or for other identified safety, security, or treatment risks.

D. An unannounced search of each unit and treatment mall will be conducted at least annually by the Safety and Security Department to locate potential contraband, prohibited items, and safety hazards.

E. Security must notify the relevant program director and treatment mall manager prior to a search being conducted.

F. Before a patient's room is searched, the patient must be informed of the search. The patient must be given opportunity to monitor the room search process.

G. Common areas may be searched without patients being present.

H. HCP must follow Procedures A, "Room Search Process," to conduct a room search. At least two HCP must be present during any room search.

I. HCP must follow Procedures B, "Unit Search Process," to conduct a unit search.

J.  HCP must follow Procedures C, "Treatment Mall Search Process," to conduct a treatment mall search.

K.  If a personal search of a patient is considered to be necessary during a room, unit, or treatment mall search, HCP must follow OSH Policy and Procedures 8.041, "Personal Searches".

L.  Found contraband or prohibited items must be handled in accordance with the procedures in OSH Policies and Procedures 8.019, "Staff Response to Alleged Criminal Acts and Contraband"; 8.037, "Patient Property and Valuables: Handling and Storage"; 8.044, "Contraband and Prohibited Items"; and Oregon Administrative Rule (OAR) 309-108-0015.

M.  Upon authorization from the Superintendent, the Safety and Security Director may enlist assistance from the Department of Corrections Search Team.

N.  A HCP who fails to comply with this policy or related procedures may be subject to disciplinary action, up to and including dismissal.

## II. DEFINITIONS

A.  "Chain of custody" means an unbroken, documented trail of accountability that proves the physical security, including movement and location, of an item.

B.  "Contraband" has the same definition as that in OSH Policy and Procedure 8.044, "Contraband and Prohibited Items."

C.  "Health care personnel (HCP)" for the purposes of this policy means the population of health care workers working in the OSH healthcare setting. HCP might include, but is not limited to: physicians, nurses, nursing assistants, therapists, technicians, dental personnel, pharmacists, laboratory personnel, students and volunteers, trainees, contractual staff not employed by the facility, and persons not directly involved in patient care (*e.g.,* clerical, dietary, housekeeping, maintenance).

D.  "Prohibited items" has the same meaning as that in OSH Policy and Procedure 8.044, "Contraband and Prohibited Items".

E.  "Reasonable cause" means a person has knowledge, notice of facts or circumstances which would lead a person of ordinary care and prudence to have strong suspicion.

## III. PROCEDURES

Procedures A   Room Search

Procedures B   Unit Search

Procedures C   Treatment Mall Search

| SUBJECT: | Room, Unit, Treatment Mall Searches | POLICY NUMBER 8.014 |
|---|---|---|
| DATE: | March 20, 2019 | PAGE 3 OF 3 |

## IV. FORMS

Search Report Form S020-T3

Search Supplement Form S020-T4

## V. REFERENCES

42 CFR §482.13(c).

Oregon Administrative Rules §§ 309-108-000 — 309-108-0020.

Oregon Revised Statute § 162.135.

Oregon Revised Statute § 162.185.

Oregon State Hospital Policy and Procedure Manual. *Contraband and prohibited items*, 8.044. Author.

Oregon State Hospital Policy and Procedure Manual. *Incident reporting*, 1.003. Author.

Oregon State Hospital Policy and Procedure Manual. *Patient property and valuables*, 8.037. Author.

Oregon State Hospital Policy and Procedure Manual. *Patient rights*, 7.005. Author.

Oregon State Hospital Policy and Procedure Manual. *Personal searches*, 8.041. Author.

Oregon State Hospital Policy and Procedure Manual. *Staff response to alleged criminal acts and contraband*, 8.019. Author.

| PROCEDURES A   Room Search | POLICY NUMBER 8.014 |
|---|---|
| DATE          March 20, 2019 | PAGE  1 of 2 |

| Responsible Person/Group | Procedures |
|---|---|
| Nurse manager (or designee) | When a room search is deemed necessary in accordance with OSH Policy 8.014:<br><br>1. Request authorization from the program director for patient room search. Provide the following information to the program director:<br><br>   a.  reasonable cause to suspect the presence of contraband, prohibited items, or drugs; or<br><br>   b.  the security or safety risk that poses a danger to patients or others.<br><br>2. Determine if additional staff will be necessary for the search.<br><br>3. Contact Security manager or designee to coordinate the search, if necessary.<br><br>4. Designate a HCP to lock the patient's room until the search is conducted.<br><br>5. Establish a chain of custody for contraband or prohibited items located during room search.<br><br>6. Communicate results to the program director. |
| Program director | 1. Review search request.<br><br>2. Authorize the search if deemed necessary.<br><br>3. Review search results. |
| Security Director or manager | 1. Coordinate Security assistance.<br><br>2. Develop plan with HCP about scope of search, search plan, and possible risks.<br><br>3. Assign or lead a Security team to assist with room search.<br><br>4. Review and assist with documentation of chain of custody, evidence handling, and incident reports from Security staff.<br><br>5. If contraband or prohibited items are found, follow OSH Policies and Procedures 8.019, "Staff Response to Alleged Criminal Acts and Contraband"; 8.037, "Patient Property and Valuables: Handling and Storage"; 8.044, "Contraband and Prohibited Items"; and Oregon Administrative Rule (OAR) 309-108-0015. |
| Security staff | 1. Complete search according to established plan.<br><br>2. Complete incident reports as necessary per OSH Policy and Procedure 1.003, "Incident Reporting". |

| PROCEDURES A | Room Search | POLICY NUMBER 8.014 |
|---|---|---|
| DATE | March 20, 2019 | PAGE 2 of 2 |

| MHT, nurse, or MHST | 1. Coordinate resources to assist with the unannounced search with the on-shift Security manager. |
|---|---|
| | 2. Inform the patient of the search and offer the patient opportunity to observe the search. |
| | 3. Conduct a security check of the patient as outlined in OSH Policy and Procedure, 8.041, "Personal Searches." |
| | 4. Allow the patient to be present for the room search by: |
| |    a. Placing a chair about two feet from the patient's room door to sit on or stand by. The patient may not enter the room until the search is complete. |
| |    b. Search the patient's property inside of the room. |
| |    c. Return the patient's property to original state or location. |
| | 5. Remove any prohibited items, contraband, or missing equipment from patient's room. |
| | 6. Document the reason for the search and any outcome of concern in the patient's medical record. If the patient chooses not to be present for the search, document the choice in the medical record. |
| | 7. Return found items to unit HCP. Follow OSH Policy and Procedure 8.044, "Contraband and Prohibited Items" when handling prohibited items. |

| PROCEDURES B | Unit Search | POLICY NUMBER 8.014 |
|---|---|---|
| DATE | March 20, 2019 | PAGE 1 of 2 |

| Responsible Person/Group | Procedures |
|---|---|
| Nurse manager (or designee) | When a unit search is deemed necessary in accordance with OSH Policy 8.014:<br><br>1. Request authorization from the program director for the unit search. Provide the following information to the program director:<br>   a. reasonable cause to suspect the presence of contraband, prohibited items, or drugs; or<br>   b. the security or safety risk that poses a danger to patients or others.<br><br>2. Determine if additional staff will be necessary for the search.<br>3. Contact Security manager or designee to coordinate the search, if necessary.<br>4. Designate a HCP to lock patient rooms until the search is conducted.<br>5. Assist with the common area and patient rooms search. Follow Procedures A, "Room Search".<br>6. Establish a chain of custody for contraband or prohibited items located during the search.<br>7. Communicate results to the program director. |
| Program director | 1. Review search request.<br>2. Authorize search if deemed necessary.<br>3. Review search results. |
| Security Director or manager | 1. Arrange scheduled searches by:<br>   a. developing a search schedule,<br>   b. coordinating Security staff, and<br>   c. notifying the program director prior to the search.<br><br>2. Coordinate Security assistance with unit HCP.<br>3. Develop plan with HCP and program director about scope of search, search plan, and possible risks.<br>4. Assign or lead a Security team to assist with search.<br>5. If contraband or prohibited items are found, follow OSH Policies and Procedures 8.019, "Staff Response to Alleged Criminal Acts and Contraband"; 8.037, "Patient Property and Valuables: Handling and Storage"; 8.044, "Contraband and Prohibited Items"; and Oregon Administrative Rule (OAR) 309-108-0015.<br>6. Document the search.<br>7. Review and assist with documentation of chain of custody, evidence handling, and incident reports from Security staff. |

| PROCEDURES B | Unit Search | POLICY NUMBER 8.014 |
|---|---|---|
| DATE | March 20, 2019 | PAGE 2 of 2 |

|  | 8. Provide a written report and risk assessment to the program director. |
|---|---|
| Security staff | 1. Complete search according to established plan. |
|  | 2. Complete incident reports as necessary per OSH Policy and Procedure 1.003, "Incident Reporting". |
| MHT, nurse, or MHST | 1. Verify no patients are inside of rooms and lock rooms. |
|  | 2. Search common areas and tub room before starting unit search. |
|  | 3. Conduct a security check of each patient as outlined in OSH Policy and Procedure, 8.041, "Personal Searches." |
|  | 4. Allow patients to be in common areas, activity rooms, or air court. |
|  | 5. Follow Procedures A, "Room Search" to conduct each patient room search. |
|  | 6. If there are any findings of concern, document the findings in the patient's medical record. |
|  | 7. Return found items to unit HCP. Follow OSH Policy and Procedure 8.044, "Contraband and Prohibited Items" when handling prohibited items. |

| PROCEDURES C | Treatment Mall Search | POLICY NUMBER 8.014 |
|---|---|---|
| DATE | March 20, 2019 | PAGE 1 of 2 |

| Responsible Person/Group | Procedures |
|---|---|
| HCP | When a treatment mall search is deemed necessary in accordance with OSH Policy 8.014: <br><br> 1. Request authorization from the treatment mall manager for a treatment mall search. Provide the following information to the treatment mall manager: <br><br>    a. reasonable cause to suspect the presence of contraband, prohibited items, <br><br>    b. missing items that pose risk, or <br><br>    c. the security or safety risk that poses a danger to patients or others. <br><br> 2. If there is reason to believe a patient may have a missing item, consider requesting a security check for each patient who could have accessed the item. Follow OSH Policy and Procedures 8.041, "Personal Searches." |
| Treatment mall HCP | 1. After receiving authorization for an unannounced search, notify the Safety and Security Department. <br><br> 2. Coordinate a search plan with the on-shift Security manager to determine: <br><br>    a. area requiring search, <br><br>    b. the missing items or equipment, and <br><br>    c. identify patients who may have accessed a missing item. <br><br> 3. Begin the search when patients are not present on the treatment mall unless there is reasonable cause to believe an item missed during the staff's inventory check was accounted for before the treatment mall was started. <br><br> 4. Be present to assist with Security during the search. <br><br> 5. Designate a HCP to lock rooms. <br><br> 6. If deemed necessary, conduct a security check of each patient who may have been involved in the incident as outlined in OSH Policy & Procedure, 8.041, "Personal Searches". <br><br> 7. Document the outcome of the search and any findings of concern in the relevant patient's medical record. <br><br> 8. Return found items to treatment mall HCP. Follow OSH Policy and Procedure 8.044, "Contraband and Prohibited Items" when handling prohibited items. |

| PROCEDURES C | Treatment Mall Search | POLICY NUMBER 8.014 |
|---|---|---|
| DATE | March 20, 2019 | PAGE 2 of 2 |

| | |
|---|---|
| Treatment mall manager | 1. Review search request.<br>2. Authorize search if deemed necessary.<br>3. Review search results. |
| Security Director or Manager | 1. Arrange scheduled searches by:<br>   a. developing a search schedule,<br>   b. coordinating Security staff, and<br>   c. notifying the treatment mall manager prior to the search.<br>2. Develop plan with HCP and the treatment mall manager about scope of search, search plan, and possible risks.<br>3. Assign or lead a Security team to assist with the search.<br>4. Document search results.<br>5. Provide a written report and risk assessment to the treatment mall manager.<br>6. Review and assist with documentation of chain of custody, evidence handling, and incident reports from Security staff.<br>7. If contraband or prohibited items are found, follow OSH Policies and Procedures 8.019, "Staff Response to Alleged Criminal Acts and Contraband"; 8.037, "Patient Property and Valuables: Handling and Storage"; 8.044, "Contraband and Prohibited Items"; and Oregon Administrative Rule (OAR) 309-108-0015. |
| Security staff | 1. Complete search according to established plan.<br>2. Complete incident reports as necessary. |
| MHST or HCP | 1. If needed, conduct a security check of the patient as outlined in OSH Policy & Procedure, 8.041, "Personal Searches."<br>2. Return patients back to the unit.<br>3. If needed, assist treatment mall HCP with search.<br>4. Document the treatment mall search in an incident report. |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Instructions

1.    Who Should Use This Form. You should use this form if:
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2.    Who Should Not Use This Form. You should not use this form if:
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3.    Preparing the Petition. The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. A false statement may lead to prosecution.

   All questions must be answered clearly and concisely in the space on the form. If needed, you may attach additional pages or file a memorandum in support of the petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. All filings must be submitted on paper sized 8½ by 11 inches. Do not use the back of any page.

4.    Supporting Documents. In addition to your petition, you must send to the Court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5.    Required Filing Fee. You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the Court for permission to proceed *in forma pauperis* by submitting the documents that the Court requires.

6.    When you have completed the form, send the original *and* one (1) additional copy to:

   Clerk of Court
   U.S. District Court, District of Oregon
   1000 SW Third Avenue, Suite 740
   Portland, OR 97204-2902

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the Court to file-stamp it and return it to you. If you are incarcerated at Snake River Correctional Institution (SRCI) or Two Rivers Correctional Institution (TRCI), you must comply with the requirements of the E-Filing Program posted at the institution and set forth in Standing Order 2019-7 (for SRCI) or 2019-12 (for TRCI).

7.    Notification Regarding Address Changes. It is important that you indicate your mailing address and state offender identification number ("SID") on your petition. If your address changes during the course of this proceeding, you must give written notification to the Court and opposing counsel of your new address. The notification should include the case number and be labeled "Notice of Change of Address." Failure to keep the Court advised of your current address may result in the dismissal of your action.

es
overy Way
y, OR 97448

d Robles

8 Recovery Way
ion City OR 97448

quadient
CORRECTION
IMI
$004.00
05/22/2023 ZIP 97448
043M30234613

US POSTAGE

Clerk of Court
U.S. District Court, District of OR
1000 S.W. Third Avenue Suite.740
Portland OR 97204-2902

M3